IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> THINGS REMEMBERED, INC., <br><br> Defendant. | No.: 07-CV-03077 |

**DEFENDANT'S ANSWER**

Defendant, Things Remembered, Inc. ("Things Remembered") hereby answers the numbered paragraphs of the Complaint and Demand for Jury Trial of plaintiff, Design Ideas, Ltd., as follows:

1. Things Remembered admits that plaintiff purports to file this action pursuant to the patent laws of the United States set forth in Title 35 of the United States Code and pursuant to the copyright laws of the United States set forth in Title 17 of the United States Code, but Things Remembered otherwise denies the allegations of paragraph 1 and specifically denies that plaintiff's claims arise out of any actions by Things Remembered with respect to any products of plaintiff.

2. Things Remembered admits that 28 U.S.C. § 1338(a) provides that the district courts of the United States have exclusive jurisdiction over plaintiff's claims for patent and copyright infringement, but Things Remembered otherwise denies the allegations of paragraph 2.

3. Things Remembered admits the allegations of paragraph 3.

4. Things Remembered lacks sufficient knowledge or information to admit or deny the allegations of paragraph 4 and therefore denies those allegations.

5. Things Remembered admits that it is a Delaware corporation having its headquarters at 5500 Avion Park Drive, Highland Heights, Ohio; that it markets personalized gifts in

        approximately 600 mall locations in the United States, in catalogs, and via the Internet; and that it operates at least 20 retail stores in the State of Illinois, including one at the White Oaks Mall in Springfield; but Things Remembered otherwise denies the allegations of paragraph 5 and specifically denies that it has committed any acts that warrant plaintiff's complaints.

6. Things Remembered denies that it has infringed any valid intellectual property rights of plaintiff and otherwise lacks sufficient knowledge or information to admit or deny the allegations of paragraph 6 and therefore denies those allegations.

7. Thing Remembered admits that a copy of Patent No. US 6,398,058 B1 ("the '058 patent") was attached as Exhibit A to plaintiff's Complaint and that such patent is entitled "Decorative Metal Containers" and bears an issue date of June 4, 2002, but Things Remembered otherwise lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7 and therefore denies those allegations.

8. Things Remembered lacks sufficient knowledge or information to admit or deny the allegations of paragraph 8 and therefore denies those allegations.

9. Things Remembered denies that there is any originality in the depicted flower sculptures and otherwise lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9 and therefore denies those allegations.

10. Things Remembered denies that there is any creativity or originality in the depicted flower sculptures and otherwise lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10 and therefore denies those allegations.

11. Thing Remembered admits that a copy of U.S. Copyright Registration No. VA 1-055-871 was attached as Exhibit B to plaintiff's Complaint and that such copyright registration bears

a date of July 11, 2000, but Things Remembered denies that plaintiff has a valid copyright in the individual wire flower sculptures shown in such registration.

12. Things Remembered admits the allegations of paragraph 12.

13. Things Remembered admits that the depicted Flower Candle Basket is a decorative container made of metal wires and other metal components, that the depicted product includes heart-shaped wires that are connected to each other by straight wire supports, and that flower-shaped wire figures are disposed between certain of the straight wire supports; Things Remembered lacks sufficient knowledge or information to admit or deny the allegations of paragraph 13 concerning plaintiff's beliefs and therefore denies those allegations; and Things Remembered otherwise denies the allegations of paragraph 13.

14. Things Remembered lacks sufficient knowledge or information to admit or deny the allegations of paragraph 14 and therefore denies those allegations.

15. Things Remembered admits that it has received no specific authorization from plaintiff to do anything with respect to the '058 patent, and Things Remembered denies the implication of paragraph 15 that it has utilized any subject matter validly claimed in the '058 patent.

16. Things Remembered admits that it has received no specific authorization from plaintiff to do anything with respect to any copyright, and Things Remembered denies the implication of paragraph 16 that it has improperly utilized any subject matter validly protected by any copyright of plaintiff.

## COUNT I

17. Things Remembered incorporates herein its responses to paragraphs 1-16.

18. Things Remembered denies the allegations of paragraph 18.

19. Things Remembered admits that plaintiff has given it actual notice of plaintiff's allegations of infringement of the '058 patent but denies that it has infringed any valid claim of the '058 patent.

20. Things Remembered denies the allegations of paragraph 20.

21. Things Remembered denies the allegations of paragraph 21.

## COUNT II

22. Things Remembered incorporates herein its responses to paragraphs 1-21.

23. Things Remembered denies the allegations of paragraph 23.

24. Things Remembered denies the allegations of paragraph 24.

25. Things Remembered denies the allegations of paragraph 25.

26. Things Remembered denies the allegations of paragraph 26.

## AFFIRMATIVE DEFENSES

1. Things Remembered has not infringed any valid claim of the '058 patent.

2. The claims of the '058 patent are invalid and/or unenforceable under one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

3. If any claim of the '058 patent were construed so broadly as to cover Things Remembered's Flower Candle Basket, such claim necessarily would be invalid.

4. Even if Things Remembered were found to have infringed a valid claim of the '058 patent, plaintiff would not be entitled to any damages for patent infringement occurring before Things Remembered received actual notice of plaintiff's allegations of infringement of the '058 patent.

5. Things Remembered has not infringed any valid copyright of plaintiff.

6. The rights granted by U.S. Copyright Registration No. VA 1-055-871 do not encompass Things Remembered's Flower Candle Basket.

7 Plaintiff's claims are barred by laches.

8. Plaintiff's claims are barred by equitable estoppel.

WHEREFORE, Things Remembered respectfully requests that this Court enter judgment in favor of Things Remembered and against plaintiff:

    a. Declaring that Things Remembered has not infringed, either directly or indirectly, any claim of Patent No. US 6,398,058 B1;

    b. Declaring that all claims of Patent No. US 6,398,058 B1 are invalid;

    c. Decreeing that this case is exceptional within the meaning of 35 U.S.C. § 285 and awarding to Things Remembered and against plaintiff all of Things Remembered's damages resulting from the institution of this action, including all of its costs and attorneys' fees incurred in its defense of plaintiff's patent infringement allegations;

    d. Declaring that Things Remembered has not infringed any copyright of plaintiff;

    e. Declaring that U.S. Copyright Registration No. VA 1-055-871 is invalid;

    f. Awarding Things Remembered its attorneys fees and costs pursuant to 17 U.S.C. § 505; and

    g. Awarding Things Remembered such other and further relief as this Court deems just and proper.

                                                  Respectfully submitted,

Dated: August 2, 2007                  s/Carl R. Draper
                                                  Bar No. 3128847
                                                  FELDMAN, WASSER, DRAPER & BENSON
                                                  1307 South Seventh Street
                                                  Springfield, IL 62703
                                                  Telephone: 217-544-3403
                                                  Facsimile: 217-544-1593
                                                  Email: cdraper@feldwass.com

Attorneys for Defendant
THINGS REMEMBERED, INC.

Of Counsel :

Philip J. Moy Jr.
Richard J. Minnich
John S. Zanghi
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul R. Bown,

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

>Perry J. Saidman
>Michael R. Platt
>Garfield Goodrum
>SAIDMAN DESIGN LAW GROUP
>8601 Georgia Avenue
>Silver Spring, MD 20910


s/Carl R. Draper
Bar No. 3128847
FELDMAN, WASSER, DRAPER & BENSON
1307 South Seventh Street
Springfield, IL 62703
Telephone:  217-544-3403
Facsimile:  217-544-1593
Email:  cdraper@feldwass.com