E-FILED
Thursday, 06 September, 2007  05:09:56 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THINGS REMEMBERED, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 3:07cv03077-JES-CHE |

**PLAINTIFF'S REPORT OF DISCOVERY PLANNING
CONFERENCE AND PROPOSED DISCOVERY PLAN**

**I.    Initial Scheduling Conference**

The Court has set September 11, 2007, at 9:00 AM for the initial scheduling conference, and will initiate the conference. Attorneys Michael Platt, Garfield Goodrum (available at 301-585-8601, ext. 311) and Paul Bown (available at 217-544-8491) will attend telephonically for plaintiff. Attorneys Richard Minnich, Philip Moy (available at 216-861-5582) and Carl Draper (available at 217-544-3403) will attend telephonically for defendant.

**II.    Initial Disclosures**

The Rule 26(f) conference was held on August 23, 2007. Rule 26(a)(1) disclosures are due by September 6, 2007, therefore. Fed.R.Civ.P. 26(a). The parties anticipate making their initial disclosures by this date.

### III. Preserving Discoverable Information / Discovery of Electronically Stored Information

The parties have discussed the preservation of discoverable information and discovery of electronically stored information, and are not aware of any issues regarding these topics at this time.

### IV. Privilege and Trial Preparation Materials

The parties have discussed privilege and trial preparation materials, and are not aware of any issues regarding same at this time.

### V. Nature and Basis of Claims and Defenses

Plaintiff Design Ideas, Ltd., sued defendant Things Remembered, Inc., for copyright infringement stemming from defendant's copying of three metal wire flower sculptures and the selection of said sculptures and for patent infringement stemming from defendant's unauthorized manufacture, use and sale of plaintiff's patented decorative metal container.

Defendant denies copyright and patent infringement. Defendant responds in its Answer that plaintiff's flower sculptures lack originality and creativity and denies plaintiff has a valid copyright in the individual sculptures. Defendant also responds that it has not made, used or sold any patented subject matter of plaintiff, and asserts various patent infringement and invalidity defenses under Title 35 of the United States Code. Defendant further asserts that no patent damages can be awarded plaintiff for the time period prior to the date on which defendant received actual notice. Defendant concludes by asserting that plaintiff's claims are barred by laches and equitable estoppel.

## VI. Possibilities for Prompt Settlement or Resolution

The parties have undertaken extensive settlement discussions for some time now, but have not been able to reach settlement. During the discovery planning conference, defendant stated it would contact plaintiff before the initial scheduling conference with another settlement offer. Defendant made its offer, but plaintiff again found it unacceptable.

The parties do not believe alternative dispute resolution would resolve the matter at this time, and therefore do not seek same.

The parties seek a jury trial, and do not consent to trial before a U.S. Magistrate Judge.

## VII. Discovery Plan and Scheduling Order

The parties discussed discovery and the scheduling order during the planning conference. Plaintiff initially proposed less than six (6) months for discovery, with completion of fact discovery by February 29, 2008, but defendant responded that it desired ten (10) months for fact discovery. Plaintiff compromised to the following dates, believing an acceptable settlement offer was imminent:

| | |
|---|---|
| Completion of fact discovery | May 12, 2008 |
| Plaintiff's expert report(s) by | June 12, 2008 |
| Defendant's expert report(s) by | July 14, 2008 |
| Completion of expert discovery by | August 14, 2008 |
| Amendment of pleadings | November 12, 2007 |
| Joinder of additional parties | November 12, 2007 |
| Disclosure of expert witnesses | June 1, 2008 |
| Completion of expert discovery | August 14, 2008 |
| Filing of dispositive motions | September 15, 2008 |
| Opposition | October 8, 2008 |
| Reply | October 22, 2008 |

Defendant submits that discovery should proceed according to these dates.

Plaintiff believes the parties and the Court would best be served by moving the litigation forward more quickly and without delay. Chief Judge McCuskey's standing memorandum on Rule 16 conferences for the Urbana Division indicates at (III)(A)(1) that "[u]ncomplicated cases should have a calendar which would allow for **trial within one year** of the Rule 16 conference." (Emphasis in original.) As the instant action is uncomplicated, plaintiff proposes the following discovery dates:

| | |
|---|---|
| Completion of fact discovery | February 12, 2008 |
| Plaintiff's expert report(s) by | March 12, 2008 |
| Defendant's expert report(s) by | April 14, 2008 |
| Completion of expert discovery by | May 14, 2008 |
| Amendment of pleadings | November 12, 2007 |
| Joinder of additional parties | November 12, 2007 |
| Disclosure of expert witnesses | March 3, 2008 |
| Completion of discovery | May 14, 2008 |
| Filing of dispositive motions | June 16, 2008 |
| Opposition | July 8, 2008 |
| Reply | July 22, 2008 |

Plaintiff anticipates being ready for trial by September 1, 2008, while defendant submits that the schedule should allow for a trial commencing in January 2009.

The parties believe the litigation would be most efficiently undertaken if the copyright and patent claims were bifurcated, and the copyright claim litigated first. As the copyright claim is paramount, bifurcation would avoid the time and expense of litigating the patent claim at this stage, including the need to conduct a claim-construction proceeding (Markman hearing). The parties hereby request the Court to bifurcate the claims accordingly, pursuant to Fed.R.Civ.P. 42(b).

\*          \*          \*

        Respectfully submitted,

        **DESIGN IDEAS, LTD.,**

        by its attorneys,

        **BROWN, HAY & STEPHENS, LLP**

Dated:  September 6, 2007

        s/ Paul Bown
        Paul Bown Registration Number:  0265926
        Attorney for Plaintiff
        205 S. Fifth Street, Suite 700
        Springfield, Illinois 62701
        (217) 544-8491
        fax:  (217) 544-9609

        and

        **SAIDMAN DesignLaw Group**

Dated:  September 6, 2007

        /MTP/
        Michael T. Platt
        8601 Georgia Avenue
        Silver Spring, MD  20910
        (301) 585-8601
        fax:  (301) 585-0138