UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

|  |  |
|---|---|
| DESIGN IDEAS, LTD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:07cv03077 |
| THINGS REMEMBERED, INC., | ) |
| Defendant. | ) |

DEFENDANT'S REPORT OF DISCOVERY PLANNING CONFERENCE
AND PROPOSED DISCOVERY PLAN

Defendant, Things Remembered, Inc., submits this separate report due to a dispute with plaintiff regarding what was agreed to during the Rule 26(f) planning conference held on August 23, 2007. Defendant believes that the parties are in agreement on the matters set forth in this separate report except for the dates in Section VII.

I.      Initial Scheduling Conference

The Court has set September 11, 2007, at 9:00 AM for the initial scheduling conference, and will initiate the conference. Attorneys Michael Platt, Garfield Goodrum (available at 301-585-8601, ext. 311) and Paul Bown (available at 217-544-8491) will attend telephonically for plaintiff. Attorneys Richard Minnich, Philip Moy (available at 216-861-5582) and Carl Draper (available at 217-544-3403) will attend telephonically for defendant.

II.     Initial Disclosures

The Rule 26(f) conference was held on August 23, 2007. Rule 26(a)(1) disclosures are due by September 6, 2007, therefore. Fed.R.Civ.P. 26(a). The parties anticipate making their initial disclosures by this date.

III.    Preserving Discoverable Information / Discovery of Electronically Stored Information

The parties have discussed the preservation of discoverable information and discovery of electronically stored information, and are not aware of any issues regarding these topics at this time.

IV.     Privilege and Trial Preparation Materials

The parties have discussed privilege and trial preparation materials, and are not aware of any issues regarding same at this time.

V.      Nature and Basis of Claims and Defenses

Plaintiff, Design Ideas, Ltd., sued defendant for copyright infringement stemming from defendant's alleged copying of three metal wire flower sculptures and the alleged selection of said sculptures and for patent infringement stemming from defendant's alleged unauthorized manufacture, use, and sale of plaintiff's patented decorative metal container.

Defendant denies copyright and patent infringement. Defendant responds in its Answer that plaintiff's flower sculptures lack originality and creativity and denies that plaintiff has a valid copyright in the individual sculptures. Defendant also responds that it has not made, used, or sold any patented subject matter of plaintiff, and asserts various patent infringement and invalidity defenses under Title 35 of the United States Code. Defendant further asserts that no damages can be awarded plaintiff for the time period prior to the date on which defendant received actual notice. Defendant concludes by asserting that plaintiff's claims are barred by laches and equitable estoppel.

VI.     Possibilities for Prompt Settlement or Resolution

The parties have undertaken extensive settlement discussions for some time now, but have not been able to reach settlement. At the end of the discovery planning conference, defendant stated it would contact plaintiff before the initial scheduling conference with a renewed settlement offer. Plaintiff's report unnecessarily attempts to interject settlement issues into the discovery report. Defendant believes that this case will involve complex issues that require the time suggested herein for trial preparations. Some of the expected complexities include: third party discovery, as both the accused product sold by defendant and plaintiff's own products are produced in Asia; determination of the scope of plaintiff's alleged copyright, as its registration depicts seven photographs of sculptures, none of which is in the form of a basket (the accused product); determination of the validity of plaintiff's alleged copyright in view of the general rule that a copyright covers only a single work; and complex economic issues, as plaintiff is seeking damages measured by defendant's profits not only on the accused products themselves, but also on revenue from engraving services performed on the products.

The parties believe alternative dispute resolution would not resolve the matter at this time, and therefore do not seek same.

The parties seek a jury trial, and do not consent to trial before a U.S. Magistrate Judge.

VII.    Discovery Plan and Scheduling Order

The parties discussed discovery and the scheduling order during the planning conference. At the planning conference on August 23, 2007, counsel for both parties agreed to undertake discovery in accordance with the following dates:

Completion of fact discovery         -         May 12, 2008

Plaintiff's expert report(s) by         -         June 12, 2008

| | | |
|---|---|---|
| Defendant's expert report(s) by | - | July 14, 2008 |
| Completion of expert discovery by | - | August 14, 2008 |
| Amendment of pleadings | - | November 12, 2007 |
| Joinder of additional parties | - | November 12, 2007 |
| Disclosure of expert witnesses | - | June 1, 2008 |
| Completion of discovery | - | August 14, 2008 |
| Filing of dispositive motions | - | September 15, 2008 |
| Opposition | - | October 8, 2008 |
| Reply | - | October 22, 2008 |

On August 28, 2007, plaintiff's counsel prepared and sent to defendant's counsel a draft report that set forth these dates.

Following its receipt of defendant's new settlement offer, plaintiff's counsel advised defendant's counsel that defendant had decided no longer to propose the agreed-to schedule and, on August 31, 2007, sent to defendant's counsel a revised draft report that shortened the fact discovery period by three months. Defendant submits that the schedule should proceed as agreed to, with the deadlines as set forth above in light of the complexity of the case and without regard to the status of any settlement negotiations.

Defendant believes that the schedule agreed to at the planning conference would allow for a trial commencing as early as January 2009.

The parties agree that the litigation would be most efficiently undertaken if the copyright and patent claims were bifurcated, and the copyright claim litigated first. The copyright claim is paramount, and bifurcation would avoid the time and expense of litigating the patent claim at this

4

stage, including the need to conduct a claim-construction proceeding. The parties have agreed to request that the Court bifurcate the claims accordingly, pursuant to Fed.R.Civ.P. 42(b).

Respectfully submitted,

Dated: September 7, 2007

s/ Carl R. Draper
Bar No. 3128847
FELDMAN, WASSER, DRAPER & BENSON
1307 South Seventh Street
Springfield, IL 62703
Telephone: 217-544-3403
Facsimile: 217-544-1593
e-mail: cdraper@feldwass.com

Attorneys for Defendant
THINGS REMEMBERED, INC.

Of Counsel :

Philip J. Moy Jr.
Richard J. Minnich
John S. Zanghi
FAY SHARPE LLP
1100 Superior Avenue, Seventh Floor
Cleveland, OH 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul R. Bown,

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Perry J. Saidman
Michael R. Platt
Garfield Goodrum
SAIDMAN DESIGN LAW GROUP
8601 Georgia Avenue
Silver Spring, MD 20910


s/Carl R. Draper
Bar No. 3128847
FELDMAN, WASSER, DRAPER & BENSON
1307 South Seventh Street
Springfield, IL 62703
Telephone: 217-544-3403
Facsimile: 217-544-1593
e-mail: cdraper@feldwass.com