UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

_____
                              )
DESIGN IDEAS, LTD,            )
                              )
       Plaintiff,           )
                              )  Civil Action No. 3:07cv03077
v.                            )
                              )
THINGS REMEMBERED, INC.,      )
                              )
       Defendant.           )
                              )
_____)

**JOINT MOTION FOR PROTECTIVE ORDER**

The parties, having agreed through their attorneys to a Stipulated Protective Order, now move the Court for entry of the Stipluated Protective Order submitted with this motion.

**FOR PLAINTIFF, DESIGN IDEAS, LTD.:**

Dated: November 6, 2007          By:   /s/ Michael T. Platt (telephone consent)
                                       Michael T. Platt
                                       Garfield Goodrum
                                       SAIDMAN DesignLaw Group
                                       8601 Georgia Avenue
                                       Silver Spring, MD  20910
                                       Telephone: 301-585-8601
                                       Facsimile: 301-585-0138
                                       Email: michael.platt@designlawgroup.com
                                              garfield.goodrum@designlawgroup.com

                                       Paul Bown
                                       BROWN, HAY & STEPHENS, LLP
                                       205 S. Fifth Street, Suite 700
                                       Springfield, IL 62701
                                       Telephone: 217-544-8491
                                       Facsimile: 217-544-9609
                                       Email: pbown@bhslaw.com

**FOR DEFENDANT, THINGS REMEMBERED, INC.:**

**D**ated:  November 6, 2007        By:    /s/ Philip J. Moy Jr.
                                                   Philip J. Moy Jr.
                                                   Richard J. Minnich
                                                   John Zanghi
                                                   FAY SHARPE LLP
                                                   1100 Superior Avenue, Seventh Floor
                                                   Cleveland, OH  44114-2579
                                                   Telephone: 216-861-5582
                                                   Facsimile: 216-241-1666
                                                   Email: pmoy@faysharpe.com
                                                             rminnich@faysharpe.com
                                                             jzanghi@faysharpel.com

                                                   Carl R. Draper
                                                   FELDMAN, WASSER, DRAPER & BENSON
                                                   1307 South Seventh Street
                                                   Springfield, IL  62703
                                                   Telephone: 217-544-3403
                                                   Facsimile: 217-544-1593
                                                   Email: cdraper@feldwass.com

## CERTIFICATE OF SERVICE

I hereby certify that, on November 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Michael T. Platt
    Garfield Goodrum
    Paul R. Bown

By:   /s/ Philip J. Moy Jr.
        Philip J. Moy Jr.
        FAY SHARPE LLP
        1100 Superior Avenue
        Seventh Floor
        Cleveland, OH 44114-2579
        Telephone: 216-861-5582
        Facsimile: 216-241-1666
        Email: pmoy@faysharpe.com

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

_____
                                                         )
DESIGN IDEAS, LTD,                         )
                                                         )
            Plaintiff,                              )
                                                         )        Civil Action No. 3:07cv03077
v.                                                    )
                                                         )
THINGS REMEMBERED, INC.,       )
                                                         )
            Defendant.                           )
                                                         )
_____)

**STIPULATED PROTECTIVE ORDER**

Each party believing that certain answers to interrogatories, responses made during depositions, and/or documents and things that are or will be provided in response to discovery demands made by another party in this action might contain trade secrets or other confidential research, development, or commercial information or product data within the meaning of Fed. R. Civ. P. 26(c);

Each party believing that unrestricted and/or unnecessary dissemination of such information would irreparably harm the party providing the discovered information, including third parties to whom discovery requests are directed; and

Each party desiring to expedite discovery and to permit the parties to proceed without delay occasioned by disputes as to information exchanged in the course of this action;

IT IS NOW THEREFORE ORDERED, with the consent of the parties through their counsel, that dissemination of confidential information obtained by discovery in this action shall be only in accordance with the following terms and conditions:

1.    The confidential information to be protected shall comprise trade secrets or other confidential research and development information, commercial information, financial data, product data, and other information that the party or third party producing such information (hereinafter "Producing Party") in good faith regards as confidential.

