**E-FILED**
Friday, 30 May, 2008  01:45:32 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> THINGS REMEMBERED, INC., ) <br><br> Defendant. ) | Civil Action No. 3:07cv03077 |

## DECLARATION OF PHILIP J. MOY JR.
### IN SUPPORT OF DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S MOTION TO EXTEND FACT DISCOVERY

Being duly sworn, I, Philip J. Moy Jr., hereby state as follows:

1.      I am an attorney with the firm of Fay Sharpe LLP, located at 1100 Superior Avenue, Seventh Floor, Cleveland, Ohio 44114-2579.  I represent the defendant, Things Remembered, Inc. ("Things Remembered"), in the captioned action.  I am a member in good standing of the Bar of the State of Ohio and have been admitted to appear as counsel *pro hac vice* on behalf of Things Remembered.

2.      I am submitting this declaration to provide the Court with certain information in support of Things Remembered's opposition to Plaintiff's Motion to Extend Fact Discovery filed by plaintiff, Design Ideas, Ltd. ("Design Ideas").

### Background of Lawsuit

3.      Things Remembered's Model No. 518550 flower candle basket ("the Flower Candle Basket") was sourced from Libra Pacific Co. Ltd. ("Libra"), a Taiwanese company.

4.    Things Remembered's purchase order records produced to Design Ideas' attorneys show that commercial quantities of the Flower Candle Basket were first shipped to Things Remembered in January 2002 and that the last shipment of Flower Candle Baskets to Things Remembered was received in October 2003.

5.    Things Remembered's sales records produced to Design Ideas' attorneys show that Things Remembered's first sales of the Flower Candle Basket occurred in February 2002 and that the bulk of the sales of the Flower Candle Basket occurred in 2002 and 2003.

6.    In September 2004, Things Remembered's General Counsel, Charles Ibold, received a letter from Perry Saidman, an attorney representing Design Ideas, in which Mr. Saidman accused the Flower Candle Basket of infringing several copyright registrations, including U.S. Copyright Registration No. VA 1-055-871 ("the '871 registration"). A copy of Mr. Saidman's September 3, 2004 letter to Mr. Ibold is attached as Exhibit A.

7.    Following the receipt of Mr. Saidman's September 3, 2004 letter, my firm engaged in correspondence with Mr. Saidman for approximately nine months concerning Design Ideas' allegations of copyright infringement directed to the Flower Candle Basket.

8.    At an early stage in this correspondence, Things Remembered identified Libra as the source of the Flower Candle Basket. Specifically, in a letter from me to Mr. Saidman dated December 8, 2004, I advised Mr. Saidman that the Flower Candle Basket had been sourced through Libra Pacific Co. Ltd., 10F, No. 81 Chow Tze St., Nei Hu, Taipei, Taiwan, R.O.C.

9.    The final piece of correspondence between my firm and Design Ideas' attorney concerning the Flower Candle Basket during 2004-05 was a letter dated June 9, 2005 from Richard J. Minnich of my firm to Mr. Saidman addressing the issue of Things Remembered's profits from its sales of the Flower Candle Basket.

10.     Neither Mr. Saidman nor any other representative of Design Ideas ever responded to Mr. Minnich's June 9, 2005 letter or thereafter communicated with my firm concerning the Flower Candle Basket until after the Complaint was filed in this action on March 19, 2007.

## Discovery Proceedings

11.     Following the Court's issuance of its Scheduling Order on September 11, 2007, the first discovery requests in this action were propounded by Things Remembered. Specifically, I served Things Remembered's first sets of interrogatories and production requests upon Design Ideas' attorneys on October 12, 2007.  These requests were served by mail, and courtesy copies were emailed to Design Ideas' attorneys.  The due date for Design Ideas' responses to these discovery requests was November 14, 2007, thirty-three days following their mailing.

12.     On October 15, 2007, I received via email from Design Ideas' attorney Garfield Goodrum courtesy copies of Design Ideas' first sets of interrogatories and production requests. These discovery requests included certificates of service indicating that they had been served by mail on that day.  As the date thirty-three days later fell on a Saturday, the due date for Things Remembered's responses to these discovery requests was Monday, November 19, 2007.

13.     On November 8, 2007, Design Ideas attorney Michael Platt called me and requested an extension of time for Design Ideas to respond to the Things Remembered discovery requests served on October 12, 2007.  I advised Mr. Platt that my consent would be contingent on Design Ideas granting an equal-length extension with respect to Things Remembered's responses to Design Ideas' discovery served on October 15, 2007.  Mr. Platt and I agreed to extend each party's due date by two weeks.  Accordingly, Design Ideas' responses now were due on November 28, 2007 and Things Remembered's on December 3, 2007.  Attached as Exhibit B

3

is a copy of email correspondence between Mr. Platt and me concerning the agreed-to extensions.

14.     On November 15, 2007, Mr. Platt called me to request a second extension of time for Design Ideas' responses to the discovery requests served by Things Remembered on October 12, 2007. I again advised Mr. Platt that any extension request by Design Ideas needed to be reciprocal and agreed to another two-week extension of time for the parties' responses. Accordingly, Design Ideas' responses now were due on December 12, 2007 and Things Remembered's on December 17, 2007. Attached as Exhibit C is a partially redacted copy of an email message from me to Things Remembered's Mr. Ibold advising him of the mutual extension.

15.     On December 6, 2007, Mr. Platt called me to request a third extension of time for Design Ideas' responses to the discovery requests served by Things Remembered on October 12, 2007. We agreed to a mutual extension of time for responding that reset the due date for Design Ideas' responses on December 24, 2007 and for Things Remembered's responses on December 28, 2007. Attached as Exhibit D is a copy of an email message from me to Mr. Ibold advising him of this third extension.

