IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07-cv-03077 |
| | ) |
| THINGS REMEMBERED INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'SMOTION TO EXTEND FACT DISCOVERY**

Design Ideas, Ltd. ("Design Ideas"), through its undersigned attorneys, respectfully files this reply memorandum to Defendant's Brief in Opposition to Plaintiff's Motion to Extend Fact Discovery ("Defendant's Brief"). Design Ideas requests this Court to extend the period for fact discovery to allow for depositions of key witnesses whose identity and significance were improperly withheld until shortly before the scheduled close of fact discovery.

**I.   THINGS REMEMBERED'S EGREGIOUS DISCOVERY PRACTICES NECESSITATE AN EXTENSION.**

In opposition to Plaintiff's Motion to Extend Fact Discovery (the "Motion to Extend"), Things Remembered laboriously details the discovery that has occurred in this case, alleging Design Ideas is at fault for failing to complete discovery within the scheduled period. Discovery in this case initially proceeded at a regular pace, with typical scheduling conflicts on both sides. It was not until the final weeks when Design Ideas discovered that Things Remembered (i) egregiously withheld the identity of a key witness and (ii) improperly mislead Design Ideas as to the significance of another. The extensions for written discovery responses gave Things

1

Remembered <u>eighty</u> days to conduct due diligence and search for responsive material. Eighty days was more than ample time for Things Remembered to identify material witnesses and assess their significance. However, as discussed in the Extension Motion and below, Things Remembered improperly failed to identify its own and only in-house designer, Ms. Trisha Derry, who was on the sourcing trip for Things Remembered's Flower Candle Basket, in bold violation of the Federal Rules of Civil Procedure. If not egregious enough, and tellingly, Things Remembered also improperly misrepresented the origin of the Flower Candle Basket in its interrogatory answers. These misstatements improperly downplayed the role of an identified witness – its agent AMC's employee, Ms. Christina Sun. Consequently, Design Ideas was unable to conduct depositions of critical witnesses, who undoubtedly have information central to Design Ideas' claims.

**II.    THINGS REMEMBERED FAILED TO IDENTIFY A KEY MATERIAL WITNESS.**

In its first set of interrogatories to Things Remembered, Design Ideas requested the identity of all witnesses with information concerning the creation and design of the Flower Candle Basket. (See Extension Motion at 9-10.) Things Remembered never identified its only in-house artist / designer – Ms. Tricia Derry. Testimony of others reveals Ms. Derry routinely created drawings and reviewed product samples, regardless of whether the development was internal or vendor sourced. These facts were not revealed until April 23, 2008, during Design Ideas' deposition of Ms. Derry's supervisor, Ellen Frank, by which time Design Ideas could not reasonably depose Ms. Derry.

Things Remembered argues that the primary basis for extension of fact discovery is "non existent", alleging Tricia Derry "had no involvement with the [Flower Candle Basket]. (Defendant's Brief at 12.) This argument is simply not supported by the weight of deposition

2

testimony, which strongly indicates that Ms. Derry was in fact involved in multiple aspects of the development of the Flower Candle Basket.

### A. Trisha Derry is a relevant witness whether or not she created original artworks for the development of the Flower Candle Basket.

In the face of patently contradictory testimony, Things Remembered brazenly argues its in-house artist / designer Tricia Derry had no involvement with the infringing Flower Candle Basket, selectively quoting testimony of Ellen Frank whose "recollection" was that Trisha Derry "probably" and as a "rough estimate" would generate artwork for 40% of Things Remembered's products during their development. (Defendant's Brief at 13.) This statement alone clearly demonstrates a <u>considerable probability</u> that Ms. Derry was involved in the creation of the infringing Flower Candle Basket – 40%.

Things Remembered indicates Ellen Frank did not "recall [Trisha Derry] being involved at all." *Id*. However, Ellen Frank <u>herself</u> contradicts this "recollection" by testifying that Trisha Derry was with Things Remembered personnel in Taipei, Taiwan, when the Flower Candle Basket was allegedly sourced from Things Remembered's foreign vendor:

Q:    Who went with Mr. Tejada to Taipei?

A:    The only ones I remember is Nelson, Stacey and ***Trish, the designer***.

(Deposition of Ellen Frank at 121.) (Emphasis added.) This testimony demonstrates that Trisha Derry was on the buying trip with Things Remembered's merchants Nelson Tejada and Stacey Bertke, the person at Things Remembered with primary responsibility for developing the Flower Candle Basket. Thus, the testimony thus far demonstrates Ms. Derry is very likely to have knowledge about its development that is central to Design Ideas claim of copyright infringement, despite Things Remembered's improper attempts to hide this fact..

**B. Trisha Derry was necessarily involved with drawings and a sample created for Things Remembered's Flower Candle Basket, even if she did not create them.**

Ellen Frank, Trisha Derry's supervisor, testified that Trish Derry was responsible for all product-related drawings and samples, even for products originating with a vendor and not internally:

Q: What did Ms. Derry do?

A: She created artwork from requests that were made from [Things Remembered's] merchants [such as Nelson Tejada and Stacey Bertke]. And she would create the design and send it to our vendors [via AMC and Christina Sun]. When samples would come back over, she worked with the merchants to make sure if the artwork needed correction or if the sample needed correction as well. That was part of her function.

Deposition of Ellen Frank at 25.

Things Remembered merchant Stacey Bertke testified that artwork for the Flower Candle Basket existed, including drawings:

Q: So for this product [the vendor] did a drawing that you recall?

