**E-FILED**
Wednesday, 25 June, 2008 02:58:41 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

_____
                                )

DESIGN IDEAS, LTD,             )
                                )
          Plaintiff,         )
                                )     Civil Action No. 3:07cv03077
v.                            )
                                )
THINGS REMEMBERED, INC.,   )
                                )
          Defendant.     )
                                )
_____)

### DEFENDANT'S MOTION FOR TELEPHONIC ATTENDANCE AT DEPOSITION

Pursuant to Fed. R. Civ. P. 30(b)(4), defendant, Things Remembered, Inc., moves for an order allowing its attorneys to attend the deposition of Patricia Derry via telephone.

At approximately 4:00 p.m. on Tuesday, June 24, 2008, the undersigned attorney for Things Remembered was advised by Garfield Goodrum, an attorney for plaintiff, that he intended to depose Ms. Derry, a former Things Remembered employee, less than three days later, at 10:00 a.m. on Friday, June 27, 2008, in Dallas, Texas.[1]  Mr. Goodrum sent the undersigned a copy of a subpoena directed to Ms. Derry by email on Wednesday, June 25, 2008.[2]

In view of the substantial expense and extreme difficulty in obtaining convenient flights between Dallas and Cleveland—where Things Remembered's attorneys reside—on less than three days' notice, the undersigned requested Mr. Goodrum's consent to a stipulation between the parties providing for Things Remembered's attendance at Ms. Derry's deposition by

---

[1] A copy of Mr. Goodrum's June 24, 2008 email is attached as Exhibit A.

[2] A copy of Mr. Goodrum's June 25, 2008 email and a copy of the subpoena are attached as Exhibit B.

telephone.[3]  In a reply email, Mr. Goodrum stated that plaintiff would agree to such a stipulation, but only if Things Remembered consented to allowing plaintiff to propound a number of interrogatories nearly three times the number allowed under Fed. R. Civ. P. 33.[4]  Things Remembered declined to agree to Mr. Goodrum's proposal.

In the absence of plaintiff's willingness to enter into the requisite stipulation, Things Remembered now seeks an order from the Court allowing its attorneys to attend Ms. Derry's deposition by telephone, as provided by Fed. R. Civ. P. 30(b)(4).  Things Remembered submits that allowing such telephonic attendance will visit no harm on plaintiff and will enable Things Remembered to avoid the expense and inconvenience of its attorney's last-minute travel from Cleveland to Dallas for what Things Remembered expects to be an extremely short deposition.

Things Remembered requests a telephone conference with the Court on Thursday, June 26, 2008 to discuss this motion.

---

[3] A copy of the undersigned's email to Mr. Goodrum making this request is attached as Exhibit C.

[4] A copy of Mr. Goodrum's reply email is attached as Exhibit D.  Mr. Goodrum's proposed that the limit on the number of interrogatories Design Ideas could propound be increased to those already served plus 10.  As plaintiff propounded 21 interrogatories (exclusive of discrete subparts) in its first set and 39 in its second set, Mr. Goodrum's proposal would subject Things Remembered to responding to over 70 interrogatories.

Respectfully submitted,

Date:  June 25, 2008                    By:      /s/ Philip J. Moy Jr.
                                                 Philip J. Moy Jr.
                                                 Richard J. Minnich
                                                 John Zanghi
                                                 FAY SHARPE LLP
                                                 1100 Superior Avenue, Seventh Floor
                                                 Cleveland, OH  44114-2579
                                                 Telephone: 216-861-5582
                                                 Facsimile: 216-241-1666
                                                 Email: pmoy@faysharpe.com
                                                        rminnich@faysharpe.com
                                                        jzanghi@faysharpel.com

                                                 Carl R. Draper
                                                 FELDMAN, WASSER, DRAPER & BENSON
                                                 1307 South Seventh Street
                                                 Springfield, IL  62703
                                                 Telephone: 217-544-3403
                                                 Facsimile: 217-544-1593
                                                 Email: cdraper@feldwass.com