2.    Any Producing Party may designate as confidential documents and things produced by it, including, without limitation: documents and things produced in response to requests for production and subpoenas; answers to interrogatories; responses to other discovery demands, including deposition testimony and transcripts or portions thereof; information obtained from inspection of documents, premises, or things; answers to requests for admission; and other pretrial discovery to the extent it believes that such testimony, documents, things, answers, and responses (hereinafter "CONFIDENTIAL MATERIALS") contain its trade secrets or other confidential research, development, or commercial information, financial data, product data, or other information.  CONFIDENTIAL MATERIALS also includes all information, documents, or things incorporating or disclosing any of the foregoing, including, but not limited to, copies, summaries, and abstracts.

3.    Any party to this action may designate as CONFIDENTIAL MATERIALS information that is produced by a non-party where the designating party claims in good faith that the non-party production is or represents CONFIDENTIAL MATERIALS of the designating party.

4.    Except as specifically provided herein, such CONFIDENTIAL MATERIALS that are disclosed to attorneys of record in the course of discovery, including any copies, excerpts, summaries, abstracts, or indices thereof, will be held in confidence by said attorneys and not disclosed in any manner to anyone other than officers, directors, or employees of the Producing

Party and DESIGNATED PERSONS as defined below in paragraph 8. Every person to whom CONFIDENTIAL MATERIALS are disclosed shall be deemed to have consented to personal jurisdiction and venue in the U.S. District Court for the Central District of Illinois, Springfield Division, in any proceeding to enforce the provisions of this Order. Any party designating any person as a DESIGNATED PERSON by disclosing or making available to that person CONFIDENTIAL MATERIALS of another party shall have the duty to take reasonable steps to ensure that such person observes the terms of this Stipulated Protective Order.

5. The designation of CONFIDENTIAL MATERIALS shall be made by the Producing Party's marking on the pages or portions of a document containing the confidential information the words "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to the transmission of a physical copy thereof to the receiving party. In the event the Producing Party elects to produce original files and records for inspection, no markings need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as CONFIDENTIAL MATERIALS and access during the initial inspection shall be limited to those DESIGNATED PERSONS set forth below in paragraph 8. Additionally, it is the intention of the parties that there be no waiver of attorney-client privilege or work product immunity or any other privilege or immunity as a result of any such initial inspection.

6. In the event the Producing Party elects to produce original files and records for inspection in accordance with paragraph 5 above, upon selection by the inspecting party of specific documents for copying, the Producing Party shall mark the copies of such documents

containing confidential information in accordance with the procedures set forth above in paragraph 5.

7. Depositions of employees or other Fed. R. Civ. P. 30(b)(6) designees of a Producing Party or those having a confidential relationship with a Producing Party may be designated as confidential by the Producing Party in accordance with this Protective Order by notifying the other party or parties in writing, within thirty (30) days of receipt of the transcript (or the day of the deposition as set forth below), of the specific pages and lines of the transcript that contain confidential information, and such portions thereafter shall be treated as CONFIDENTIAL MATERIALS in accordance with this Protective Order. Transcripts of all depositions of employees or other Fed. R. Civ. P. 30(b)(6) designees of a Producing Party or those otherwise having a confidential relationship with a Producing Party shall be treated in their entirety as CONFIDENTIAL MATERIALS and subject to this Protective Order for a period of thirty-three (33) days after receipt. If a deposition is taken within forty-five (45) days of the scheduled trial date, counsel for the parties and the Producing Party shall use best efforts to designate on the day of the deposition the portions, if any, of the testimony regarded as CONFIDENTIAL MATERIALS so that the transcript may be promptly filed with the Court when received.

8. DESIGNATED PERSONS are:

    (a) Attorneys of record, plus necessary legal and clerical assistants employed by them and necessary third-party photocopying, scanning, and other service providers;

    (b) Experts and consultants retained for purposes of this litigation, as defined below in paragraph 9, plus necessary clerical assistants;

    (c) Language translators, if necessary, plus necessary clerical assistants; and

    (d)  The Court, Court personnel, and court reporters who take and transcribe testimony, plus necessary clerical assistants.

  9.  The parties to this action recognize that counsel might wish to utilize the services of independent experts, co-counsel, or consultants (hereinafter "experts") in trial preparation and/or trial of this action solely for the purpose of assisting counsel or testifying in this action. CONFIDENTIAL MATERIALS obtained from a Producing Party may be disclosed to such experts, subject to the following conditions:

    (a)  Prior to disclosing CONFIDENTIAL MATERIALS to each expert, the party proposing such disclosure shall provide counsel for the Producing Party with written notice of the name, address, current curriculum vitae, current employment, and applicable field of expertise of each such expert. Counsel for the Producing Party shall promptly acknowledge receipt of this notice to the person who provided the notice.