16.     On December 20, 2007, Mr. Platt called me to request a fourth extension of time for Design Ideas' responses to the discovery requests served by Things Remembered on October 12, 2007 until December 28, 2007. I agreed to his request on the condition that Things Remembered was granted a reciprocal extension of time until January 4, 2008. Attached as Exhibit E is a partially redacted copy of an email message from me to Mr. Ibold advising him of the mutual extension.

17.     Design Ideas served its written responses to Things Remembered's first sets of interrogatories and production requests on December 28, 2007. I served Things Remembered's responses to Design Ideas' first sets of interrogatories and production requests on January 3, 2008.

18.     On February 26, 2007, I served a second set of discovery requests upon Design Ideas' counsel. These requests included a set of requests for admission and related interrogatories and production requests. Design Ideas' responses were due on March 31, 2008.

19.     On March 27, 2008, Mr. Goodrum telephoned Mr. Minnich and requested a one-week extension of time to respond to Things Remembered's second set of discovery requests, to April 3, 2008. Mr. Minnich agreed to the requested extension on behalf of Things Remembered, and Design Ideas' responses were served on April 3, 2008.

20.     Design Ideas propounded a second set of written discovery upon Things Remembered. This second set included requests for admission and related interrogatories and production requests. Copies of the discovery requests were emailed to me at 9:59 p.m. on Saturday, April 12, 2008. The requests included a certificate of service stating that copies also were mailed to Things Remembered's local counsel, Carl Draper, and me on the same date.

21.     On May 9, 2008, Things Remembered served a consolidated response to Design Ideas second set of discovery requests. The response objected to Design Ideas' second set of discovery requests on the ground that they were served too late to give Things Remembered the full time period provided by the Federal Rules of Civil Procedure for responding before the close of fact discovery and objected to Design Ideas' second set of interrogatories as being in excessive in number.

5

22.    On January 11, 2008, I advised Messrs. Goodrum and Platt by letter that Things Remembered wanted to depose Jenna Walsh, a former Design Ideas designer identified in Design Ideas' interrogatory responses, and asked whether Ms. Walsh was available for a deposition during the period from January 28, 2008 through February 8, 2008.

23.    On January 31, 2008, I received an email from Mr. Goodrum advising me of dates during February and March 2008 when Ms. Walsh was available for a deposition. In this email, Mr. Goodrum also stated: "We'll advise shortly on whom we'd like to depose." A copy of Mr. Goodrum's January 31 email is attached as Exhibit F.

24.    I deposed Ms. Walsh on February 19, 2008 in Silver Spring, Maryland.

25.    During the deposition of Ms. Walsh, Mr. Goodrum advised me that Design Ideas wanted to depose certain current and former Things Remembered employees during March 2008. Among the persons identified by Mr. Goodrum were Ellen Frank, Things Remembered's Director of Merchandising; David Stefko, Things Remembered's Chief Financial Officer; Stacey Bertke, Things Remembered's former Merchandise Manager; Nelson Tejada, Things Remembered's former Vice President of General Merchandising; and Suzanne Sutter, Things Remembered's former President. All five of these people had been identified in Things Remembered's initial interrogatory responses as being resident in the Cleveland, Ohio area. Ms. Bertke and Mr. Tejada were now employed by American Greetings Corporation. Ms. Sutter was retired.

26.    Immediately after Ms. Walsh's deposition, I made inquiries in an attempt to determine whether there was a workable schedule whereby these witnesses could be deposed at approximately the same time in Cleveland before the end of March. I worked with Mr. Ibold with respect to the schedules of Ms. Frank and Mr. Stefko and with Jonathan Forman, an in-

house attorney at American Greetings, with respect to the schedules of Ms. Bertke and Mr.
Tejada.

27.     I also discovered that Ms. Sutter had moved from Cleveland to North Carolina.
On February 22, 2008, I sent an email to Mr. Goodrum to advise him of this fact and that Ms.
Frank and Mr. Stefko were available for depositions in Cleveland during the last week of March
2008. A copy of my February 22, 2008 email is attached as Exhibit G.

28.     By March 4, 2008, I had determined that Ms. Frank, Mr. Stefko, Ms. Bertke, and
Mr. Tejada all were available to be deposed in Cleveland during the period of March 24-28,
2008. On that date, I advised Mr. Goodrum via email of the dates during that period when these
four deponents would be available and asked him to advise when he wanted to depose each
witness. A copy of my March 4, 2008 email to Mr. Goodrum is attached as Exhibit H.

29.     Mr. Goodrum responded via email on the same day, advising with respect to the
deposition schedule for the Things Remembered witnesses: "We'll advise in the next day or so."
A copy of Mr. Goodrum's March 4, 2008 email is attached as Exhibit I.

30.     In this same general time period, I was corresponding with Mr. Goodrum to
schedule depositions of persons employed by or working with Design Ideas during the week of
April 7-11. Ultimately, I took the depositions of Design Ideas' Design Director Chris Hardy,
Design Ideas' President Andy Van Meter, and Yubo-Du of Design Ideas-China during April 9-
10 in Springfield.

31.     In the early afternoon of March 6, 2008, Mr. Goodrum sent me an email regarding
the issue of where the depositions of Design Ideas' personnel would take place. With respect to
the dates on which Design Ideas would take its depositions of Things Remembered's personnel,

Mr. Goodrum stated that he would "get back to you on our desired dates shortly." A copy of Mr. Goodrum's email sent at 1:01 p.m. on March 6, 2008 is attached as Exhibit J.

32.    Then, during the evening of March 6, 2008, Mr. Goodrum send me a follow-up email providing specific dates for the depositions of Design Ideas' personnel and advising that they would have to take place in Springfield. In this email, Mr. Goodrum also advised me that Design Ideas would not be able to depose Things Remembered's personnel until the end of April 2008. A copy of Mr. Goodrum's email sent at 6:17 p.m. on March 6, 2008 is attached as Exhibit K.