A: I do remember they did a drawing.

\*   \*   \*

Q: Do you recall – do you recall looking at the drawings for this – for the heart flower   for the Flower Candle Basket?

A: **I remember there being some sort of problem with the size of it and that would have been at the drawing phase, but that's really all I remember. I remember us talking about that it needed to be large enough to hold candles.**

(Deposition of Stacey Bertke at page 40.) (Emphasis added). Things Remembered itself admits in its response to Design Ideas' Interrogatory No. 4 that "[a] sample of what ultimately became the Flower Candle Basket was produced by or on behalf of [the vendor] and was provided to Things Remembered for review."

4

Based on this testimony, there can be no doubt Trisha Derry was involved in the development of the Flower Candle Basket. Things Remembered's assertions to the contrary are incredible. Testimony thus far clearly shows: (i) Ms. Derry's <u>duties</u> included correcting vendor drawings and samples, (ii) Flower Candle Basket drawings and samples existed and (iii) the Flower Candle Basket had a "problem" needing correction.

Despite this conclusive evidence from Things Remembered's own employees of Ms. Derry's notorious role in product development, let alone her attendance on the Flower Candle Basket buying trip, Things Remembered inexplicably and inexcusably failed to identify this critical, material witness. Things Remembered skullduggery should not be tolerated and Design Ideas should be allowed to continue fact discovery and depose Ms. Derry.

### III. THINGS REMEMBERED MATERIALLY MISREPRESENTED THE DEVELOPMENT OF THE FLOWER CANDLE BASKET IN INTERROGATORY RESPONSES TO MISLEAD DESIGN IDEAS ON THE SIGNIFICANCE OF A WITNESS.

Things Remembered's initial answer to interrogatory No. 4 – made after eighty days opportunity for investigation – suggested the allegedly infringing Flower Candle Basket was merely a subsequent version of a prior Things Remembered product: "[the vendor] was shown images of a heart-shaped ***flower*** candle box previously sold by Things Remembered." (Emphasis added.) Things Remembered's answer here strongly suggests the infringing works emanated from Things Remembered itself and not its vendor or agent – AMC and Christina Sun. Thus, a deposition of Christina Sun -- a foreign national not subject to the jurisdiction of U.S. courts -- did not appear necessary, particularly in light of jurisdictional and logistical difficulties.

During the deposition of Things Remembered's Ellen Frank on April 24, 2008 -- 192 days from receiving Design Ideas discovery -- astoundingly, Things Remembered indicates for the <u>first time</u> that the inclusion of this critical word "flower" was a "mistake." Putting aside

Things Remembered's complete and suspicious failure of diligence on a highly material, operative fact in stunning violation of the Federal Rules, Things Remembered now for the first time suggests the source of the Flower Candle Basket was other than a previous Things Remembered product, newly implicating it agent – AMC and the agent's employee Christina Sun.

Despite Things Remembered's improper interrogatory misrepresentations, hiding AMC's and Christina Sun's significance to the case, Design Ideas timely noticed AMC depositions to occur before the close of fact discovery. AMC has already produced documents to Design Ideas pursuant to the subpoenas and counsel for Design Ideas and AMC have been working out scheduling of Ms. Sun's deposition.

Design Ideas must now be allowed a reasonable opportunity to conduct critical discovery that is highly likely to disclose facts relevant to the creation and development of the Flower Candle Basket, which information is central to Design Ideas' claim of copyright infringement.

## IV. RECOURSE FOR ALLEGED DISCLOSURE OF CONFIEENTIAL INFORMATION IS UNRELATED TO THE INSTANT MOTION.

Things Remembered argues that Design Ideas' Extension Motion violates the Stipulated Protective Order. (See Defendant's Brief at 17-18.) Design Ideas regrets any inadvertent disclosure of confidential information, but seriously doubts Things Remembered has suffered or will suffer any harm.[1] Indeed, now many days after the Extension Motion was filed, Things Remembered has not moved to seal the Motion or taken any other corrective action.

The instant Extension Motion has nothing at all to do with the Stipulated Protective Order. If Things Remembered believes a purposeful violation of the Stipulated Protective Order actually occurred, it can file an appropriate motion. Denial of Design Ideas motion, however,

---

[1] Design Ideas has contacted the Clerk's office, and is working to address this issue.

6

would be inappropriate and overkill, particularly considering Things Remembered's outrageous and illegal failure to disclose a key, material witness and misstatements in interrogatory answer on the operative facts.

## V.   CONCLUSION

For the foregoing reasons, Design Ideas respectfully requests that the Court extend fact discovery by a reasonable period and thereby allow Design Ideas to attain discovery of information improperly withheld by Things Remembered, which is critical to its claim of copyright infringement.

Respectfully submitted,

**DESIGN IDEAS, LTD.,**

by its attorneys,

Brown, Hay & Stephens, LLP

Dated:   June 6, 2008            Paul Bown
                                 205 South 5th Street, Suite 700
                                 Springfield, IL  62701

and

SAIDMAN **DesignLaw** Group, LLC

Dated:   June 6, 2008     By:    s/Michael T. Platt
                                 Michael T. Platt
                                 Garfield Goodrum, Principal
                                 8601 Georgia Avenue
                                 Silver Spring, MD  20910
                                 (301) 585-8601
                                 fax: (301) 585-0138
                                 michael.platt@designlawgroup.com
                                 garfield.goodrum@designlawgroup.com