                                                 Attorneys for Defendant
                                                 Things Remembered, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 25, 2008, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the

following:

Michael T. Platt
Garfield Goodrum
Paul R. Bown

By:    /s/ Philip J. Moy Jr.
Philip J. Moy Jr.
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH  44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666
Email: pmoy@faysharpe.com

Attorneys for Defendant
Things Remembered, Inc

**Philip J. Moy**

| | |
|---|---|
| **From:** | Garfield Goodrum [garfield.goodrum@designlawgroup.com] |
| **Sent:** | Tuesday, June 24, 2008 3:57 PM |
| **To:** | Philip J. Moy |
| **Cc:** | michael.platt@designlawgroup.com |
| **Subject:** | DI v TR |

Phil, DI will take Ms. Derry's deposition this Friday in Dallas at 10:00 AM at the Esquire Deposition Services office at 1700 Pacific Avenue Suite 4750 Dallas, TX 75201 Office: 214.257.1436 Toll-free: 800.852.9737 Fax: 214.954.0506.  We'll forward a copy of the subpoena.  Garfield

**SAIDMAN DesignLaw Group, LLC**

**Garfield Goodrum, Esq., Principal**
301.585.8601
fax 301.585.0138

Reply to:
garfield.goodrum@designlawgroup.com

1

**E-FILED**
Wednesday, 25 June, 2008  02:59:57 PM
Clerk, U.S. District Court, ILCD

**Philip J. Moy**

| | |
|---|---|
| **From:** | Garfield Goodrum [garfield.goodrum@designlawgroup.com] |
| **Sent:** | Wednesday, June 25, 2008 10:13 AM |
| **To:** | Philip J. Moy |
| **Subject:** | DI v TR |
| **Attachments:** | Subpoena - Trisha Derry.pdf |

Phil, here is the subpoena for Trisha Derry.  Garfield


**SAIDMAN DesignLaw Group, LLC**

**Garfield Goodrum, Esq., Principal**
301.585.8601
fax 301.585.0138

Reply to:
garfield.goodrum@designlawgroup.com

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD., )<br><br>PLAINTIFF, )<br><br>v. )<br><br>THINGS REMEMBERED, INC., )<br><br>DEFENDANT. )<br><br> ) | <br><br><br><br><br><br>Case No. 07-CV-03077<br>USDC for the Central District of<br>Illinois, Springfield Div. |

TO:    Patricia Derry
       9416 Rolling Rock Lane
       Dallas, TX  75238

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.
**Please see attached Schedule A**

| | DATE AND TIME |
|---|---|
| ESQUIRE DEPOSITION SERVICES<br>1700 PACIFIC AVENUE, SUITE 4750<br>DALLAS, TX  75201<br>(214) 257-1436 | Friday, June 27, 2008 at 10:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**Please see attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| ESQUIRE DEPOSITION SERVICES<br>1700 PACIFIC AVENUE, SUITE 4750<br>DALLAS, TX  75201<br>(214) 257-1436 | Friday, June 27, 2008 at 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *Garfield Goodrum*<br>Garfield Goodrum, Esq., Attorney for Plaintiff, Design Ideas, Ltd. | June 24, 2008 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Garfield Goodrum, Principal<br>SAIDMAN **DesignLaw** Group, LLC<br>Lee Plaza, Suite 603<br>8601 Georgia Avenue<br>Silver Spring, MD  20910<br>tel (301) 585-8601 fax (301) 585-0138 | |

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D below)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

The subject matter of the testimony and request for documents set out below shall be governed by the definitions attached as Exhibit A.

1. Information relating to Things Remembered's interest in wire products having flower motifs.

2. Information relating to conveying Things Remembered's interest in wire products having flower motifs to Libra Pacific Co. Ltd.