    (b)  No CONFIDENTIAL MATERIALS shall be disclosed to a proposed expert for a period of ten (10) days, and, if the Producing Party timely objects, for a period of seventeen (17) days, following the Producing Party's counsel's receipt of the notice set forth above in subparagraph 9(a).

    (c)  The Producing Party shall have seven (7) days following the written notice set forth above in subparagraph 9(a) to object to the disclosure of CONFIDENTIAL MATERIALS to the proposed expert and, if no agreement is reached between the parties, shall have fourteen (14) days following the written notice set forth above in subparagraph 9(a) to move the Court for a protective order that such proposed expert shall not be given access to CONFIDENTIAL MATERIALS. In the event such a motion is timely filed, CONFIDENTIAL

MATERIALS shall not be disclosed to such proposed expert until disposition of the motion seeking to bar such disclosure.

(d) Prior to disclosing CONFIDENTIAL MATERIALS to each expert, the party proposing such disclosure shall obtain and serve on counsel for the Producing Party a signed undertaking, which shall be in the form of Attachment A, annexed hereto, whereby such expert agrees to be bound by and comply with the terms of this Protective Order. The original of each such signed undertaking shall be retained by the disclosing counsel.

10. Persons who are not DESIGNATED PERSONS may be examined as witnesses at depositions and may testify concerning all CONFIDENTIAL MATERIALS, and the information contained therein, of which such person has knowledge. In addition:

(a) A present employee of a Producing Party may be examined at depositions and may testify concerning all CONFIDENTIAL MATERIALS produced by that party, whether or not that person is a DESIGNATED PERSON;

(b) A present or former consultant to a Producing Party may be examined at depositions and may testify concerning all CONFIDENTIAL MATERIALS produced by that party that pertain to the subject matter of his consultation and any other communication with that party, whether or not that person is a DESIGNATED PERSON; and

(c) Non-parties who had any contact or relationship with a Producing Party, or a representative of such Producing Party, may be examined at depositions and may testify concerning any item of CONFIDENTIAL MATERIALS that appears on its face, or from other documents or testimony, to have been sent by, received by, or communicated to the non-party or is identified as having been located in the files of that non-party, whether or not that person is a DESIGNATED PERSON.

11. At any pre-trial deposition concerning CONFIDENTIAL MATERIALS, only DESIGNATED PERSONS, the witness (see Section 10), his or her attorney, representatives of the party that produced such CONFIDENTIAL MATERIALS, and the reporter and other technicians who are recording such examination may be present, unless the parties agree otherwise. Nothing in this Order shall affect the right of a party to use CONFIDENTIAL MATERIALS to impeach a witness.

12. (a) If counsel for a Producing Party believes that questions put to a witness being examined in a deposition will disclose confidential information, or that the answers to any question or questions require such disclosure, or if documents to be used as exhibits during the examination have been designated as CONFIDENTIAL MATERIALS, such counsel may so notify opposing counsel and the reporter for said deposition, and the deposition of such witness, or the portions thereof containing confidential information, shall then be taken in accordance with paragraph 11 above.

(b) The portions of the transcripts of depositions designated in accordance with subparagraph 12(a) shall be treated as CONFIDENTIAL MATERIALS in accordance with this Protective Order.

(c) No copy of any transcript of any deposition taken by any party that includes any portion designated as containing CONFIDENTIAL MATERIALS shall be furnished by the reporter to any person other than to the deponent or counsel for the parties. Counsel may submit any portion of any deposition transcript to the Court under seal in accordance with paragraph 14 below. Neither the original nor any copy of any transcript of any such deposition shall be filed with the Court until counsel for the parties have designated those portions, if any, of the transcript regarded as CONFIDENTIAL MATERIALS. Such designation

7

shall take place within thirty (30) days after counsel for the party seeking confidential treatment has received a copy of the transcript unless the deposition is taken within forty- five (45) days of the trial. If a deposition is taken within forty- five (45) days of the scheduled trial date, counsel for the parties and the Producing Party shall use best efforts to designate on the day of the deposition the portions, if any, of the testimony regarded as CONFIDENTIAL MATERIALS so that the transcript may be promptly filed with the Court when received.