33.    I immediately inquired of Mr. Ibold regarding the availability of Ms. Frank and Mr. Stefko and of Mr. Forman regarding the availability of Ms. Bertke and Mr. Tejada during the second half of April 2008. I was quickly able to determine that all four were available for depositions during the week of April 21-28. On March 7, 2008, I send Mr. Goodrum an email providing the specific dates on which each of these four Things Remembered witnesses would be available during that week and requested that Mr. Goodrum specify the desired date for each witness's deposition. A copy of my March 7, 2008 email is attached as Exhibit L.

34.    On March 17, 2008, I had received no response from Mr. Goodrum to my request for specific dates for his depositions of Things Remembered's witnesses. On that date, as part of an email to him forwarding deposition notices for Design Ideas' witnesses, I stated that we were still awaiting his specification of deposition dates at the end of April 2008. A copy of my March 17, 2008 email to Mr. Goodrum is attached as Exhibit M.

35.    On April 3, 2008, Mr. Goodrum sent me an email forwarding courtesy copies of Design Ideas' responses to Things Remembered's second set of discovery requests. In this email he finally commented regarding the deposition dates for Things Remembered's witnesses,

stating: "We'll have depo dates and calendars in hand next week," presumably referring to the depositions of Design Ideas' personnel in Springfield. A copy of Mr. Goodrum's April 3, 2008 email is attached as Exhibit N.

36. On April 4, 2008, I sent Mr. Goodrum an email expressing concern that his failure to specify dates for the four Things Remembered witnesses for nearly a month might cause scheduling difficulties. I asked him to provide me with a schedule of dates that were convenient to him so I could determine whether dates that were workable for all concerned still existed. A copy of my April 4, 2008 email is attached as Exhibit O.

37. During the afternoon of April 8, 2008, while I was enroute to Springfield to depose Messrs. Hardy, Du, and Van Meter, Mr. Goodrum sent me an email providing dates on which he would be available to depose Things Remembered's witnesses in Cleveland. A copy of Mr. Goodrum's April 8, 2008 email is attached as Exhibit P.

38. On April 15, 2008, I was advised by Mr. Forman that Ms. Bertke and Mr. Tejada were available for depositions on April 21 and 22, 2008. On that same date, I sent Mr. Goodrum an email advising him of their availability on those dates.

39. On April 16, 2008, I was advised of dates during April 21-25, 2008 when Ms. Frank and Mr. Stefko were available for depositions in Cleveland. On that same date, I sent Mr. Goodrum an email advising him of those dates.

40. On April 16, 2008, Mr. Goodrum advised me of the dates during April 21-25 on which he would depose Ms. Bertke, Mr. Tejada, Ms. Frank, and Mr. Stefko in Cleveland.

41. Mr. Goodrum conducted the depositions Ms. Bertke, Mr. Tejada, Ms. Frank, and Mr. Stefko, as well as Mr. Ibold, in Cleveland during the week of April 21-25, 2008. He also

took the deposition of Ms. Sutter, the former Things Remembered President, in Raleigh, North Carolina, on May 1, 2008.

42.    Attached as Exhibit Q is a true copy of the cover page and pages 89-90 and 134 of the transcript of the deposition of Ellen Frank taken on April 23, 2008.

43.    Attached as Exhibit R is a true copy of the cover page and pages 34-36 and 77-78 of the transcript of the deposition of Stacey Bertke taken on April 21, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed by me on May 30, 2008, at Cleveland, Ohio.

Philip J. Moy Jr.

**E-FILED**
Friday, 30 May, 2008  01:46:13 PM
Clerk, U.S. District Court, ILCD

SEP 1 0 2004



S A I D M A N
**DesignLaw**Group



A law firm

that concentrates

in legal issues

involving designs,

product

configurations

and other

creative

enterprises

**Via fax 440-473-2015**
**Page 1 of 2**

September 3, 2004

Charles J. Ibold, Esq.
General Counsel
**THINGS REMEMBERED**
5500 Avion Park Drive
Highland Heights, OHIO  44143

Re: *Design Ideas, Ltd. v. Things Remembered*
Intellectual Property Infringement
Our ref:  1377.261

Dear Mr. Ibold:

After receiving and carefully reviewing your letter of August 24, 2004, I have come to the conclusion that you and I are talking about different products.  Apparently, someone put the item we are complaining about  (discussed below)  into a "Baby Memory Box" box from the latter of which I obtained the product name and sku information in my letter of August 18, 2004.

The item we are complaining about is a heart-shaped box with wire flowers and votive candles inside.  It has a single tag on the bottom that identifies the sku#518550 and the price $24.95.  The receipt for the item identifies the same sku#, and calls the item "FLOWER CNDL BSKET"  (probably an abbreviation for Flower Candle Basket).

It is clear that your Flower Candle Basket infringes our client's U.S. Pat. No. 6,398,668 and U.S. Copyright Reg. Nos. VA 1-055-870; VA 1-055-871;  VA 1-055-872;  and VA 1-078-625  (copies of each enclosed with my letter of August 18, 2004).

1110 Bonifant Street, Suite 510
Silver Spring, MD 20910
301-585-8601   豫   301-585-0138 fax





Charles J. Ibold, Esq.
**THINGS REMEMBERED**
1377.261
September 3, 2004
Page Two

In addition, the distinctive appearance and immense popularity of our client's DOODLES® products has come to identify Design Ideas, Ltd. as the source thereof. Your unauthorized importation and sale of your "Flower Candle Basket" therefore is likely to cause confusion in the marketplace as to the source or origin of the goods, and thus also violates §43(a) of the Lanham Trademark Act.

On behalf of our client, Design Ideas, Ltd., we must therefore demand that you immediately cease and desist from all manufacture, importation, advertisement, distribution, use and sale of your "Flower Candle Basket" and all products similar thereto. In addition, we must demand that you remove and recall all such products already in stock at your stores.