3. Information relating to the conception, origin, inspiration and creation of the Flower Candle Basket.

4. Information relating to the development of the Flower Candle Basket.

5. Information relating to any sample of what ultimately became the Flower Candle Basket.

6. Information relating to any drawings, photographs or images created and/or used in the development of the Flower Candle Basket.

7. Information relating to the sourcing of the Flower Candle Basket.

8. Information relating to the production and manufacture of the Flower Candle Basket.

9. Information relating to the marketing, distribution and sales of the Flower Candle Basket.

10. Information relating to any and all Things Remembered products having flower motifs.

11. Information relating to any and all Things Remembered products constructed of metal wires.

12. Information relating to deponent's knowledge of this suit, Design Ideas, Ltd. v. Things Remembered, Inc., Case No. 07-CV-03077.

13. Information relating to Things Remembered's awareness of or access to Design Ideas' Flower Sculptures prior to the introduction to market of Flower Candle Basket.

14. Information relating to any and all purchases of Design Ideas' products by Things Remembered.

### Documents and Things Requested

1. All documents and things relating to Things Remembered's interest in wire products having flower motifs.

2. All documents and things relating to conveying Things Remembered's interest in wire products having flower motifs to Libra Pacific Co. Ltd.

3. All documents and things relating to the conception, origin, inspiration and creation of the Flower Candle Basket.

4. All documents and things relating to the development of the Flower Candle Basket.

5.  All documents and things relating to any sample of what ultimately became the Flower Candle Basket.

6.  All documents and things relating to any drawings, photographs or images created and/or used in the development of the Flower Candle Basket.

7.  All documents and things relating to the sourcing of the Flower Candle Basket.

8.  All documents and things relating to the production and manufacture of the Flower Candle Basket.

9.  All documents and things relating to marketing, distribution and sales of the Flower Candle Basket.

10. All documents and things relating to any and all Things Remembered products having flower motifs

11. All documents and things relating to and all Things Remembered products constructed of metal wires.

12. All documents and things relating to deponent's knowledge of this suit, Design Ideas, Ltd. v. Things Remembered, Inc., Case No. 07-CV-03077.

13. All documents and things relating to Things Remembered's awareness of or access to Design Ideas' Flower Sculptures prior to the introduction to market of the Flower Candle Basket.

14. All documents and things relating to any and all purchases of Design Ideas' products by Things Remembered.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      Things Remembered means Things Remembered Inc., and (a) its predecessor corporations, successor corporations, each subsidiary corporation, affiliated or related companies, and divisions; (b) each of its consultants, accountants, attorneys and independent contractors which have contractual relations with it; (c) any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of it or anyone under its  control, direction or instruction; and (d) its present and former employees.

2.      Flower Candle Basket means the decorative container made of metal wires and other metal components that was offered by defendant under Model No. 518550.

3.      Flower Sculptures means any or all of the three flower wire sculptures depicted in Copyright Registration No. VA 1-055-871.

6.      "Relating to" includes pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or impliedly the subject matter of the specific interrogatory.

7.       Document in either the singular or plural form, shall be construed in its broadest sense and shall include, but is not limited to all written, printed, typed, recorded, graphic, stenographic, computer generated, computer stored, and electronically stored matter of every kind and description.

8.      If any document responsive to a request was at one time in existence, but has been lost, discarded, destroyed. or is otherwise presently unavailable, identify such document as completely as possible, providing as much of the following information as possible:

        a.      the type of document;

        b.      its date;

        c.      the date or approximate date it was lost, discarded, destroyed or otherwise became unavailable;

        d.      the reason or reasons for disposing of the document if discarded or destroyed;

        e.      the circumstances and manner in which it was lost, discarded, destroyed or otherwise

became unavailable;

  f.  the identity of all persons authorizing or having knowledge of the circumstances

    surrounding the disposal of the documents;

  g.  the identity of all persons who lost, discarded, destroyed or otherwise caused the

    unavailability of the document; and

  h.  the document request to which such document is responsive.