13. The terms and benefits of this Order may be extended automatically to third parties to whom discovery requests are directed by any party to this action upon notice to all other parties to this action, whereupon any such third parties shall be treated as Producing Parties under this Order with respect to their responses to such discovery requests. Although the benefit of the proscriptions and limitations on use or disclosure provided by this Order may be extended to discovery materials provided by a third party, neither such third party nor its counsel shall be provided access to CONFIDENTIAL MATERIALS produced by the parties to this action and subject to the terms of this Order, except pursuant to Paragraph 8(e) or Section 10 hereof.

14. Any CONFIDENTIAL MATERIALS produced or revealed by a Producing Party pursuant to this Protective Order, any information obtained therefrom, or any pre-trial testimony, affidavits, memoranda, or other documents that contain, reproduce, or otherwise reveal any such CONFIDENTIAL MATERIALS and information obtained therefrom and that are offered as evidence, used in evidence, or filed with the Court in conjunction with any pre-trial activity shall be kept under confidential seal and shall not be made a part of the public record of the case. Portions of any deposition transcript or transcripts from any pre-trial Court proceedings in this case that contain testimony that reveals CONFIDENTIAL MATERIALS, and any information obtained therefrom or as a result thereof, filed with the Court in conjunction with any pre-trial

activity shall be filed with the Clerk of Court only in sealed envelopes or containers on which shall be affixed the caption of this action, the identity of the party filing the materials, and a statement in the following form:

> **CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER**
>
> **This envelope contains documents filed in this case by [name of party]. It is not to be opened, and its contents are not to be displayed or revealed except by the Court or upon order of the Court.**

The Clerk of Court is directed to maintain the confidentiality of any documents, things, and transcripts of testimony filed in accordance with this paragraph. Furthermore, if any party includes any CONFIDENTIAL MATERIALS among the papers filed under seal in support of or in opposition to a dispositive motion or other pre-trial activity, and only at such time as they are so used, the party so using the CONFIDENTIAL MATERIALS shall transmit to the Court's chambers (by hand delivery, courier, or mail) a file-stamped copy of the relevant materials, which copy shall be clearly marked: "COPY — ORIGINAL FILED UNDER SEAL."

15.     The authorization contained herein for a party to designate information as confidential is intended solely to facilitate the disposition of this litigation, and such designation shall not be construed in any way as an admission or agreement by any party receiving CONFIDENTIAL MATERIALS that such materials constitute or contain confidential information.  This Protective Order shall not foreclose any of the parties to this action from moving this Court for an order that materials designated as CONFIDENTIAL MATERIALS are, in fact, not confidential.  Before so moving, counsel for a party desiring to challenge the status of material so designated by another party shall provide the designating party with fourteen (14) days notice thereof and, before invoking this paragraph before the Court, shall at the request of

the designating party, within that fourteen (14) day period, consult with the designating party as to the confidential status of any material designated as CONFIDENTIAL MATERIALS. If the receiving party shall specifically challenge in writing the confidential status of any CONFIDENTIAL MATERIALS and serve same on the designating party, and the designating party does not serve a response in writing within fourteen (14) days of receipt thereof specifying the reasons why the material should continue to be treated as CONFIDENTIAL MATERIAL, then the receiving party may treat the material as non-confidential and need not approach the Court. If the receiving party does approach the Court, then the party asserting confidentiality will bear the burden of persuasion to show that the challenged material is, in fact, within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order.

16.  A Producing Party may redact any material irrelevant to the subject matter involved in this action, or subject to attorney-client privilege or work-product immunity, and may produce documents for inspection either in redacted or unredacted form. If a copy of any inspected document is requested, one copy may be redacted prior to furnishing it to the requesting counsel notwithstanding inspection of such documents in unredacted form. The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a heavy, solid black line where material has been deleted. If documents produced for inspection or copying are redacted on the ground of relevance or as not falling within the terms of a discovery request in this litigation, then (to the extent such redaction is not based on attorney-client privilege or work-product immunity) outside litigation counsel for the receiving party shall have the right, upon reasonable notice, to inspect (but not copy) the original unredacted documents solely for the purpose of determining whether to challenge the propriety of redaction. Counsel for an inspecting party may identify to counsel for the Producing

Party those portions of the documents which the inspecting party contends should be produced in unredacted form and shall state the basis for his or her contention. In the event the Producing Party continues to refuse to produce complete and unredacted documents, counsel for the inspecting party may seek a determination by the Court that all or part of redacted portions are relevant, are not privileged, and should be produced.