Finally, we need to be provided with the name and address of the actual manufacturer(s) of these products, along with your complete sales and cost records of the infringing "Flower Candle Basket" so that we can determine an appropriate amount for past damages.

Hopefully, we have the product identification correct this time, and apologize for our earlier confusion caused by the item being put into the wrong box. We would appreciate a favorable reply to this letter by September 17, 2004.

Very truly yours,

SAIDMAN **DesignLaw** Group

Perry J. Saidman
*perry.saidman@designlawgroup.com*

C:\Perry's Data\word\CLIENTS\1377\261\faxIbold.090304.doc
enclosures
cc: Design Ideas, Ltd. (w/out encl)

TR00236

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Thursday, November 08, 2007 3:07 PM |
| **To:** | 'Michael Platt' |
| **Subject:** | RE: Design Ideas v. Things Remembered |

Yes, you are correct, I screwed up on the months.

Design Ideas' responses now are due **November 28,** and Things Remembered's on **December 3.**

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

**From:** Michael Platt [mailto:michael.platt@designlawgroup.com]
**Sent:** Thursday, November 08, 2007 3:01 PM
**To:** Philip J. Moy
**Cc:** garfield.goodrum@designlawgroup.com
**Subject:** RE: Design Ideas v. Things Remembered

O.K. Be that way, but I think you have your months mixed up.
Regards,
Mike

**From:** Philip J. Moy [mailto:PMoy@faysharpe.com]
**Sent:** Thursday, November 08, 2007 2:42 PM
**To:** Michael Platt
**Cc:** garfield.goodrum@designlawgroup.com
**Subject:** RE: Design Ideas v. Things Remembered

Mike,

I would prefer that our responses be extended by 2 weeks from the original due dates.

Design Ideas' responses, originally due on October 14, would be due October 28.

Things Remembered's responses, originally due on October 19, would be due November 3.

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

---

**From:** Michael Platt [mailto:michael.platt@designlawgroup.com]
**Sent:** Thursday, November 08, 2007 2:08 PM
**To:** Philip J. Moy
**Cc:** garfield.goodrum@designlawgroup.com
**Subject:** Design Ideas v. Things Remembered

Dear Phil,
This will memorialize our agreement to extend both parties' time for answering the outstanding discovery two weeks.
What would you think of setting the time for response for both parties at November 29?
Thanks,
Mike

Michael T. Platt

SAIDMAN **DesignLaw** Group
Lee Plaza, Suite 603
8601 Georgia Avenue
Silver Spring, MD 20910

Phone: (301) 585-8601 (ext. 313)
Fax: (301) 585-0138

***Looks Matter*. Legally.®**

michael.platt@designlawgroup.com
**www.designlawgroup.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.

**E-FILED**
Friday, 30 May, 2008  01:47:26 PM
Clerk, U.S. District Court, ILCD

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Monday, November 26, 2007 10:19 AM |
| **To:** | cibold@thingsremembered.com |
| **Cc:** | Richard J. Minnich; John S. Zanghi; Diane M. Lightbody; Carl R. Draper (cdraper@feldwass.com) |
| **Subject:** | Design Ideas v. Things Remembered |

Chuck,

I got a call from Design Ideas' attorney Mike Platt last Wednesday requesting another 2-week extension for responding to our discovery requests.  As you were out of the office and the length of the request was not overly long, I consented to the request, provided that it was reciprocal.  The due date for Design Ideas' responses is now Wednesday, December 12.  Our responses are now due on Monday, December 17.

**REDACTED**

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Friday, December 07, 2007 1:25 PM |
| **To:** | cibold@thingsremembered.com |
| **Cc:** | Carl R. Draper (cdraper@feldwass.com); Richard J. Minnich; John S. Zanghi; Diane M. Lightbody |
| **Subject:** | Design Ideas v. Things Remembered |

Chuck,

I spoke with Design Ideas' Mike Platt yesterday.  We agreed to extend the dates for the parties' discovery responses to Monday, Dec. 24 for Design Ideas and Friday, Dec. 28 for Things Remembered.

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

**E-FILED**
Friday, 30 May, 2008  01:48:31 PM
Clerk, U.S. District Court, ILCD

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Thursday, December 20, 2007 4:36 PM |
| **To:** | cibold@thingsremembered.com |
| **Cc:** | Richard J. Minnich |
| **Subject:** | Design Ideas |

Chuck,

Mike Platt called to plead for our consent for Design Ideas to respond to our discovery on Dec. 28 instead of Dec. 24.  I agreed, so our responses now are due on Jan. 4.

**REDACTED**

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

**Philip J. Moy**

| | |
|---|---|
| From: | garfield.goodrum@designlawgroup.com |
| Sent: | Thursday, January 31, 2008 12:17 PM |
| To: | Philip J. Moy |
| Cc: | 'Michael Platt'; Richard J. Minnich |
| Subject: | DI v. TR |

Phil,

We can make Jenna Walsh available here during the weeks of 2/11, 2/18, 3/3, 3/10 and 3/17. Were you thinking about anyone else?

You produced doc.s TR00001 – TR00185, but haven't told us to which requests these are responsive.  Please let us know.  Also, when you produce the outstanding doc.s this week, please do the same.

In your responses to our document request nos. 1-22 and 24, you state you'd make the documents available at a mutually agreeable time and place.  Please suggest one, so we can schedule.

We'll advise shortly on whom we'd like to depose.

Garfield

SAIDMAN **DesignLaw** Group

Garfield B. Goodrum, Jr.