9.  "Relating to" includes pertaining to, referring to or having as its subject matter, directly or indirectly,

expressly or impliedly the subject matter of the specific production request.

10.  If any document responsive to these requests is withheld under any claim of privilege or confidentiality,

defendant shall provide a list which identifies the subject matter for which privilege or confidentiality is

claimed, including at least the following information:

  a.  nature and date of the subject matter;

  b.  author;

  c.  the person or persons to whom the subject matter was conveyed, either orally or in

    writing together with the person(s) job title or position;

  d.  the basis upon which the privilege is claimed; and

  e.  the request to which each claim of privilege responds.

**Philip J. Moy**

| | |
|---|---|
| **From:** | Philip J. Moy |
| **Sent:** | Wednesday, June 25, 2008 1:07 PM |
| **To:** | 'Garfield Goodrum' |
| **Cc:** | michael.platt@designlawgroup.com; Richard J. Minnich; John S. Zanghi; Diane M. Jacquinot; Diane M. Lightbody; 'Ibold, Charles J.' |
| **Subject:** | RE: DI v TR |

Garfield,

Chuck Ibold and I would like to attend Ms. Derry's deposition via telephone.  Rule 30(b)(4) states that the parties may stipulate to a deposition by remote means.  Accordingly, we request your consent to our attendance via telephone.  I will contact Esquire to confirm the number I should use to call in.


Thanks,
Phil


*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

---

**From:** Garfield Goodrum [mailto:garfield.goodrum@designlawgroup.com]
**Sent:** Tuesday, June 24, 2008 3:57 PM
**To:** Philip J. Moy
**Cc:** michael.platt@designlawgroup.com
**Subject:** DI v TR

Phil, DI will take Ms. Derry's deposition this Friday in Dallas at 10:00 AM at the Esquire Deposition Services office at 1700 Pacific Avenue Suite 4750 Dallas, TX 75201 Office: 214.257.1436 Toll-free: 800.852.9737 Fax: 214.954.0506.  We'll forward a copy of the subpoena.  Garfield

**SAIDMAN DesignLaw Group, LLC**

**Garfield Goodrum, Esq., Principal**
301.585.8601
fax 301.585.0138

Reply to:
garfield.goodrum@designlawgroup.com

**Philip J. Moy**

| | |
|---|---|
| From: | Garfield Goodrum [garfield.goodrum@designlawgroup.com] |
| Sent: | Wednesday, June 25, 2008 1:43 PM |
| To: | Philip J. Moy |
| Subject: | RE: DI v TR |

Hi, Phil.  DI would agree to you and Chuck attending telephonically, if TR would agree to increase the limit on interrogatories to those already served plus 10.  I believe DI has served more than TR, but the limit would be reciprocal, so that both parties could serve the same number.  Garfield

**SAIDMAN DesignLaw Group, LLC**

**Garfield Goodrum, Esq., Principal**
301.585.8601
fax 301.585.0138

Reply to:
garfield.goodrum@designlawgroup.com

---

**From:** Philip J. Moy [mailto:PMoy@faysharpe.com]
**Sent:** Wednesday, June 25, 2008 1:07 PM
**To:** Garfield Goodrum
**Cc:** michael.platt@designlawgroup.com; Richard J. Minnich; John S. Zanghi; Diane M. Jacquinot; Diane M. Lightbody; Ibold, Charles J.
**Subject:** RE: DI v TR

Garfield,

Chuck Ibold and I would like to attend Ms. Derry's deposition via telephone.  Rule 30(b)(4) states that the parties may stipulate to a deposition by remote means.  Accordingly, we request your consent to our attendance via telephone.  I will contact Esquire to confirm the number I should use to call in.

Thanks,
Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail:* pmoy@faysharpe.com

---

**From:** Garfield Goodrum [mailto:garfield.goodrum@designlawgroup.com]
**Sent:** Tuesday, June 24, 2008 3:57 PM
**To:** Philip J. Moy