17. This Protective Order shall not prevent any party or third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. Nothing contained in this order shall prejudice the right of any party to this action to use CONFIDENTIAL MATERIALS at any hearing or at trial in this action, including briefing, provided that any pre-trial use shall be made only under conditions that preserve the confidentiality of such information, including the provisions of paragraph 14, and nothing in this Order shall prevent the parties from providing, showing, or communicating CONFIDENTIAL MATERIALS to the Court if required in any proceeding herein.

19. Materials, including transcripts of depositions, produced previous to entry of this Order shall be treated as CONFIDENTIAL MATERIALS in accordance with this Protective Order, except that within thirty (30) days after this Protective Order is entered, counsel for the party requesting such treatment of said previously produced materials will designate to opposing counsel those materials or portions thereof regarded as confidential in light of this Protective Order, and those portions only will be handled thereafter in accordance with this Protective Order. This paragraph does not apply to documents previously produced by any party and marked confidential in any fashion. All such previously produced documents shall be treated in

this action as though they bear the specific notice of paragraph 5, and no further notice is required as to such documents.

20. Nothing contained in this Order shall be construed to require production of such CONFIDENTIAL MATERIALS deemed by trial counsel possessing such confidential information to be privileged or otherwise protected from discovery.

21. This Protective Order shall not prohibit the dissemination or use of information that, as shown by written documentation or other tangible evidence:

(a) is within the public domain or which has entered the public domain through no wrongful act or omission of the receiving party;

(b) was legally in the possession of the receiving party, without the Producing Party's restriction on its use or disclosure, prior to the disclosure of such information by the Producing Party;

(c) is properly obtained by the receiving party from sources other than the Producing Party under circumstances that place no restriction on the use or disclosure of such information; or

(d) is independently developed without the use of any CONFIDENTIAL MATERIALS.

For the purposes of this Section 21, specific information shall not be regarded as falling within any of exceptions (a) - (d) merely because a more general disclosure of such information is found within such exceptions. In addition, any combination of features shall not be deemed to be within any of exceptions (a) - (d) merely because individual features are in such exceptions, but such combination of features shall be deemed to be within any of exceptions (a) -(d) only if the combination itself and its principle of operation are in such exceptions. Where such

information is obtained from another source and is additionally contained in materials designated as CONFIDENTIAL MATERIALS herein, the materials provided by the Producing Party and marked as CONFIDENTIAL MATERIALS shall be maintained as confidential, although the particular information contained therein that was independently obtained from such other source may be disclosed or used.

22.     Nothing herein shall prevent any party from using its own confidential information as it deems necessary and/or appropriate or from seeking further protection with respect to the use of any such material.  Any such action shall not be deemed a waiver of any other party's obligation under this Order, unless such action causes the information to fall within the scope of any of the exceptions of Section 21 hereof.  Nothing in this Order shall require disclosure of material that counsel for a party contends is protected by the attorney-client privilege or the work product doctrine or the disclosure of which would breach an express or implied agreement with another to maintain such material in confidence.  Such non-disclosed material shall be identified together with the grounds for nondisclosure thereof, but this shall not preclude any party from moving the Court for an order directing the disclosure of such material.

23.     After final termination of this case, receiving outside counsel for each party to this action may retain one copy of each item of CONFIDENTIAL MATERIALS bearing the label specified above in paragraph 5 for reference in the event of disputes over the use or dissemination of information designated confidential, and may retain documents, things, copies, or samples to the extent that they include or reflect receiving attorneys' work product.  With respect to any retained CONFIDENTIAL MATERIALS, this Protective Order shall survive the final termination of this action to the extent that the information in such CONFIDENTIAL MATERIALS is not or does not fall into the scope of one of the exceptions of Section 21 hereof.

After final termination of this case, receiving counsel shall return all additional copies and samples of CONFIDENTIAL MATERIALS in his or her possession, custody, or control to counsel for the Producing Party who has provided them in discovery or certify destruction thereof.