8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Direct:   301-585-8601 Fax: 301-585-0138
Email:    garfield.goodrum@designlawgroup.com **|** www.**designlaw**group.com

# *Looks Matter.* Legally.(R)

Attorney Goodrum is admitted in MA, and not yet admitted in MD.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding this to postmaster@designlawgroup.com or by telephone at (301)585-8601 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**E-FILED**
Friday, 30 May, 2008  01:49:41 PM
Clerk, U.S. District Court, ILCD

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Friday, February 22, 2008 11:17 AM |
| **To:** | garfield.goodrum@designlawgroup.com |
| **Cc:** | Michael T. Platt (michael.platt@designlawgroup.com); cibold@thingsremembered.com; Richard J. Minnich; John S. Zanghi |
| **Subject:** | Deposition Dates for Things Remembered Employees |

Garfield,

Both Dave Stefko and Ellen Frank are available for depositions during the last week in March, although Mr. Stefko cannot be deposed on 3/26, and Ms. Frank is unavailable on 3/28.  Earlier in the month is problematic.

We have made inquiries to Stacey Bertke and Nelson Tejada, both former TR employees now at American Greetings in Cleveland, regarding their availability in March but have not heard back from them.

Suzanne Sutter, the former TR president, no longer lives in the Cleveland area.  She moved to the Raleigh, NC area.  She has advised us, however, that she will be in Cleveland during the week of April 14.  If you want to depose here before then, it probably will need to be done in Raleigh.  If you are inclined to go to Raleigh, please provide me with potential dates so I can see which days might be mutually convenient.

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

1

E-FILED
Friday, 30 May, 2008  01:50:35 PM
Clerk, U.S. District Court, ILCD

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Tuesday, March 04, 2008 11:05 AM |
| **To:** | garfield.goodrum@designlawgroup.com |
| **Cc:** | Michael T. Platt (michael.platt@designlawgroup.com); cibold@thingsremembered.com; Richard J. Minnich; John S. Zanghi |
| **Subject:** | Deposition Dates for Current and Former Things Remembered Employees |

Garfield,

I just heard back from Ms. Bertke and Mr. Tejada.  They both are available any day during the week of March 24.

Since my February 22 message, 3/26 has become a conflict for me, and Mr. Stefko is no longer available on 3/27.  Accordingly, the available dates for Ellen Frank, Dave Stefko, Stacey Bertke, and Nelson Tejada appear to be as follows:

Monday, 3/24: Everyone available
Tuesday, 3/25: Everyone available
Thursday, 3/27: David Stefko not available
Friday, 3/28: Ellen Frank not available

Please advise as soon as possible when you want to depose these individuals so their schedules don't produce further conflicts.  Also, please advise regarding your plans for Suzanne Sutter.

Thanks,
 Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

---

**From:** Philip J. Moy
**Sent:** Friday, February 22, 2008 11:17 AM
**To:** garfield.goodrum@designlawgroup.com
**Cc:** Michael T. Platt (michael.platt@designlawgroup.com); cibold@thingsremembered.com; Richard J. Minnich; John S. Zanghi
**Subject:** Deposition Dates for Things Remembered Employees

Garfield,

1

**Philip J. Moy**

| | |
|---|---|
| **From:** | garfield.goodrum@designlawgroup.com |
| **Sent:** | Tuesday, March 04, 2008 11:06 AM |
| **To:** | Philip J. Moy |
| **Cc:** | michael.platt@designlawgroup.com; cibold@thingsremembered.com; Richard J. Minnich; John S. Zanghi |
| **Subject:** | RE: Deposition Dates for Current and Former Things Remembered Employees |

Thanks, Phil.  We'll advise in the next day or so.  We've got some tentative dates for Bo Du, which we're confirming and will send along.  Chris Hardy is available the same dates as Mr. van Meter.  Garfield

SAIDMAN **DesignLaw** Group

Garfield Goodrum
Direct:  301-585-8601 Fax: 301-585-0138
Email:  garfield.goodrum@designlawgroup.com

---

**From:** Philip J. Moy [mailto:PMoy@faysharpe.com]
**Sent:** Tuesday, March 04, 2008 11:05 AM
**To:** garfield.goodrum@designlawgroup.com
**Cc:** michael.platt@designlawgroup.com; cibold@thingsremembered.com; Richard J. Minnich; John S. Zanghi
**Subject:** Deposition Dates for Current and Former Things Remembered Employees

Garfield,

I just heard back from Ms. Bertke and Mr. Tejada.  They both are available any day during the week of March 24.

Since my February 22 message, 3/26 has become a conflict for me, and Mr. Stefko is no longer available on 3/27.  Accordingly, the available dates for Ellen Frank, Dave Stefko, Stacey Bertke, and Nelson Tejada appear to be as follows:

Monday, 3/24: Everyone available
Tuesday, 3/25: Everyone available
Thursday, 3/27: David Stefko not available
Friday, 3/28: Ellen Frank not available

Please advise as soon as possible when you want to depose these individuals so their schedules don't produce further conflicts.  Also, please advise regarding your plans for Suzanne Sutter.

Thanks,

**E-FILED**
Friday, 30 May, 2008  01:51:57 PM
Clerk, U.S. District Court, ILCD

**Philip J. Moy**

| | |
|---|---|
| **From:** | garfield.goodrum@designlawgroup.com |
| **Sent:** | Thursday, March 06, 2008 1:01 PM |
| **To:** | Philip J. Moy |
| **Subject:** | DI v. TR |

Phil, Andy and Chris will need to be done in Silver Spring, not Springfield.  Please forgive the change-up.  I'm thinking Chris Hardy might be available a day before or after the van Meter single dates, and am confirming this, in case 4/10 and 4/11 won't work for you.  We should have Bo Du's dates soon, and will get back to you on our desired dates shortly.  Garfield


SAIDMAN **DesignLaw** Group

Garfield B. Goodrum, Jr.