24.     No party shall make use of any CONFIDENTIAL MATERIALS obtained from a Producing Party pursuant to pretrial discovery in this action, other than for purposes of this action, and any appeal thereof, without further order of this Court or agreement between the parties and, when applicable, the producing third party.

25.     In the event that attorney-client privileged information or attorney work product materials are inadvertently disclosed to opposing counsel pursuant to document production, and if counsel for the party producing the privileged material requests the return of the material within fourteen (14) days of discovering such inadvertent disclosure, opposing counsel shall return the material promptly, without retaining copies, and there shall be no waiver of the attorney-client privilege or work product immunity by reason of such inadvertent disclosure.  If the receiving party has extracted, copied or used information from a document or other discovery material which is subsequently returned pursuant to the immediately preceding paragraph, to the extent possible, the extracted information will be expunged promptly and not thereafter used. However, to the extent that, prior to being notified of the inadvertent production, the receiving party uses such information in good faith in documents filed with the Court or at depositions, the receiving party will have no obligation to expunge such information from or otherwise alter any such documents filed with the Court or the transcript of any such deposition.

26.     In the event that confidential information or documents are disclosed inadvertently to opposing counsel without a marking indicating their status as CONFIDENTIAL

MATERIALS, and if counsel for the Producing Party designates such as CONFIDENTIAL MATERIAL within thirty (30) days of such disclosure, the receiving party shall, upon written request by the Producing Party, retain all such information on a confidential basis. To the degree reasonably possible after such a request, such information or documents shall be fully subject to this Protective Order as if they had been initially so designated.

27. Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, referring to or relying upon his examination of CONFIDENTIAL MATERIALS, provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose the content, the gist, or the source of any CONFIDENTIAL MATERIALS.

28. No party may deem the CONFIDENTIAL MATERIALS of another party to be within any of the exceptions of Section 21 above without first meeting and conferring with the Producing Party to give that party a fair opportunity to rebut any claim that any CONFIDENTIAL MATERIALS fall within one or more of the exceptions in Section 21 above. If any party intends to use Section 21 to assert that some CONFIDENTIAL MATERIALS fall within one or more of the exceptions thereof, that party shall give the Producing Party written notice thereof at least fourteen (14) days in advance of that party taking any action with respect to CONFIDENTIAL MATERIALS that is prohibited under this Stipulated Protective Order. Such notice shall include a statement of specifically which portion of CONFIDENTIAL MATERIALS are believed to fall within one or more of the exceptions of Section 21, which exception(s) of Section 21 apply, two (2) copies of the written documentation or other tangible

evidence supporting any such claim, and a detailed analysis of why the written documentation or other tangible evidence places the CONFIDENTIAL MATERIALS within the exception(s).

29. The production of CONFIDENTIAL MATERIALS pursuant to this Protective Order shall not prejudice in any way the rights of any party to object to the production of information, documents, materials or items it considers not subject to discovery, nor shall such actions prejudice in any way the rights of any party to apply to the Court for any modification of this Protective Order. Neither the provisions of this Protective Order nor any disclosure by any party or witness pursuant to this Protective Order shall constitute a waiver at any time, or in any other litigation, of any attorney-client, work product or other privilege, including the protections afforded by Federal Rule of Evidence 501, that it may possess, which arises, or has arisen, in litigation or other matters outside of this action.

**SO ORDERED** this _____ day of _____, 2007

_____
United States District Judge

**ATTACHMENT A**
**NON-DISCLOSURE AGREEMENT**

I, _____, have read the Protective Order, dated _____, 2007, entered in the action styled *Design Ideas, Ltd. v. Things Remembered Inc.,* Case No. 3:07-CV-3077 on the docket of the U.S. District Court for the Central District of Illinois, and agree to comply with the terms thereof. I also consent to personal jurisdiction and venue in the U.S. District Court for the Central District of Illinois, Springfield Division, in any proceeding to enforce the provisions of this Non-Disclosure Agreement.

I will not divulge any information covered by this Protective Order to any person for any purpose, other than that directly associated with my official duties in connection with the instant litigation. Neither will I directly nor indirectly use or allow the use of such information for any purpose other than that directly associated with my official duties in connection with the instant litigation.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information covered by this Protective Order.

Date:_____    _____

Employer:    _____

Position:    _____

Address:    _____

_____

Relationship with party making disclosure: _____

_____

_____