8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Direct:   301-585-8601 Fax: 301-585-0138
Email:    garfield.goodrum@designlawgroup.com | www.**designlaw**group.com

## *Looks Matter.* Legally.[(R)]

Attorney Goodrum is admitted in MA, and not yet admitted in MD.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding this to postmaster@designlawgroup.com or by telephone at (301)585-8601 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**Philip J. Moy**

| | |
|---|---|
| **From:** | garfield.goodrum@designlawgroup.com |
| **Sent:** | Thursday, March 06, 2008 6:17 PM |
| **To:** | Philip J. Moy |
| **Subject:** | DI v. TR |

Phil, it looks like Bo Du might well be in the US the week of 4/7.  How are you for 4/10 or 4/11 for van Meter?  Chris Hardy is available that week, too.  Because Mr. Du is coming in from China for work, DI wants to do them in Springfield at Brown, Hay.  Perhaps Springfield is an easier flight for you all then BWI.  March has become a mess for us, so we're thinking of looking at the end of April.  We'll advise.  Garfield

SAIDMAN **DesignLaw** Group

Garfield B. Goodrum, Jr.

8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Direct:   301-585-8601 Fax: 301-585-0138
Email:   garfield.goodrum@designlawgroup.com | www.**designlaw**group.com

# *Looks Matter.* Legally.[R]

Attorney Goodrum is admitted in MA, and not yet admitted in MD.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding this to postmaster@designlawgroup.com or by telephone at (301)585-8601 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**E-FILED**
Friday, 30 May, 2008 01:52:54 PM
Clerk, U.S. District Court, ILCD

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Friday, March 07, 2008 4:20 PM |
| **To:** | 'garfield.goodrum@designlawgroup.com' |
| **Cc:** | cibold@thingsremembered.com |
| **Subject:** | RE: DI v. TR |

Garfield,

The week of April 21 works for Ellen Frank, Dave Stefko, Stacey Bertke, and Nelson Tejada, with the following exceptions:

- Mr. Stefko is unavailable on 4/23
- Ms. Bertke and Mr. Tejada are unavailable on 4/25

Please specify as soon as possible which dates you want to depose which persons. Mr. Stefko in particular is subject to having his calendar fill up quickly.

Also, please advise what your preferences are for Suzanne Sutter.


Phil


*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

---

**From:** garfield.goodrum@designlawgroup.com [mailto:garfield.goodrum@designlawgroup.com]
**Sent:** Friday, March 07, 2008 11:29 AM
**To:** Philip J. Moy
**Subject:** RE: DI v. TR

Hi, Phil. 4/10 with a possible spill-over to 4/11 for van Meter and Hardy is fine. I'm pretty sure you can do Bo Du on 4/9, so that's fine too. On the travel, Southwest flies to STL, so that's what we're doing. I think the drive is ~1.5 hours. For our dates, weeks of 4/14, 4/21 and 4/28 look good. Garfield


SAIDMAN **DesignLaw** Group

Garfield Goodrum
Direct:   301-585-8601 Fax: 301-585-0138
Email:   garfield.goodrum@designlawgroup.com

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Monday, March 17, 2008 3:17 PM |
| **To:** | garfield.goodrum@designlawgroup.com; Michael T. Platt (michael.platt@designlawgroup.com) |
| **Cc:** | Carl R. Draper (cdraper@feldwass.com); cibold@thingsremembered.com; Richard J. Minnich; John S. Zanghi |
| **Subject:** | DI v. TR-Deposition Notices |
| **Attachments:** | Moy Letter to Goodrum-Platt 031708.pdf; Depo Notice-Andy Van Meter.pdf; Depo Notice-Bo Du.pdf; Depo Notice-Chris Hardy.pdf |

Garfield and Mike,

The attached PDF files are scans of a letter and three deposition notices being mailed out today.

We still are awaiting dates for your depositions of TR's current and former employees at the end of April.

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

1

**E-FILED**
Friday, 30 May, 2008  01:53:51 PM
Clerk, U.S. District Court, ILCD

**Philip J. Moy**

| | |
|---|---|
| **From:** | garfield.goodrum@designlawgroup.com |
| **Sent:** | Thursday, April 03, 2008 5:23 PM |
| **To:** | Philip J. Moy |
| **Cc:** | 'Michael Platt'; Richard J. Minnich |
| **Subject:** | DI v. TR |
| **Attachments:** | GBG to Moy 04-03-08.pdf; DI 2nd Interrog Responses 04-03-08.pdf; DI 2nd Production Request Response 04-03-08.pdf; DI Document Production 491-568.pdf; DI Request to Admit Responses 04-03-08.pdf |

Phil, attached please find responses to the second set of discovery.  We'll have depo dates and calendars in hand next week.  Garfield


SAIDMAN **DesignLaw** Group, LLC

Garfield Goodrum, Principal

8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Direct:   301-585-8601 Fax: 301-585-0138
Email:   garfield.goodrum@designlawgroup.com | www.**designlaw**group.com

# *Looks Matter.* Legally.[R]

Admitted in MA, and not yet admitted in MD.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding this to postmaster@designlawgroup.com or by telephone at (301)585-8601 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Friday, April 04, 2008 9:00 AM |
| **To:** | 'garfield.goodrum@designlawgroup.com' |
| **Cc:** | 'Michael Platt'; Richard J. Minnich; cibold@thingsremembered.com; John S. Zanghi |
| **Subject:** | RE: DI v. TR |
| **Attachments:** | RE: Deposition Dates for Current and Former Things Remembered Employees |

Garfield,

We have been asking you for depo dates for about a month.  You continually responded that you would provide us dates "shortly," but you never followed up.  The schedules for Things Remembered's current and former employees undoubtedly have gotten tighter since I last gave you available dates during the last week of April (see my attached message to you on March 5).  Accordingly, I no longer know how their calendars look.

If you have specific dates that are convenient for you, please give them to me today.  I will see whether I can determine mutually workable dates before we meet in Springfield.

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

---

**From:** garfield.goodrum@designlawgroup.com [mailto:garfield.goodrum@designlawgroup.com]
**Sent:** Thursday, April 03, 2008 5:23 PM
**To:** Philip J. Moy
**Cc:** 'Michael Platt'; Richard J. Minnich
**Subject:** DI v. TR

Phil, attached please find responses to the second set of discovery.  We'll have depo dates and calendars in hand next week.  Garfield

SAIDMAN **DesignLaw** Group, LLC

Garfield Goodrum, Principal

8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Direct:  301-585-8601 Fax: 301-585-0138
Email:  garfield.goodrum@designlawgroup.com | www.**designlaw**group.com

**E-FILED**
Friday, 30 May, 2008  01:54:57 PM
Clerk, U.S. District Court, ILCD

**Philip J. Moy**

| | |
|---|---|
| **From:** | garfield.goodrum@designlawgroup.com |
| **Sent:** | Tuesday, April 08, 2008 3:42 PM |
| **To:** | Philip J. Moy |
| **Cc:** | michael.platt@designlawgroup.com |
| **Subject:** | DI v. TR - depo.s |

Phil, we are available the weeks of 4/21, 4/28 and 5/5, and possibly 4/16-4/18 for Bertke, Tejada, Sutter and Frank.  Is Mr. Stefko available the week of 5/5?  Have you had any contact with Christina Sun in New York?  Garfield

SAIDMAN DesignLaw Group, LLC
Garfield Goodrum, Principal

301.585.8601
fax 301.585.0138

Reply to email address:
garfield.goodrum@designlawgroup.com

E-FILED
Friday, 30 May, 2008, 01:55:39 PM
Clerk, U.S. District Court, ILCD

1

2

3                              - - -

4    Design Ideas, Ltd.,              )
                                      )
5              Plaintiff,             )
                                      )
6         vs.                         )   Case No. 3:07-cv-03077
                                      )
7    Things Remembered, Inc.,         )
                                      )
8              Defendant.             )

9                              - - -

10

11        Deposition of Ellen Frank, a witness

12   herein, called by the plaintiff for

13   cross-examination pursuant to the Federal Rules of

14   Civil Procedure, taken before Karen A. Toth,

15   Registered Professional Reporter and Notary Public

16   in and for the State of Ohio, at Jones, Day,

17   North Point Building, 901 Lakeside Avenue,

18   Cleveland, Ohio 44114, on Wednesday, April 23, 2008,

19   commencing at 9:32 a.m.

20                              - - -

21

22

23

24

25

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

COPY

```
 1        Remembered internal forms?
 2   A    Correct.
 3   Q    Would you send the art request form to the --
 4   A    No.  Just the artwork.
 5   Q    Just the artwork?
 6   A    Uh-huh.
 7   Q    Okay.  We'll come back to that, but just
 8        quickly, the weekly recaps, did you say to me
 9        that there was any product development
10        discussion?
11   A    Very rarely if at all.  It was much more high
12        level than that.
13   Q    When we first talked about artwork or
14        drawings, I think you said to me that either
15        Ms. Derry would generate the drawings or the
16        vendors would; is that right?
17   A    Yes, if there was artwork involved, it would
18        be usually either one of those.
19   Q    So at the start of a product design process it
20        would be either Ms. Derry or the vendor?
21   A    Yes.
22   Q    How often would the vendor generate the
23        artwork?
24   A    To my recollection, because of the amount of
25        work and the amount of SKUs we had, it was
```

```
 1           probably at that time 40 percent Ms. Derry, 60

 2           percent vendors.  And that is just a rough

 3           estimate.

 4   Q       Okay.  So how would it come about that you'd

 5           have a vendor generate the artwork at the

 6           start of the product design process for a

 7           product?  In other words, really my question

 8           is sort of taking a step back.  How does

 9           Design Ideas come up with products?

10               MR. MOY:          Counsel, I think you

11           mean Things Remembered.

12               MR. GOODRUM:      What did I say?

13               THE WITNESS:      Design Ideas.

14               MR. GOODRUM:      Sorry.  Forgive me.

15   Q       It either develops the products itself or it

16           buys them from vendors?

17   A       Correct.

18   Q       Tell me about that process when it buys them

19           from vendors.

20   A       It worked in a number of ways.  Sometimes a

21           vendor -- because we had a very structured

22           vendor matrix or base where they were familiar

23           with the types of products that performed well

24           they would submit either drawings or samples

25           to us.  Some of it was unsolicited, some of it
```

```
 1        ever seeing any drawings --
 2   A    No, I don't.
 3   Q    -- of this product?
 4   A    No, I don't.
 5   Q    Do you know the extent of Ms. Derry -- of
 6        Trish Derry's involvement in this product?
 7   A    When you say "extent"?
 8   Q    Do you know if she was involved with this
 9        product?
10   A    I don't recall her being involved in it at
11        all.
12   Q    Do you know if she made any drawings of it?
13   A    To my knowledge, she did not design this item.
14   Q    Do you know if she received any drawings of
15        it?
16   A    I don't know that.
17   Q    Do you know who designed the flowers on that
18        product?
19   A    No, I don't.  On the -- specifically on this
20        item?  (Indicating.)
21   Q    On the flower candle basket.
22   A    On this item?  (Indicating.)
23   Q    Yes, ma'am.
24   A    No, I don't.
25   Q    Do you know who selected which flowers would
```

E-FILED
Friday, 30 May, 2008  01:56:17 PM
Clerk, U.S. District Court, ILCD

1      IN THE UNITED STATES DISTRICT COURT
     FOR THE CENTRAL DISTRICT OF ILLINOIS
2                SPRINGFIELD DIVISION

3                    - - -

4   Design Ideas, Ltd.,          )         **COPY**
                                 )
5              Plaintiff,        )
                                 )
6       vs.                      )   Case No. 3:07-cv-03077
                                 )
7   Things Remembered, Inc.,     )
                                 )
8              Defendant.        )

9                    - - -

10

11      Deposition of Stacey Bertke, a witness

12   herein, called by the plaintiff for

13   cross-examination pursuant to the Federal Rules of

14   Civil Procedure, taken before Karen A. Toth,

15   Registered Professional Reporter and Notary Public

16   in and for the State of Ohio at American Greetings

17   Corporation, 1 American Way, Brooklyn, Ohio 44144,

18   on Monday, April 21, 2008, commencing at 10:10 a.m.

19                    - - -

20

21

22

23

24

25

| | | |
|---|---|---|
| 1 | | showroom different times that we were there, |
| 2 | | depending upon their schedules.  So I'm not |
| 3 | | 100 percent certain which of the people I |
| 4 | | worked with various times would have been |
| 5 | | there that specific day. |
| 6 | Q | Okay.  All right.  Let me show you something. |
| 7 | | Do you recognize that object? |
| 8 | A | Yeah, except the candles inside are not the |
| 9 | | candles that it came with. |
| 10 | Q | Okay. |
| 11 | A | Either that or they've discolored |
| 12 | | dramatically.  But I don't think these are the |
| 13 | | candles that come with it.  I think those look |
| 14 | | like the candles from a different basket. |
| 15 | | They are not the right color. |
| 16 | Q | Interesting.  Okay.  What is that product? |
| 17 | A | What do you mean?  The name of it? |
| 18 | Q | Yeah. |
| 19 | A | I named it the flower candle basket. |
| 20 | Q | Were you involved with -- |
| 21 | A | No.  Heart flower candle basket, as I recall. |
| 22 | Q | Were you involved with the development of that |
| 23 | | product? |
| 24 | A | Yes. |
| 25 | Q | Can you tell me about that? |

1  A    We had had a previous grouping of candle
2       baskets that we did with another company
3       called Accining.
4  Q    How do you spell that?
5  A    A-c-c-i-n -- I'm not sure if it's two Ns or
6       one, i-n-i-n-g.
7  Q    Okay.
8  A    They had a small heart shaped metal mesh
9       basket in their office that we had them make
10      larger that we had looked at for years.  And
11      we had them add candles to it and we had them
12      do a couple different shapes.  The heart was
13      the best selling shape, which was true always
14      for us in all products, that the heart would
15      always be the best selling shape.  And we also
16      had another shape that we had was a square,
17      and the square had an engraving plate on the
18      top because the lid of it was flat enough to
19      have an engraving plate, whereas the heart was
20      rounded from them.  Those items sold well for
21      us.
22             I remember being in the Libra
23      showroom.  They had all kinds of various
24      baskets and candleholders, not a hinged basket
25      like this, but they had almost like a kind

```
 1        of -- like almost like if you took the lid off
 2        of this, like bowls, et cetera, that had
 3        floral motifs that we asked if they could make
 4        a new version of our candle basket that we had
 5        bought from Accining, and if they could design
 6        something for us.
 7   Q    And so what did they say?
 8   A    They said yes.  And we showed them -- I always
 9        carry copies of our catalogues with us, so I
10        showed them pictures of this is what worked
11        for us and told them the important part, that
12        it needed to hold eight votive candles.  it
13        needed to have another candleholder come with
14        it and we wanted an engraving plate on the top
15        because that had made the square one so
16        successful and around those parameters could
17        they design something for us.
18   Q    Okay.  Taking a step back.  You said that
19        hearts had always been successful?
20   A    Always.
21   Q    Always.  Okay.  What about other shapes, were
22        there any other shapes that were good for you?
23   A    The best selling shapes at Things Remembered
24        are -- if there was one thing I learned in ten
25        years -- hearts, number one by far; stars,
```

```
 1        is exclusive for TRD only."  This e-mail is
 2        addressed to you, correct?
 3   A    Uh-huh.
 4   Q    And did you write the e-mail below to which
 5        this e-mail is responding?
 6   A    I must have.
 7   Q    In that sentence you read, "As per your
 8        artworks as they know this is exclusive for
 9        TRD."  What is that term artworks referring
10        to?
11   A    I'm not sure because we didn't do artwork for
12        this item.
13   Q    Would you do artwork for other items?
14   A    After this time we hired our own designer, so
15        in 2005 we had our own designers.  So we would
16        have supplied specific artwork for some items,
17        not everything that we bought but some items.
18   Q    But at the time in 2001 through 2003, you
19        didn't do your own artwork?
20   A    We would hire some outside people sometimes to
21        do artwork for us.  I'm not 100 percent
22        certain when we hired our first in-house
23        designer.
24   Q    Do you recall whether you hired anyone to do
25        artwork for the flower candle basket?
```

```
1  A    I know that we did not.

2  Q    Okay.  How do you know that?

3  A    Because I remember being in their showroom and

4       looking at their floral items and telling them

5       to incorporate it into a basket for us.

6  Q    Okay.  On that occasion do you recall picking

7       certain flowers to incorporate into the flower

8       candle basket?

9  A    I don't remember.  I may have but I don't

10      remember if I did or not.  I know that a whole

11      side of their showroom, again, was filled with

12      all these wire items.  And we asked if they

13      could incorporate some of that into a basket

14      for us.

15 Q    Okay.  And just remind me please again, that

16      was you and it was Christina Sun?

17 A    Christina Sun would have definitely been there

18      with me because we never saw an AMC vendor

19      without her with us.  Beyond that, I'm not

20      sure who was with me on that specific visit.

21 Q    Okay.  Do you recall -- do you recall if you

22      were shown any flowers to select from or

23      picking these flowers, the flowers depicted on

24      the flower candle basket?

25 A    I don't remember.  I may have but I don't
```