E-FILED
Monday, 14 July, 2008  06:20:15 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DESIGN IDEAS, LTD.,                )
                                   )
                                   )
                Plaintiff,         )
                                   )
v.                                 )        Case No.  3:07-cv-03077
                                   )
THINGS REMEMBERED INC.,            )
                                   )
                                   )
                Defendant.         )

## PLAINTIFF'S MOTION TO ORDER DEFENDANT'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS

**I.    INTRODUCTION**

Plaintiff, Design Ideas, Ltd.  ("Design Ideas" or "DI"), respectfully submits this motion requesting that this Court issue an order to (i)  allow Plaintiff to propound 8 interrogatories more than the minimum allowed by Fed. R. Civ. P. 33, for a total of 33 essential interrogatories, and to (ii)  compel defendant Things Remembered, Inc.  ("Things Remembered" or "TR"), to respond to the outstanding 12 interrogatories which it has, thus far, refused to do;  (iii)  compel Things Remembered to meaningfully and specifically answer DI's Second Requests for Production; and (iv)  compel Things Remembered to produce an un-redacted copy of an improperly redacted, critical document responsive to Design Ideas' initial production requests, within fifteen (15) days.

Although Design Ideas served its second set of discovery requests thirty (30) days before the close of fact discovery set by the scheduling order, Things Remembered objected to the requests as untimely and refused to provide substantive responses.  A copy of TR's Response to Plaintiff's Second Set of Discovery Requests is attached hereto as Exhibit A.  As of June 26,

2008, Design Ideas was prepared to file a motion to compel Things Remembered's response, when Things Remembered emailed counsel for Design Ideas, "[i]n view of the Court's granting your motion to extend discovery [*see* Amended Scheduling Order, Document 20], Things Remembered will serve amended responses to Design Ideas' second set of discovery requests within 30 days from today's order."  *See* email exchange attached hereto as Exhibit B. Thereafter, Things Remembered pledged substantive responses to the interrogatories.  In an email exchange between Garfield Goodrum, counsel for DI, and TR's counsel, attached hereto as Exhibit C, Mr. Goodrum states: "[i]f TR will provide ***substantive responses*** by 7/3, then DI will hold off [on filing its motion to compel]." (Emphasis added).  Subsequently, Mr. Goodrum inquired again: "...[c]an we expect substantive responses by 7/3?", to which TR's counsel responded: "**That's the plan.**" (Emphasis added.)  *See* email exchange attached hereto as Exhibit C.  Reneging on its pledge, Things Remembered has objected to the interrogatories, refused to provide substantive responses, and has responded to DI's Requests for Production with meaningless and ambiguous responses.

     Moreover, on the sole responsive document to an earlier, critical production request from Design Ideas – a two-message email exchange between Things Remembered and its sourcing Agent – Things Remembered improperly redacted the standard To / From / Date / Subject / Attachment information on the responsive email.  TR's grounds for redaction are unsupported.

     Disturbingly, Things Remembered's present position on discovery is but another installment in its ongoing, bad-faith gamesmanship in stunning violation of the Federal Rules. Examples of Things Remembered's evasive discovery tactics include:  (i)  the failure to identify a material witness, Patricia Derry, likely to have knowledge of the operative facts;  (ii) materially misrepresenting the development of its infringing product in interrogatory responses;

(iii) failing to reasonably investigate, search for and provide reasonable answers and documents to discovery requests; (iv) executing discovery response verifications without having reasonably verified or investigated the contents of the responses; and (v) failing to respond in good faith to attempts to resolve the instant discovery dispute.

Design Ideas respectfully submits that the Court should not tolerate Things Remembered's evasive actions, and should issue the requested relief.

## II.  DESIGN IDEAS INTERROGATORIES ARE ESSENTIAL TO THE ISSUE OF INFRINGEMENT OF ITS COPYRIGHT

### A.  The 12 unanswered interrogatories explore familiar, essential issues and are not burdensome.

Although Design Ideas served a total of 61 discovery interrogatories, DI now only seeks responses to 12 served but unanswered interrogatories, bringing its total interrogatories to 33, a mere 8 over the allowed minimum.

Fed. R. Civ. P. 33 allows a party to serve a minimum of 25 written interrogatories and states "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)", which itself recognizes the court's discretion, stating "[b]y order, the court may alter the limits in these rules on the number of... interrogatories....".  Indeed, this court has broad discretion to allow for meaningful and productive discovery.  *See* Packman v. Chicago Tribune Co**.**, 267 F.3d 628 (7th Cir. 2001) ("District courts have broad discretion in discovery matters...").

On October 15, 2007, Design Ideas served its First Set of Interrogatories to Defendant, consisting of 21 discrete interrogatories.  Things Remembered objected to each but provided provisional responses on January 3, 2008.  On April 12, 2008, Design Ideas served its Second Set of Interrogatories, 35 more than the minimum allowance, along with its Requests for

Admission and Second Requests for Production of Documents and Things.  Design Ideas'

Discovery is on familiar issues and relatively easy to answer.  The Admission Requests  (DI's

only requests for admission in the case)  consist of forty-two  (42)  simple, declaratory sentences.

In them, Design Ideas further explores familiar issues.  *See* Exhibit D hereto.  The Interrogatories

and Document Requests complement the Admission Requests, with the great majority requiring

a response only if a corresponding request for admission is denied.

Nevertheless, On July 3, 2008, Things Remembered served amended responses to Design

Ideas' second set of discovery[1], in which Things Remembered objected to each and every

interrogatory, whether the corresponding admission request was denied or not, answering as

follows: "Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number."

**B.**     **Things Remembered's evasive discovery tactics make interrogatory responses even more critical.**

Many of Design Ideas' interrogatories and production requests were constructed to

require response only where a corresponding admission is denied.  For example, DI's Request

for Admission No. 20 states: "Admit that Things Remembered has no evidence that a person

who was not an employee of Design Ideas created the Flower Sculptures."[2]  Corresponding

Production Request No. 14 states: "If request for Admission No. 20 is denied, produce any

documents relating to Things Remembered's evidence that a person who was not an employee of

---

[1] *See* Defendant's Amended Responses to Plaintiff's Requests for Admission, attached hereto as Exhibit E, Defendant's Amended Response to Plaintiff's Second Requests for Production of Documents and Things, attached hereto as Exhibit F, and Defendant's Amended Responses to Plaintiff's Second Set of Interrogatories, attached hereto as Exhibit G.
[2] This request for admission relates to the issue of copyright authorship and validity and is essential to DI's burden of proof and to TR's defense.

4

Design Ideas created Design Ideas' wire flower sculptures", and corresponding Interrogatory No. 15 states: "If Request for Admission No. 20 is denied, identify such evidence and person."

Things Remembered now absolutely denies 21 of the 42 Admissions, including No. 20, above, but fails to substantiate the denials – refusing answers to corresponding interrogatories and failing to produce documents with any specificity.   Indeed, where admission is denied, TR frequently responds to corresponding production requests by vaguely stating "no such documents exist in its possession or control other than transcripts of depositions taken in this action."  Such an ambiguous response does not satisfy Things Remembered's obligation under Fed. R. Civ. P. 26(b), which allows discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Thus far, 10 depositions have been taken in this case, resulting in a combined total of 1,074 pages of transcript.  In keeping with its failure to adequately respond to production requests (*see* note 3, below)  Things Remembered utterly fails to identify which of the ten deposition transcripts is responsive, let alone pertinent page and line numbers.

**C. Design Ideas now seeks answers to a mere 8 more interrogatories than the minimum allowed, and specific responses to production requests.**

Having received Things Remembered's amended discovery responses, Design Ideas now culls its Interrogatories to just **12** unanswered, essential interrogatories, and respectfully requests this Court to allow Design Ideas to propound 8 interrogatories more than the minimum of 25 allowed by Fed. R. Civ. P. 33.  These interrogatories, renumbered but otherwise unmodified since their original service on April 12, 2008, are attached hereto as Exhibit H, entitled Plainitff's Amended Second Set of Interrogatories.

By refusing to answer interrogatories and by answering production requests, where a corresponding request for admission is denied, without meaningful specificity, Things Remembered has deprived Design Ideas of meaningful discovery.   Design Ideas seeks an order

5

compelling Things Remembered to respond to the outstanding 12 essential interrogatories and

an order compelling TR to serve amended responses to DI production requests in which it

identifies the specific transcript(s) and page and line numbers it purports to be responsive.

## III.   THINGS REMEMBERED IMPROPERLY REDACTED A CRITICAL DOCUMENT

On October 15, 2007, Design Ideas served its First Request for Defendant's Production

of Documents to Things Remembered.  Request No. 3, seeks "[a]ll documents referring or

relating to the design, development, creation, manufacture, importation or purchase of the Flower

Candle Basket by or on behalf of defendant."   A copy of Plaintiff's First Request for

Defendant's Production of Documents is attached hereto as Exhibit I.   The Flower Candle

Basket is the Things Remembered product which Design Ideas alleges infringes its copyright.

On January 3, 2008, Things Remembered responded to Request No. 3: "...Things Remembered

shall produce at a time and place mutually agreeable to the parties such non-privileged

documents as may exist in its possession or control."  Subsequently, in stunning violation of Fed.

R. Civ. P. 34(b)(2)(E)(i),Things Remembered Produced 278 pages of documents without

providing same as they are ordinarily kept in the course of business or labeling them to

correspond to the requests[3].

Of the 278 pages, single-page document TR00229 attached hereto as Exhibit J is the only

document conceivably responsive to Production Request No. 3.  TR00229 is an email exchange

consisting of two messages: (i)  a message from Stacey Bertke, Things Remembered's

Merchandise Manager  responsible for the development of the infringing Flower Candle Basket,

---

[3] Design Ideas repeatedly requested Things Remembered to comply with Rule 34 but Things Remembered refused. *See Govas v. Chalmers*, 965 F.2d 298 (7th Cir. 1992) (" Not only did the plaintiffs delay in producing this morass of documents, but the plaintiffs also failed to comply with the instructions to the interrogatories in turning over these documents. The instructions to the interrogatories clearly asked plaintiffs to indicate which documents each plaintiff had received."); *Stiller v. Arnold,* 167 F.R.D. 68, 70-71 (N.D.Ind.1996) (Granting expenses, including attorneys fees, where responding party produced 7,000 documents in no apparent order, failing its obligation under Rule 34(b) to "organize and label").

to Christina Sun, Things Remembered's sourcing agent at Associated Merchandising Corporation; and  (ii)  Christina Sun's reply.

Ms. Bertke's email requested whether Things Remembered's manufacturer "ever made or sourced any wire items with flower motifs prior to making our Flower Candle Basket..."  In response, Christina Sun stated that the manufacturer "only developed this for [Things Remembered] *as per your artworks* as they know this is exclusive for [Things Remembered] only.  So they did not use this concept to develop other products."  *See* Exhibit J (emphasis added).

In addition to marking the document confidential, Things Remembered redacted the header block of Christina Sun's reply email, which typically consists of the sender's name and email address, the date and time sent, recipient names and email addresses, the subject and any attachments which might have been sent with the message.   The small space where such information would typically appear is completely blank save for the marking "**REDACTED**."

This redaction improperly deletes the standard heading block of the reply message at the top half of page TRT00229, while the message itself is not claimed as privileged, but provided in its entirety.  It is simply inconceivable that this heading block itself, consisting of the standard email transmission and attachment information, contains privileged information.  Indeed, while the substance of a communication can be claimed as privileged, the claimant must nevertheless identify the particulars which TR has now redacted.  Design Ideas does not seek privileged information, but rather information relating to the transmission of the email message, including its sender, the date and time sent, the recipients, the subject, and whether there were attachment(s), very possibly the "artworks" to which Ms. Sun referred and which Things Remembered has failed to produce in this case.

During the Deposition of Ellen Frank on April 23, 2008, counsel for Design Ideas asked counsel for Things Remembered why TR00229 was redacted, and counsel for Things Remembered responded "I believe there is another e-mail from – with which Mr.Ibold [General counsel for Things Remembered] was involved providing communication with the people he represents."  The relevant pages of the transcript of Ellen Frank's deposition are attached hereto as Exhibit K.  Counsel for Design Ideas requested the identity of the party with whom Mr. Ibold was allegedly communicating and the date of the communication, but counsel for Things Remembered has refused to produce this information.

Accordingly, Design Ideas respectfully requests that this Court compel Things Remembered to produce, within 15 days, TR00229 with the above-requested redacted information.

## IV.    CONCLUSION

For all the above reasons, Design Ideas respectfully requests that this Court issue an order (i) to allow Design Ideas to propound a total of 33 interrogatories; and  (ii) to compel  Things Remembered to provide substantive responses to the essential 12 unanswered interrogatories attached hereto as Exhibit H; (iii) to compel Things Remembered to specifically identify the deposition transcripts and page numbers responsive to DI's production requests; and (iv) to compel Things Remembered to produce TR00229 with the non-privileged, redacted information, within fifteen (15) days.

Respectfully submitted,

**DESIGN IDEAS, LTD.**,

by its attorneys,

8

**BROWN, HAY & STEPHENS, LLP**

Paul Bown
205 S. Fifth Street, Suite 700
Springfield, Illinois  62701
(217) 544-8491
Fax: (217) 544-9609

and

**SAIDMAN DesignLaw Group, LLC**

Dated: July 14, 2008          By:    /s/ Michael Platt
                                     Michael T. Platt
                                     8601 Georgia Avenue, Suite 603
                                     Silver Spring, MD  20910
                                     (301) 585-8601
                                     Fax: (301) 585-0138
                                     michael.platt@designlawgroup.com

E-FILED
Monday, 14 July, 2008  06:22:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DESIGN IDEAS, LTD.,                    )
                                       )     Case No. 07-CV-03077
        Plaintiff,                     )
                                       )
    v.                                 )
                                       )
THINGS REMEMBERED, INC.,               )
                                       )
        Defendant.                     )
                                       )

**DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S**
**REQUESTS FOR ADMISSION DATED APRIL 12, 2008**

Defendant, Things Remembered, Inc. ("Things Remembered"), hereby responds to

Plaintiff's Requests for Admission, transmitted via email on April 12, 2008 by attorneys for

plaintiff, Design Ideas, Ltd. ("Design Ideas"), subject to the general and specific objections set

forth below.

**GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated into each of Things

Remembered's responses to each of Design Ideas' requests for admission as set forth herein.

Things Remembered's response to each of Design Ideas' requests for admission is made without

waiver of the following General Objections.

1.      Things Remembered objects to each request to the extent it seeks information

protected from discovery by the attorney-client privilege, the work product doctrine, and/or any

other applicable privilege or immunity.  Nothing contained in these objections and responses is

intended to be, or in any way constitutes, a waiver of any applicable privilege, immunity, or

doctrine.

2.      Things Remembered objects to each request, definition, and/or instruction to the
extent that it seeks to impose requirements or obligations upon Things Remembered different
from or in addition to those imposed by the Federal Rules of Civil Procedure and/or the Local
Rules for the Central District of Illinois.  While Things Remembered may choose to use Design
Ideas' definitions and instructions as a guide, Things Remembered does not concede or stipulate
to their validity or appropriate usage in these proceedings.  Things Remembered will respond to
non-objectionable requests in good faith and in a reasonable way, and will satisfy its obligations
under the Federal Rules and the Local Rules.

3.      Things Remembered objects to each request to the extent it calls for legal
conclusions.

4.      Things Remembered objects to each request to the extent that it seeks information
that is not in Things Remembered's possession, custody, or control.

5.      Things Remembered objects to the phrasing of the requests to the extent that the
terms used therein have legal significance to the allegations of the Complaint.  Nothing in these,
or any other responses to Design Ideas' discovery, can be taken as an admission that Things
Remembered agrees with Design Ideas' use or interpretation of the relevant terms.

6.      Things Remembered objects to Design Ideas' definition of "Defendant" to the
extent it purports to include "any person acting or purporting to act or, at the time of the stated
subject matter, was acting or purporting to act for or on behalf of [Things Remembered] or
anyone under its control or instruction" as overly broad and vague, thereby rendering the
requests unduly burdensome and not reasonably calculated to lead to the discovery of admissible
evidence.

7.    Things Remembered reiterates its original objection to these requests as being

outside the fact discovery period established by the Scheduling Order of September 11, 2007.

Things Remembered is responding to these requests only because the Court has extended fact

discovery beyond the original deadline of May 12, 2008.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request for Admission No. 1**

Admit that Things Remembered has sold at least 70,270 Flower Candle Baskets for
revenue of at least $1,275,218.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits that its

records indicate that it sold 70,270 Flower Candle Baskets and it derived $1,275,218 in revenue

from such sales.

**Request for Admission No. 2**

Admit that on November 18, 2004, Things Remembered instructed its stores to
immediately remove the Flower Candle Basket from the selling floor, pack up all baskets, mark
them and hold them in the stores' backrooms or off-site until further notice.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits this

request.

**Request for Admission No. 3**

Admit that there was no further communication regarding the Flower Candle Basket pursuant to the November 18, 2004, removal notice to Things Remembered stores produced as TR00225.

**Response:**

Things Remembered objects to this request as vague and ambiguous in that it is unclear

what is meant by "communication . . . pursuant to the November 18, 2004 removal notice."

Subject to this objection and the General Objections set forth above, Things Remembered denies

that there were no further communications regarding the Flower Candle Basket and the

November 18, 2004 removal notice.

**Request for Admission No. 4**

Admit that the Flower Candle Basket was produced exclusively for Things Remembered.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits that it has

no knowledge of the Flower Candle Basket having been produced for any other entity.

**Request for Admission No. 5**

Admit that there exist no "artworks" as identified in the March 30, 2005, email from Christina Sun to Stacey Bertke produced as TR00229.

**Response:**

Things Remembered objects to this request as vague and ambiguous in that Things

Remembered does not know what Christina Sun might have meant by "artworks," so that Things

Remembered cannot reasonably determine whether such materials exist today. Subject to the
General Objections set forth above, Things Remembered admits that it is not aware of any extant
materials that it knows with any certainty were intended by Ms. Sun to comprise the "artworks"
mentioned in her March 30, 2005 email.

**Request for Admission No. 6**

Admit that Things Remembered knows of no wire items with flower motifs produced by
Libra Pacific Co. Ltd. prior to its making of the Flower Candle Basket.

**Response:**

Things Remembered objects to this request as vague and ambiguous in its use of the
words "produced" and "making" with respect to Libra Pacific Co. Ltd. ("Libra") and as
incorporating a false premise that Libra actually made the Flower Candle Basket. Subject to
these objections and the General Objections set forth above, Things Remembered denies that
Libra displayed no wire items with flower motifs prior to supplying the Flower Candle Basket.

**Request for Admission No. 7**

Admit that other than the Flower Candle Basket, Things Remembered sold no wire items
with flower motifs.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this
request.

5

**Request for Admission No. 8**

Admit that Things Remembered had no wire items with flower motifs prior to its Flower Candle Basket.

**Response:**

Things Remembered objects to this request as vague and ambiguous in its use of the word "had" and its failure to describe the event or activity defining the time frame intended by the phrase "prior to its Flower Candle Basket." Subject to this objection and the General Objections set forth above, Things Remembered admits that the Flower Candle Basket was the first wire product with wire-formed flower motifs that it sold, but Things Remembered otherwise denies this request.

**Request for Admission No. 9**

Admit that Things Remembered received no response to the letter produced as TR00237.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this request.

**Request for Admission No. 10**

Admit that none of the flower motifs depicted in TR00146-TR00156 are [sic] identical to the Flower Sculptures.

**Response:**

Things Remembered objects to this request as vague and ambiguous because "identical" is not defined and because the syntax of the request does not specify whether the comparison is

6

to be made between any of the flower motifs shown in the referenced documents and any or all

of the Flower Sculptures. Subject to these objections and the General Objections set forth above,

Things Remembered admits that none of the flower motifs in TR00146-56 is identical to any of

the Flower Sculptures insofar as none appears to be formed of wire, but Things Remembered

otherwise denies this request.

**Request for Admission No. 11**

Admit that none of the flower motifs depicted in TR00146-TR00156 are [sic]
substantially similar to the Flower Sculptures of Design Ideas.

**Response:**

Things Remembered objects to this request as vague and ambiguous because

"substantially similar" is not defined, because it is unclear whether "Flower Sculptures of Design

Ideas" is intended to be the same as the defined term "Flower Sculptures," and because the

syntax of the request does not specify whether the comparison is to be made between any of the

flower motifs shown in the referenced documents and any or all of the "Flower Sculptures of

Design Ideas." Subject to these objections and the General Objections set forth above, Things

Remembered denies this request and specifically denies that none of the flower motifs depicted

in TR00146-TR00156 is substantially similar to any of the Flower Sculptures, as defined.

7

**Request for Admission No. 12**

Admit that Things Remembered has no documents relating to its advising Libra Pacific Co. Ltd. that Things Remembered was interested in obtaining a wire candle basket having flower motifs and an engraving plate as described in Defendant's Response to Plaintiff's Interrogatory No. 4.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 13**

Admit that Things Remembered has no documents relating to its review of the sample of what ultimately became the Flower Candle Basket as described in Defendant's Response to Plaintiff's Interrogatory No. 4.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 14**

Admit that Things Remembered filed a claim with, and was denied coverage by, its insurance provider for Things Remembered's alleged infringement of Design Ideas' intellectual property.

**Response:**

Things Remembered objects to this request as vague and ambiguous in its use of the term

"filed a claim." Subject to this objection and the General Objections set forth above, Things

Remembered admits that the lawsuit filed by Design Ideas was tendered to Things

Remembered's insurance carrier for coverage and that its request for coverage was denied.

**Request for Admission No. 15**

Admit that Things Remembered did not distribute or sell the Flower Candle Basket by any outlet other than its own network of retail stores and direct catalog and online sales.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits this

request.

**Request for Admission No. 16**

Admit that Things Remembered ordered at least 71,800 Flower Candle Baskets from Tasia International Company Limited.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits that it

ordered 71,800 Flower Candle Baskets from Associated Merchandising Corporation ("AMC")

and that the Flower Candle Baskets were supplied by Tasia International Company Limited, but

Things Remembered otherwise denies this request.

**Request for Admission No. 17**

Admit that Things Remembered has at least 700 mall stores.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 18**

Admit that Things Remembered has advertised and sold the Flower Candle Basket for
$24.95.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits this

request.

**Request for Admission No. 19**

Admit that Things Remembered Model No. 518550 is depicted in TR00266.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits that one of

the photographs on the CD produced under production no. TR00266 includes a component of

Things Remembered's Model No. 518550, but Things Remembered otherwise denies this

request.

**Request for Admission No. 20**

Admit that Things Remembered has no evidence that a person who was not an employee of Design Ideas created the Flower Sculptures.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 21**

Admit that Things Remembered has no evidence that a person other than Jenna Walsh drew the flowers depicted on DI000174-DI000178.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits this

request.

**Request for Admission No. 22**

Admit that Things Remembered has no evidence that the sketches of the flowers depicted on DI000174-DI00178 are not "original", that is, independently created (as opposed to copied from other works), and possess at least some minimal degree of creativity.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits that it has

no evidence that the referenced sketches were not independently created, and Things

Remembered admits that it has no evidence that the referenced sketches possess at least some

minimal degree of creativity.

**Request for Admission No. 23**

Admit that Things Remembered has no evidence that a person other than Jenna Walsh, Chris Hardy, Andy van Meter or a Design Ideas, Ltd., employee selected sketches from those depicted on DI000174-DI000178 for rendering into Flower Sculptures.

**Response:**

Things Remembered objects to this request as vague and ambiguous because "selected"

is undefined, the term encompassing the gamut from participating in some minor way in the

selection of sketches to making the ultimate selection decision. Subject to this objection and the

General Objections set forth above, Things Remembered admits it has no evidence that a person

other than Jenna Walsh, Chris Hardy, and Andy van Meter made the ultimate decision as to the

selection of sketches, but Things Remembered otherwise denies this request.

**Request for Admission No. 24**

Admit that Things Remembered has no evidence that a person other than Jenna Walsh, Chris Hardy, Andy van Meter or a Design Ideas, Ltd., employee made aesthetic, artistic or design decisions for rendering sketches 1, 9 and 14 depicted on DI000174-DI000178 into the Flower Sculptures.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

12

**Request for Admission No. 25**

Admit that Things Remembered has no evidence that Bo Du made aesthetic, artistic or design decisions for rendering sketches 1, 9 and 14 depicted on DI000174-DI000178 into the Flower Sculptures.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits this

request.

**Request for Admission No. 26**

Admit that the Flower Sculptures do not identically copy any actual flowers existing in nature.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits that none

of the Flower Sculptures is identical to any actual flowers existing in nature insofar as natural

flowers are not formed of wire, but Things Remembered otherwise denies this request.

**Request for Admission No. 27**

Admit that none the flower sculptures depicted in Figures 2a, 2b, 2c, 4a, 4b and 4c of Copyright Registration No. VA 1-055-871 are [sic] identical copies of either flower depicted on ANDY VAN METER EXHIBIT 3.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits this

request.

**Request for Admission No. 28**

Admit that Things Remembered has no evidence that each of the flower sculptures depicted in Figures 2a, 2b, 2c, 4a, 4b and 4c of Copyright Registration No. VA 1-055-871 are [sic] not "original", that is, independently created (as opposed to copied from other works), and possess [sic] at least some minimal degree of creativity.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits that it has

no evidence that any of the referenced flower sculptures was not independently created, and

Things Remembered admits that it has no evidence that any of the referenced flower sculptures

possesses at least some minimal degree of creativity.

**Request for Admission No. 29**

Admit that Things Remembered has no evidence that the selection of the three flower sculptures depicted on the single object in Figures 2a, 2b and 2c of Copyright Registration No. VA 1-055-871 is not "original", that is, independently created (as opposed to copied from other works), and possess [sic] at least some minimal degree of creativity.

**Response:**

Things Remembered objects to this request as vague and ambiguous because it does not

specify the purpose of the "selection," which could be construed as pertaining to the selection of

the three flower types to be included in the manufacture of the depicted product or the selection

of the three flower types to be included in the copyright application, and because the notion of an

"independently created selection" is nonsensical. Subject to this objection and the General

Objections set forth above, Things Remembered admits that it has no evidence that the act of

selecting the three referenced flower sculptures for either purpose was not an independent act by

whomever made the selection, and Things Remembered admits that it has no evidence that the

act of selecting the three referenced flower sculptures for any purpose possesses at least some

minimal degree of creativity.

**Request for Admission No. 30**

   Admit that Things Remembered has no evidence that the selection of the three flower
sculptures depicted on the single object in Figures 4a, 4b and 4c of Copyright Registration No.
VA 1-055-871 is not "original", that is, independently created (as opposed to copied from other
works), and possess [sic] at least some minimal degree of creativity.

**Response:**

   Things Remembered objects to this request as vague and ambiguous because it does not

specify the purpose of the "selection," which could be construed as pertaining to the selection of

the three flower types to be included in the manufacture of the depicted product or the selection

of the three flower types to be included in the copyright application, and because the notion of an

"independently created selection" is nonsensical. Subject to this objection and the General

Objections set forth above, Things Remembered admits that it has no evidence that the act of

selecting the three referenced flower sculptures for either purpose was not an independent act by

whomever made the selection, and Things Remembered admits that it has no evidence that the

act of selecting the three referenced flower sculptures for any purpose possesses at least some

minimal degree of creativity.

**Request for Admission No. 31**

Admit that Things Remembered has no evidence that each of the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the single objects in figures 2 and figures 4 of Copyright Registration No. VA 1-055-871 are not "works made for hire", as that term is defined in 17 U.S.C. Section 101.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 32**

Admit that Design Ideas, Ltd., is the author of the works depicted in Copyright Registration No. VA 1-055-871.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request to the extent it requests an admission that Design Ideas is the sole author of all of the

referenced works.

**Request for Admission No. 33**

Admit that Design Ideas, Ltd., is the owner of the works depicted in Copyright Registration No. VA 1-055-871.

**Response:**

Things Remembered objects to this request as vague and ambiguous, because the term

"owner of the works" can have several meanings, such as the owner of the physical objects

shown in the referenced registration or the owner of copyrights in the works. Subject to this

objection and the General Objections set forth above, Things Remembered denies this request to

the extent it requests an admission that Design Ideas is the sole owner of all copyrights in all of

the referenced works.

**Request for Admission No. 34**

       Admit that Things Remembered has no evidence that the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the objects in figures 2 and figures 4 (the tealight cup and the votive cup) of Copyright Registration No. VA 1-055-871 were not first published at least as early as or on January 4, 2000.

**Response:**

       Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 35**

       Admit that Things Remembered has no evidence that the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the objects in figures 2 and figures 4 (the tealight cup and the votive cup) of Copyright Registration No. VA 1-055-871 were not first published in the catalog containing the pages DI569-DI576.

**Response:**

       Subject to the General Objections set forth above, Things Remembered denies this

request, noting that the referenced catalog pages do not show the flower designs depicted in

Figures 2b and 4b and that, to the extent tealight cup and votive cup products with flower designs

similar to those depicted in Figures 2a and 4a are shown, such flower designs have a different

angular orientation.

17

**Request for Admission No. 36**

Admit that Things Remembered has no evidence that the catalog containing the pages DI569-DI576 is not a single unit of publication.

**Response:**

Subject to the General Objections set forth above, Things Remembered admits this

request. but it denies that the catalog's status as a single unit of publication has any effect on the

scope of Copyright Registration No. VA 1-055-871.

**Request for Admission No. 37**

Admit that Things Remembered has no evidence that the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the objects in figures 2 and figures 4 of Copyright Registration No. VA 1-055-871 were not first published in the catalog containing the pages DI569-DI576.

**Response:**

Things Remembered objects to this request as being duplicative of Request for

Admission No. 35 and incorporates herein its response to Request for Admission No. 35.

**Request for Admission No. 38**

Admit that Things Remembered has no evidence that Copyright Registration No. VA 1-055-871 is invalid.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 39**

Admit that Things Remembered has no evidence that Copyright Registration No. VA 1-055-871 contains false or inaccurate information.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 40**

Admit that Things Remembered has no evidence that Things Remembered did not have access to the works depicted in Copyright Registration No. VA 1-055-871.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 41**

Admit that Things Remembered has no evidence that Design Ideas knowingly misrepresented authorship in its application which became Copyright Registration No. VA 1-055-871.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

**Request for Admission No. 42**

Admit that Things Remembered has no evidence that Design Ideas knowingly misrepresented the subject matter of the application which became Copyright Registration No. VA 1-055-871 as a work made for hire.

**Response:**

Subject to the General Objections set forth above, Things Remembered denies this

request.

Respectfully submitted,

Dated:  July 3, 2008

Philip J. Moy Jr.
Richard J. Minnich
John S. Zanghi
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
Telephone:  216-861-5582
Facsimile:  216-241-1666

Carl R. Draper
Bar No. 3128847
FELDMAN, WASSER, DRAPER & BENSON
1307 South Seventh Street
Springfield, IL 62703
Telephone:  217-544-3403
Facsimile:  217-544-1593
Email:  cdraper@feldwass.com

Attorneys for Defendant
THINGS REMEMBERED, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I mailed copies of the foregoing DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION DATED APRIL 12, 2008 by First Class Mail, postage prepaid, to the following attorneys for plaintiff:

Paul Bown
BROWN, HAY & STEPHENS, LLP
205 South Fifth Street
Suite 700
Springfield, IL 62701

Michael R. Platt
Garfield Goodrum
SAIDMAN DESIGN LAW GROUP
8601 Georgia Avenue
Silver Spring, MD 20910

Philip J. Moy Jr.
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| DESIGN IDEAS, LTD., ) | |
| ) | Case No. 07-CV-03077 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THINGS REMEMBERED, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S
SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Defendant, Things Remembered, Inc. ("Things Remembered"), hereby submits its

amended written responses to Plaintiff's Second Requests for Defendant's Production of

Documents and Things, transmitted via email on April 12, 2008 by attorneys for plaintiff, Design

Ideas, Ltd. ("Design Ideas"), subject to the general and specific objections set forth below.

**GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated into each of Things

Remembered's responses to each of Design Ideas' individual production requests, as set forth

herein. Things Remembered's responses to each of Design Ideas' production requests are made

without waiver of the following General Objections.

1.    Things Remembered objects to each production request to the extent it seeks

documents or things protected from discovery by the attorney-client privilege, the work product

doctrine, and/or any other applicable privilege or immunity. Nothing contained in these

objections and responses is intended to be, or in any way constitutes, a waiver of any applicable

privilege, immunity, or doctrine. Things Remembered also objects to the identification and

logging of privileged documents generated after the filing of this action, as the volume of documents would render such logging unduly burdensome.

2.      Things Remembered objects to each production request, definition, and/or instruction to the extent that it seeks to impose requirements or obligations upon Things Remembered different from or in addition to those imposed by the Federal Rules of Civil Procedure and/or the Local Rules for the Central District of Illinois. While Things Remembered may choose to use Design Ideas' definitions and instructions as a guide, Things Remembered does not concede or stipulate to their validity or appropriate usage in these proceedings. Things Remembered will respond to non-objectionable production requests in good faith and in a reasonable way, and will satisfy its obligations under the Federal Rules and the Local Rules.

3.      Things Remembered objects to each production request to the extent it calls for legal conclusions.

4.      Things Remembered objects to each production request to the extent that it seeks documents or things not in Things Remembered's possession, custody, or control.

5.      Things Remembered objects to Design Ideas' production requests to the extent they seek documents or things already in Design Ideas' possession (including documents previously produced by either party and transcripts of depositions taken in this action), publicly available, and/or available from other sources that are more convenient, less burdensome, and/or less expensive to Things Remembered.

6.      Things Remembered objects to the phrasing of the document requests to the extent that the terms used therein have legal significance to the allegations of the Complaint. Nothing in these, or any other responses to Design Ideas' discovery, can be taken as an

- 2 -

admission that Things Remembered agrees with Design Ideas' use or interpretation of the relevant terms.

7.      Things Remembered objects to Design Ideas' definition of "Defendant" to the extent it purports to include "any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of [Things Remembered] or anyone under its control or instruction" as overly broad and vague, thereby rendering the production requests unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Any objection or lack of objection to a production request is not to be deemed an admission by Things Remembered that such documents or things exist or that Things Remembered possesses documents or things called for in the production request.

9.      Things Remembered's investigation of matters relevant to these production requests is ongoing. Things Remembered accordingly reserves the right to supplement its responses. Things Remembered also reserves the right to supplement its responses up to and including the time of trial in the event that it discovers additional documents and/or things responsive to Design Ideas' production requests, and further reserves the right to supplement any objections based on newly discovered documents, information, and/or positions taken by Design Ideas as to the scope of the production requests.

- 3 -

## SPECIFIC OBJECTIONS AND RESPONSES

1.    If request [sic] for Admission No. 1 is denied, produce documents evidencing how many units of the Flower Candle Baskets were sold and how much revenue was generated from those sales.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no response is required.

2.    Produce any documents, including those in archives, relating to sales of the Flower Candle Basket in December 2004 and afterward.

**Response:**

Things Remembered objects to this request with respect to sales after December 2004, as it has already produced such documents (see TR00188-90). Subject to this objection and the General Objections set forth above, Things Remembered shall produce at a time and place mutually agreeable to the parties such non-privileged documents as may exist in its possession or control, and other than those already produced, that show its sales of the Flower Candle Basket since December 2004 .

3.    If request [sic] for admission [sic] No. 3 is denied, produce all such communications regarding the Flower Candle Basket.

**Response:**

Things Remembered objects to this request as overly broad, unduly burdensome, and beyond the scope of Fed. R. Civ. P. 34 to the extent that the term "communications" is intended to encompass matters other than documents and things. Subject to these objections, its

objections to Request for Admission No. 3, and the General Objections set forth above, Things

Remembered shall produce at a time and place mutually agreeable to the parties such non-

privileged documents as may exist in its possession or control. As presently advised, no such

documents exist.

4.      Produce any documents, including those in archives, relating to sales of the
Flower Candle Basket in January 2005.

**Response:**

Things Remembered objects to this request as duplicative of Request No. 2 and

incorporates herein its response to Request No. 2, with specific reference to document no.

TR00188.

5.      If request [sic] for Admission No. 5 is denied, produce such "artworks."

**Response:**

Subject to its objections to Request for Admission No. 5 and the General Objections set

forth above, Things Remembered states that no response is required.

6.    If request [sic] for Admission No. 6 is denied, produce any documents relating to the conception, manufacture, advertising, distribution and sales of such wire items with flower motifs.

**Response:**

Subject to its objections to Request for Admission No. 6 and the General Objections set forth above, Things Remembered states that it is unaware of any documents relating to Libra's display of wire items with flower motifs prior to Libra's supplying the Flower Candle Basket other than transcripts of depositions taken in this action.

7.    If request [sic] for Admission No. 7 is denied, produce any documents relating to the conception, manufacture, advertising, distribution and sales of such wire items with flower motifs.

**Response:**

Thing Remembered objects to this request as overly broad, unduly burdensome, irrelevant, and not calculated to lead to the discovery of admissible evidence, as it is directed to products with non-wire flower motifs. Subject to these objections and the General Objections set forth above, Things Remembered states that it has already produced documents showing such products (see TR00165-66).

8.    If request [sic] for Admission No. 8 is denied, produce any documents relating to the conception, manufacture, advertising, distribution and sales of such wire items with flower motifs.

**Response:**

Subject to its objections to Request for Admission No. 8 and the General Objections set forth above, Things Remembered states that no response is required.

- 6 -

9.    If request [sic] for Admission No. 9 is denied, produce any documents containing such response.

**Response:**

Things Remembered objects to this request, as it has already produced such documents

(see TR00279-80).

10.    Produce the sample identified in Defendant's response to Plaintiff's Interrogatory No. 4 for inspection and copying or present photographic evidence of the same.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such samples or photographs exist in its possession or control.

11.    If the sample identified in Defendant's response to Plaintiff's Interrogatory No. 4 no longer exists or is not available, produce any and all documents related to it.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than transcripts of depositions taken in

this action.

- 7 -

12.    If request [sic] for Admission No. 12 is denied, produce any documents relating to Things Remembered's advising Libra Pacific Co. Ltd. that Things Remembered was interested in obtaining a wire candle basket having flower motifs and an engraving plate as described in Defendant's Response to Plaintiff's Interrogatory No. 4.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than transcripts of depositions taken in

this action.

13.    If request [sic] for Admission No. 13 is denied, produce any documents relating to Things Remembered's review of the sample of what ultimately became the Flower Candle Basket as described in Defendant's response to Plaintiff's Interrogatory No. 4.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than transcripts of depositions taken in

this action.

14.    If Request for Admission No. 20 is denied, produce any documents relating to Things Remembered [sic] evidence that a person who was not an employee of Design Ideas created Design Ideas' wire flower sculptures.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than transcripts of depositions taken in

this action.

- 8 -

15.    If Request for Admission No. 21 is denied, produce any documents relating to such person's creation of the flowers depicted on DI000174 – DI000178.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

response is required.

16.    If Request for Admission No. 22 is denied, produce any documents evidencing that the sketches on DI000174 – DI000178 are not "original", that is, independently created (as opposed to copied from other works), and possess at least some minimal degree of creativity.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

response is required.

17.    If Request for Admission No. 23 is denied, produce any documents relating to such person's involvement in the selection of sketches from those depicted on DI000174 – DI000178 for rendering into the Flower Sculptures.

**Response:**

Subject to its objections to Request for Admission No. 23 and the General Objections set

forth above, Things Remembered states that no response is required.

- 9 -

18.    If Request for Admission No. 24 is denied, produce any documents relating to such person's activity in rendering sketches 1, 9 and 14 depicted on DI000174 – DI000178 into the Flower Sculptures.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than transcripts of depositions taken in

this action.

19.    If Request for Admission No. 25 is denied, produce any documents relating to Bo Du's involvement in making aesthetic, artistic or design decisions for rendering sketches 1, 9 and 14 depicted on DI000174 – DI000178 into the Flower Sculptures.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

response is required.

20.    If Request for Admission No. 26 is denied, produce any documents evidencing that the Flower Sculptures exactly copy any actual flower in nature.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

response is required.

- 10 -

21.    If Request for Admission No. 27 is denied produce any documents evidencing how any one of the flower sculptures depicted in Figures 2a, 2b, 2c, 4a, 4b and 4c of Copyright Registration No. VA 1-055-871 are [sic] identical copies of either flower depicted on ANDY VAN METER EXHIBIT 3.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

response is required.

22.    If Request for Admission No. 28 is denied, produce any documents evidencing that any of the flower sculptures depicted in Figures 2a, 2b, 2c, 4a, 4b and 4c of Copyright Registration No. VA 1-055-871 are [sic] not "original", that is, independently created (as opposed to copied from other works), and possess [sic] at least some minimal degree of creativity.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

response is required.

23.    If Request for Admission No. 29 is denied, produce any documents evidencing how the selection of the three flower sculptures depicted on the single object in Figures 2a, 2b, 2c (the tealight cup and the votive cup) of Copyright Registration No. VA 1-055-871 is not original", that is, independently created (as opposed to copied from other works), and possess [sic] at least some minimal degree of creativity.

**Response:**

Subject to its objections to Request for Admission No. 29 and the General Objections set

forth above, Things Remembered states that no response is required.

24.    If Request for Admission No. 30 is denied, produce any documents evidencing how the selection of the three flower sculptures depicted on the single object in Figures 4a, 4b and 4c (the tealight cup and votive cup) of Copyright Registration No. VA 1-055-871 is not "original", that is, independently created (as opposed to copied from other works), and possess [sic] at least some minimal degree of creativity.

**Response:**

Subject to its objections to Request for Admission No. 30 and the General Objections set

forth above, Things Remembered states that no response is required.

25.    If Request for Admission No. 31 is denied, produce any documents evidencing that each of the flower sculptures depicted in Figures 2a, 2b, 2c, 4a, 4b and 4c and the selections of same presented on the single objects in figures 2 and figures 4 (the tealight cup and the votive cup) of Copyright Registration No. VA 1-055-871 are not "works made for hire", as that term is defined in 17 U.S.C. Section 101.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than transcripts of depositions taken in

this action.

26.    If Request for Admission No. 32 is denied, produce any documents relating to the identity of the author of the works depicted in Copyright Registration No. VA 1-055-871.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

documents relating to Design Ideas' not being the sole author exist in its possession or control

other than transcripts of depositions taken in this action.

27.    If Request for Admission No. 33 is denied, produce any documents relating to the
ownership of the works depicted in Copyright Registration No. VA 1-055-871.

**Response:**

Subject to its objections to Request for Admission No. 33 and the General Objections set

forth above, Things Remembered states that no documents relating to Design Ideas' not being

the sole owner exist in its possession or control other than transcripts of depositions taken in this

action.

28.    If Request for Admission No. 34 is denied, produce documents evidencing the
flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c of Copyright Registration No.
VA 1-055-871 were not first published at least as early as or on January 4, 2000.

**Response:**

Things Remembered objects to this request, as Design Ideas produced such documents

(see DI571).

29.    If Request for Admission No. 35 is denied, produce any document evidencing the
flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same
presented on the objects in figures 2 and figures 4 of Copyright Registration No. VA 1-055-871
were not first published in the catalog containing the pages DI569 – DI576.

**Response:**

Things Remembered objects to this request, as Design Ideas produced such documents

(see DI571).

30.    If Request for Admission No. 36 is denied, produce any documents evidencing the catalog containing the pages DI569 – DI576 is not a single unit of publication.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

response is required.

31.    If Request for Admission No. 37 is denied, produce any documents evidencing the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the objects in figures 2 and figures 4 (the tealight cup and the votive cup) of Copyright Registration No. VA 1-055-871 were not first published in the catalog containing the pages DI569 – DI576.

**Response:**

Things Remembered objects to this request as being duplicative of Production Request

No. 29 and incorporates herein its response to Production Request No. 29.

32.    If Request for Admission No. 38 is denied, produce any documents evidencing Copyright Registration No. VA 1-055-871 is invalid.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than the registration itself and transcripts

of depositions taken in this action.

- 14 -

33.    If Request for Admission No. 39 is denied, produce and [sic] documents evidencing Copyright Registration No. VA 1-055-871 is [sic] contains false or inaccurate information.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than the registration itself and transcripts

of depositions taken in this action.

34.    If Request for Admission No. 40 is denied, produce any documents evidencing Things Remembered did not have access to the works depicted in Copyright Registration No. VA 1-055-871.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than transcripts of depositions taken in

this action.

35.    If Request for Admission No. 41 is denied, produce any documents evidencing Design Ideas' knowing misrepresentation of authorship in its application which became Copyright Registration No. VA 1-055-871.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than the registration itself and transcripts

of depositions taken in this action.

36.    If Request for Admission No. 42 is denied, produce any documents evidencing Design Ideas' knowing misrepresentation of the subject matter of the application which became Copyright Registration No. VA 1-055-871 as a work made for hire.

**Response:**

Subject to the General Objections set forth above, Things Remembered states that no

such documents exist in its possession or control other than the registration itself and transcripts

of depositions taken in this action.

Respectfully submitted,

Dated: July 3, 2008

Philip J. Moy, Jr.
Richard J. Minnich
John S. Zanghi
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

Carl R. Draper
Bar No. 3128847
FELDMAN, WASSER, DRAPER & BENSON
1307 South Seventh Street
Springfield, IL 62703
Telephone: 217-544-3403
Facsimile: 217-544-1593
Email: cdraper@feldwass.com

Attorneys for Defendant
THINGS REMEMBERED, INC.

- 16 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I mailed copies of the foregoing DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS by United States Postal Service to the following attorneys for plaintiff:

Paul Bown
BROWN, HAY & STEPHENS, LLP
205 South Fifth Street
Suite 700
Springfield, IL 62701

Michael R. Platt
Garfield Goodrum
SAIDMAN DESIGN LAW GROUP
8601 Georgia Avenue
Silver Spring, MD 20910

Philip J. Moy Jr.
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

- 17 -

E-FILED
Monday, 14 July, 2008 06:23:01 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD., | ) |
| | ) Case No. 07-CV-03077 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THINGS REMEMBERED, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S
### SECOND SET OF INTERROGATORIES

Defendant, Things Remembered, Inc. ("Things Remembered") hereby submits its

amended responses to Plaintiff's Second Set of Interrogatories to Defendant, transmitted via

email on April 12, 2008 by attorneys for plaintiff, Design Ideas, Ltd. ("Design Ideas"), subject to

the general and specific objections set forth below.

### GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each of Things

Remembered's responses to each of Design Ideas' individual interrogatories as set forth herein.

Things Remembered's responses to each of Design Ideas' interrogatories are made without

waiver of the following General Objections.

1.      Things Remembered objects to these interrogatories as being in excess of the

maximum number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1), Design Ideas

already having propounded at least twenty-three interrogatories, including discrete subparts) in

Plaintiff's First Set of Interrogatories to Defendant. Things Remembered shall provide

substantive responses to Design Ideas' second set of interrogatories once Design Ideas designates

the two interrogatories in the set that are to be answered, reserving the right to raise additional objections specifically directed to such designated interrogatories.

2.    Things Remembered objects to each interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege, immunity, or doctrine. Things Remembered also objects to the identification and logging of privileged documents generated after the filing of this action, as the volume of documents would render such logging unduly burdensome.

3.    Things Remembered objects to each interrogatory, definition, and/or instruction to the extent that it seeks to impose requirements or obligations upon Things Remembered different from or in addition to those imposed by the Federal Rules of Civil Procedure and/or the Local Rules for the Central District of Illinois. While Things Remembered may choose to use Design Ideas' definitions and instructions as a guide, Things Remembered does not concede or stipulate to their validity or appropriate usage in these proceedings. Things Remembered will respond to non-objectionable interrogatories in good faith and in a reasonable way, and will satisfy its obligations under the Federal Rules and the Local Rules.

4.    Things Remembered objects to each interrogatory to the extent it calls for legal conclusions.

5.    Things Remembered objects to each interrogatory to the extent that it seeks information that is not in Things Remembered's possession, custody, or control.

6.    Things Remembered objects to Design Ideas' interrogatories to the extent they seek information that is already in Design Ideas' possession, publicly available, and/or available

from other sources that are more convenient, less burdensome, and/or less expensive to Things Remembered.

7.    Things Remembered objects to the phrasing of the interrogatories to the extent that the terms used therein have legal significance to the allegations of the Complaint. Nothing in these, or any other responses to Design Ideas' discovery, can be taken as an admission that Things Remembered agrees with Design Ideas' use or interpretation of the relevant terms.

8.    Things Remembered objects to Design Ideas' definition of "Defendant" to the extent it purports to include "any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of [Things Remembered] or anyone under its control or instruction" as overly broad and vague, thereby rendering the interrogatories unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9.    Any objection or lack of objection to an interrogatory is not to be deemed an admission by Things Remembered that such information exists or that Things Remembered possesses information called for in the interrogatory.

10.    Things Remembered's investigation of matters relevant to these interrogatories is ongoing. Things Remembered accordingly reserves the right to supplement its responses. Things Remembered also reserves the right to supplement its responses up to and including the time of trial in the event that it discovers additional documents and/or information responsive to Design Ideas' interrogatories, and further reserves the right to supplement any objections based on newly discovered documents, information, and/or positions taken by Design Ideas as to the scope of the interrogatories.

- 3 -

## SPECIFIC OBJECTIONS AND RESPONSES

1.      If a request [sic] for Admission No. 1 is denied, how many Flower Candle Baskets has Things Remembered Sold [sic] and exactly how much revenue was generated from those sales?

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

2.      How many units of the Candle Flower Basket [sic] were sold by Things Remembered in [sic] after November 2004?

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

3.      Describe Stacey Bertke's contribution to the conception and/or creation of the Flower Candle Basket.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

4.    Identify any person at Libra Pacific Co. Ltd. with whom Stacey Bertke communicated in order to respond to Christina Sun's email sent March 30, 2005 to Stacey Bertke produced as TR00229.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

5.    If request [sic] for Admission No. 6 is denied, identify such wire items with flower motifs.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

6.    If Request for Admission No. 7 is denied, identify such wire items with flower motifs.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

7.    If Request for Admission No. 8 is denied, identify such wire items with flower motifs.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.


8.    If Request for Admission No. 9 is denied, describe AMC's response to the letter produced as TR00237.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.


9.    If Things Remembered's interest in obtaining a wire candle basket having flower motifs as described in Defendant's response to Plaintiff's Interrogatory No. 4 was communicated directly to Libra Pacific Co. Ltd., identify such person at Libra Pacific Co. Ltd.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

10.     Identify any person who reviewed and or approved the sample of what ultimately became the Flower Candle Basket as described in Defendant's response to Plaintiff's Interrogatory No. 4.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

11.     Explain why Suzanne Sutter was removed as President and Chief Executive Officer of Things Remembered on January 2, 2007.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

12.     Describe the location and condition of the Flower Candle Baskets remaining in inventory.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

13.    If Request for Admission No. 15 is denied, identify any such outlet.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.


14.    If Request for Admission No. 16 is denied, identify the total number of Flower
Candle Baskets Things Remembered ordered from Tasia International Company Limited.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.


15.    If Request for Admission No. 20 is denied, identify any such evidence and person.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

16.     Identify the source from which Things Remembered obtained the documents produced as TR00102 – TR00110 and identify the date on which Things Remembered first obtained the same.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

17.     If Request for Admission No. 21 is denied, identify such person.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

18.     If Request for Admission No. 22 is denied, describe the lack of creativity or the independent creation, identifying any person involved.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

19.    If Request for Admission No. 23 is denied, identify such person and describe their involvement in the selection of sketches from those depicted on DI000174 – DI000178 for rendering into the Flower Sculptures.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

20.    If Request for Admission No. 24 is denied, identify such person and describe such person's activity in rendering sketches 1, 9 and 14 depicted on DI000174 – DI000178 into the Flower Sculptures.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

21.    If Request for Admission No. 25 is denied, describe Bo Du's involvement in making aesthetic, artistic or design decisions for rendering sketches 1, 9 and 14 depicted on DI000174 – DI000178 for rendering into the Flower Sculptures.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

- 10 -

22.    If Request for Admission No. 26 is denied, identify which actual flowers in nature the Flower Sculptures exactly copy.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.


23.    If Request for Admission No. 27 is denied, describe how any of the flower sculptures depicted in Figures 2a, 2b, 2c, 4a, 4b and 4c of Copyright Registration No. VA 1-055-871 are [sic] identical copies of either flower depicted on ANDY VAN METER EXHIBIT 3.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.


24.    If Request for Admission No. 28 is denied, describe how any of the flower sculptures depicted in Figures 2a, 2b, 2c, 4a, 4b and 4c of Copyright Registration No. VA 1-055-871 are [sic] not "original", that is, independently created (as opposed to copied from other works), and possess [sic] at least some minimal degree of creativity.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

25.     If Request for Admission No. 29 is denied, describe how the selection of the three flower sculptures depicted on the single object in Figures 2a, 2b and 2c (the tealight cup and the votive cup) of Copyright Registration No. VA 1-055-871 is not "original", that is, independently created (as opposed to copied from other works), and possesses at least some minimal degree of creativity.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

26.     If Request for Admission No. 30 is denied, describe how the selection of the three flower sculptures depicted on the single object in Figures 4a, 4b and 4c (the tealight cup and the votive cup) of Copyright Registration No. VA 1-055-871 is not "original", that is, independently created (as opposed to copied from other works), and possesses at least some minimal degree of creativity.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

27.     If Request for Admission No. 31 is denied, describe how each of the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the single objects in figures 2 and figures 4 (the tealight cup and the votive cup) of Copyright Registration No. VA 1-055-871 are not "works made for hire", as that term is defined in 17 U.S.C. Section 101.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

28.    If Request for Admission No. 32 is denied, identify the author of the works depicted in Copyright Registration No. VA 1-055-871.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.


29.    If Request for Admission No. 33 is denied, identify the author of the works depicted in Copyright Registration No. VA 1-055-871.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.


30.    If Request for Admission No. 34 is denied, describe how the flower sculptures depicted in Figures 2a, 2b, and 2c, 4a, 4b and 4c and the selections of same presented on the objects in figures 2 and figures 4 (the teacup light and the votive cup) of Copyright Registration No. VA 1-055-871 were not first published at least as early as or on January 4, 2000.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

31.    If Request for Admission No. 35 is denied, describe how the flower sculptures depicted in Figures 2a, 2b, and 2c, 4a, 4b and 4c and the selections of same presented on the objects in figures 2 and figures 4 (the teacup light and the votive cup) of Copyright Registration No. VA 1-055-871 were not first published in the catalog containing the pages DI569 – DI576.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

32.    If Request for Admission No. 36 is denied, describe how the catalog containing the pages DI569 – DI576 is not a single unit of publication.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

33.    If Request for Admission No. 37 is denied, describe how the flower sculptures depicted in Figures 2a, 2b, and 2c, 4a, 4b and 4c and the selections of same presented on the objects in figures 2 and figures 4 (the teacup light and the votive cup) of Copyright Registration No. VA 1-055-871 were not first published in the catalog containing the pages DI569 – DI576.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

34.    If Request for Admission No. 38 is denied, describe how Copyright Registration No. VA 1-055-871 is invalid.

**Response:**

Subject to and without waiving the General Objections set forth above, Things Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of interrogatories to the permitted number.

35.    If Request for Admission No. 39 is denied, describe how Copyright Registration No. VA 1-055-871 contains false or inaccurate information.

**Response:**

Subject to and without waiving the General Objections set forth above, Things Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of interrogatories to the permitted number.

36.    If Request for Admission No. 40 is denied, describe how Things Remembered did not have access to the works depicted in Copyright Registration No. VA 1-055-871.

**Response:**

Subject to and without waiving the General Objections set forth above, Things Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of interrogatories to the permitted number.

37.    If Request for Admission No. 41 is denied, describe Design Ideas' knowing misrepresentation of authorship in its application which became Copyright Registration No. VA 1-055-871.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

38.    If Request for Admission No. 42 is denied, describe Design Ideas' knowing misrepresentation of the subject matter of the application which became Copyright Registration No. VA 1-055-871 as a work made for hire.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

39.    Identify the model number and the date of first sale of each of the products depicted in TR00266.

**Response:**

Subject to and without waiving the General Objections set forth above, Things

Remembered shall respond to this interrogatory if it remains after plaintiff reduces the number of

interrogatories to the permitted number.

Respectfully submitted and as to objections,

Dated: July 3, 2008

Philip J. Moy Jr.
Richard J. Minnich
John S. Zanghi
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

Carl R. Draper
Bar No. 3128847
FELDMAN, WASSER, DRAPER & BENSON
1307 South Seventh Street
Springfield, IL 62703
Telephone: 217-544-3403
Facsimile: 217-544-1593
Email: cdraper@feldwass.com

Attorneys for Defendant
THINGS REMEMBERED, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I mailed copies of the foregoing DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES by First Class Mail, postage prepaid, to the following attorneys for plaintiff:

Paul Bown
BROWN, HAY & STEPHENS, LLP
205 South Fifth Street
Suite 700
Springfield, IL 62701

Michael R. Platt
Garfield Goodrum
SAIDMAN DESIGN LAW GROUP
8601 Georgia Avenue
Silver Spring, MD 20910

Philip J. Moy Jr.
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DESIGN IDEAS, LTD., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-cv-03077 |
| | ) | |
| THINGS REMEMBERED INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S AMENDED SECOND SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

through counsel, hereby propounds the following interrogatories to Defendant, Plaintiff

Counterclaimant to be answered fully and separately in writing and under oath within the

time period permitted by Rule 33 after service hereof or at a time to be determined by the

Court.

These interrogatories shall be governed by the following definitions and

instructions:

## DEFINITIONS AND INSTRUCTIONS

1.     Defendant means (a) Things Remembered Inc., its predecessor corporations,

successor corporations, each subsidiary corporation, affiliated or related companies, and

divisions; (b) each of its consultants, accountants, attorneys and independent contractors

which have contractual relations with it; (c) any person acting or purporting to act or, at

the time of the stated subject matter, was acting or purporting to act for or on behalf of it

or anyone under its control, direction or instruction; and (d) its present and former employees.

2.      Flower Candle Basket means the decorative container made of metal wires and other metal components that was offered by defendant under Model No. 518550.

3.      Flower Sculptures means any or all of the three flower wire sculptures depicted in Copyright Registraion No. VA 1-055-871.

4.      The word "identify" or "identity" when used with respect to an individual means such individual's (a) full name, present or last known address, business address(es)and telephone number(s); (b) present or last known employer's place of business and job title, if any; and (c) the nature ( including job title , if any) and dates of affiliation, by employment or otherwise with any party to this litigation.

5.      The word "identify or "identity" when used with respect to an entity other than an individual means (a) its name; (b) its nature (e.g. corporation, partnership, etc.); (c) the location of its principal place of business; and (d) the persons employed by such entity with whom defendant has dealt with respect to the subject matter of the interrogatory.

6.      "Relating to" includes pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or impliedly the subject matter of the specific interrogatory.

7.      "Person" means the plural as well as the singular and includes any natural person and any firm, corporation, association or partnership or other form of legal entity.

8.      For the purposes of these interrogatories, all words, phrases and sentences are to be construed in a reasonable manner.

2

9.    These interrogatories are continuing in nature and encompass all information that is in the possession, custody or control of defendant at the present time or that comes into the possession, custody or control of defendant at any time while the present legal action is pending.

10.    If any answer responsive to these Interrogatories is withheld under any claim of privilege or confidentiality, defendant shall provide a list which identifies the subject matter for which privilege or confidentiality is claimed, including at least the following information:

      a.    nature and date of the  subject matter;

      b.    author;

      c.    the person or persons to whom the subject matter was conveyed, either orally or in writing together with the person(s) job title or position;

      d.    the basis upon which the privilege is claimed; and

      e.    the interrogatory to which each claim of privilege responds.

## INTERRROGATORIES

1.    If Request for Admission No. 20 is denied, identify any such evidence and person.

2.    If Request for Admission No. 24 is denied, identify such person and describe such person's activity in rendering sketches 1, 8 and 14 depicted on DI000174 – DI000178 into the Flower Sculptures.

3

3.    If Request for Admission No. 31 is denied, describe how each of the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the single objects in figures 2 and figures 4 of Copyright Registration No. VA 1-055-871 are not "works made for hire", as that term is defined in 17 U.S.C. Section 101.

4.    If Request for Admission No. 32 is denied, identify the author of the works depicted in Copyright Registration No. VA 1-055-871.

5.    If Request for Admission No. 33 is denied, identify the owner of the works depicted in Copyright Registration No. VA 1-055-871.

6.    If Request for Admission No. 34 is denied, describe how the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the objects in figures 2 and figures 4 of Copyright Registration No. VA 1-055-871 were not first published at least as early as or on January 4, 2000.

7.    If Request for Admission No. 35 is denied, describe how the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the objects in figures 2 and figures 4 of Copyright Registration No. VA 1-055-871 were not first published in the catalog containing the pages DI569 – DI576.

4

8.    If Request for Admission No. 38 is denied, describe how Copyright Registration No. VA 1-055-871 is invalid.

9.    If Request for Admission No. 39 is denied, describe how Copyright Registration No. VA 1-055-871 is contains false or inaccurate information.

10.    If Request for Admission No. 40 is denied, describe how Things Remembered did not have access to the works depicted in Copyright Registration No. VA 1-055-871.

11.    If Request for Admission No. 41 is denied, describe Design Ideas' knowing misrepresentation of authorship in its application which became Copyright Registration No. VA 1-055-871.

12.    If Request for Admission No. 42 is denied, describe Design Ideas' knowing misrepresentation of the subject matter of the application which became Copyright Registration No. VA 1-055-871 as a work made for hire.

Respectfully submitted,

**DESIGN IDEAS, LTD.,**

by its attorneys,

**BROWN, HAY & STEPHENS, LLP**

Paul Bown
205 S. Fifth Street, Suite 700
Springfield, Illinois 62701
(217) 544-8491
fax: (217) 544-9609

5

and

**SAIDMAN DesignLaw Group, LLC**

Dated:  July 14, 2008                By:      /s/ Michael Platt_____

                                               Michael T. Platt
                                               Garfield Goodrum
                                               8601 Georgia Avenue
                                               Silver Spring, MD  20910
                                               (301) 585-8601
                                               fax: (301) 585-0138
                                               garfield.goodrum@designlawgroup.com
                                               Attorney Goodrum is admitted in MA and not yet admitted in MD.

# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.  3:07-cv-03077 |
| | ) |
| THINGS REMEMBERED INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST REQUEST FOR
## DEFENDANT'S  PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff requests defendant to respond to the following requests for production of documents and produce the requested documents and things within thirty (30) days of service at the offices of SAIDMAN DesignLaw Group, 8601 Georgia Ave., Suite 603, Silver Spring, MD  20910.

### DEFINITIONS

1.    Defendant means (a) Things Remembered Inc., its predecessor corporations, successor corporations, each subsidiary corporation, affiliated or related companies, and divisions; (b) each of its consultants, accountants, attorneys and independent contractors which have contractual relations with it; and (c) any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of it or anyone under its  control, direction or instruction.

2.    Flower Candle Basket means the decorative container made of metal wires and other metal components, including heart shaped wires connected to each other by

straight wire supports with flower shaped wire figures between certain of the straight wire supports, that was offered by defendant and sometimes known by Model No. 518550.

3.    Flower Sculptures means the three flower wire sculptures created by Design Ideas and depicted in paragraph 9 of the Complaint (Document 1) and any objects containing them or any of them, e.g., the votive cups depicted in paragraph 9 of the Complaint or the fruit basket depicted in paragraph 10 of the Complaint.

4.    Document in either the singular or plural form, shall be construed in its broadest sense and shall include, but is not limited to all written, printed, typed, recorded, graphic, stenographic, computer generated, computer stored, and electronically stored matter of every kind and description.

5.    If any document responsive to a request was at one time in existence, but has been lost, discarded, destroyed. or is otherwise presently unavailable, identify such document as completely as possible, providing as much of the following information as possible:

    a. the type of document;

    b. its date;

    c. the date or approximate date it was lost, discarded, destroyed or otherwise became unavailable;

    d. the reason or reasons for disposing of the document if discarded or destroyed;

    e. the circumstances and manner in which it was lost, discarded, destroyed or otherwise became unavailable;

f. the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the documents;

g. the identity of all persons who lost, discarded, destroyed or otherwise caused the unavailability of the document; and

h. the document request to which such document is responsive.

6.    "Relating to" includes pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or impliedly the subject matter of the specific interrogatory.

7.    "Person" means the plural as well as the singular and includes any natural person and any firm corporation, association or partnership or other form of legal entity.

8.    If any document responsive to these requests is withheld under any claim of privilege or confidentiality, defendant shall provide a list which identifies the subject matter for which privilege or confidentiality is claimed, including at least the following information:

a. nature and date of the subject matter;

b. author;

c. the person or persons to whom the subject matter was conveyed, either orally or in writing together with the person(s) job title or position;

d. the basis upon which the privilege is claimed; and

e. the request to which each claim of privilege responds.

## REQUESTS

1.    All documents referring or relating to patent, trademark or copyright infringement litigations and arbitrations in which defendant was or is a party.

3

2.      Exemplars of all versions of the Flower Candle Basket designed, manufactured, marketed or sold by defendant, including all packaging and inserts, both printed and on digital media.

3.      All documents referring or relating to the design, development, creation, manufacture, importation or purchase of the Flower Candle Basket by or on behalf of defendant.

4.      All documents referring or relating to defendant's distribution and sale of the Flower Candle Basket.

5.      All documents referring or relating to returns of the Flower Candle Basket.

6.      All documents constituting, or referring or relating to, defendant's advertising, promotion or marketing of the Flower Candle Basket, including all catalogs, advertisements, price sheets, flyers and brochures depicting or referring to the Flower Candle Basket.

7.      All documents referring or relating to defendant's profits from sales of the Flower Candle Basket.

8.      All documents referring or relating to costs incurred by defendant in creating, designing, developing, importing, manufacturing, distributing or selling the Flower Candle Basket.

9.      All documents referring or relating to the disposition of Flower Candle Baskets in existence when defendant ceased selling the Flower Candle Basket.

10.     All documents evidencing, or referring or relating to, licensing, assignment, transfer, hypothecation, or conveyance of any rights in the Flower Candle Basket or the wire flower sculptures contained therein.

11.     All documents constituting, or referring or relating to, any comparison of the Flower Candle Basket with the Flower Sculptures or any other product of plaintiff.

12.     All documents constituting, or referring to any copyright or patent searches on the Flower Candle Basket or its constituent parts.

13.     All documents constituting, referring or relating to, or evidencing, defendant's receipt of any catalogs, advertisements, price sheets, flyers or brochures published by plaintiff or depicting plaintiff's products.

14.     All documents constituting, referring or relating to, or evidencing, any orders by defendant for any of plaintiff's products.

4

15.    All documents evidencing, or supporting, or relating to, defendant's denial at paragraph 9 of its Answer (Document 7) that there is any originality in the Flower Sculptures.

16.    All documents evidencing, or supporting, or relating to, defendant's denial at paragraph 10 of its Answer (Document 7) that there is any creativity or originality in the Flower Sculptures.

17.    All documents evidencing, or supporting, or relating to, defendant's Affirmative Defense paragraphs 1 through 8 of its Answer (Document 7).

18.    All documents relied upon by defendant in preparing responses to Plaintiff's First Request for Production of Documents.

19.    Documents sufficient to identify defendant's officers since 1999.

20.    Documents sufficient to identify defendant's employees responsible for research, product conception, engineering, product development, testing, manufacturing, licensing, sales and marketing of Flower Candle Baskets since January 1, 1995.

21.    All organizational charts that identify the persons employed by defendant in connection with research, product conception, engineering, product development, testing, manufacturing, licensing, sales and marketing Flower Candle Baskets since January 1, 1995.

22.    All documents and things referred to or relied upon in preparing defendant's Answer.

23.    All documents and things that refer or relate to the qualification, publications, employment or prior testimony of any expert retained or employed by defendant in this action.

24.    All documents and things that refer or relate to communications between defendant, or its agent(s), representative(s), attorney(s) and any person who defendant expects to call as a witness at any trial or hearing in this action, including without limitation any expert witness.

25.    All documents and things prepared by or for an expert witness retained or employed in this action by or for defendant relating to any and all opinions of such witnesses, facts known, the cases for such opinions and the data or other information considered by such witness.

5

Respectfully submitted,

**DESIGN IDEAS, LTD.,**

by its attorneys,

**SAIDMAN DesignLaw Group**

Dated:    October 15, 2007        By:        _[signature]_

Michael T. Platt
Garfield Goodrum
8601 Georgia Avenue
Silver Spring, MD  20910
(301) 585-8601
fax: (301) 585-0138
garfield.goodrum@designlawgroup.com
Attorney Goodrum is admitted in MA, and not yet admitted in MD.

## CERTIFICATE OF SERVICE

I certify that on October 15, 2007, a copy of the above and foregoing Plaintiff's Request for Defendant's First Production of Documents was caused to be served on opposing counsel of record by U.S. Mail, Postage Prepaid, properly addressed.

_[signature]_
R. Effie Hale

6

**Ibold, Charles J.**

**REDACTED**

3/30/05

Hi Stacey,

Checked with Libra the folra motifs with formed wire like our candle basket they only developed this for TRD as per your artworks as they know this is exclusive for TRD only. So, they did not use this concepts to develope other products.

Best regards
Christina Sun

-----Original Message-----
**From:** Bertke, Stacey . [mailto:SBertke@thingsremembered.com]
**Sent:** Wednesday, March 30, 2005 5:14 AM
**To:** Frank, Ellen S.; Ibold, Charles J.; Rufener, Wendy L.; Potter, Denise L.; Sun, Christina
**Subject:** Libra- candle basket from 2001 sku #518550

Christina:
Could you please ask Libra if they had ever made or sourced **any wire items with flower motifs** prior to making our Flower Candle Basket sku# 518550. It does not matter what type of items they had made with flower motifs like those on our candle basket, we just need to know if they had ever made any items with floral motifs out of formed wire. (housewares items, fruit baskets, candle holders, bathroom items, wall hangings... anything)

If they had made items with floral wire motifs, then please ask them for how many years they had been making or sourcing this type of wire floral product.

Thanks

Stacey

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

3/30/2005

CONFIDENTIAL - Subject to
Protective Order

TR00229

Exhibit K

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

- - -

Design Ideas, Ltd.,          )
                             )
            Plaintiff,       )
                             )
    vs.                      )   Case No. 3:07-cv-03077
                             )
Things Remembered, Inc.,     )
                             )
            Defendant.       )

- - -


        Deposition of Ellen Frank, a witness

herein, called by the plaintiff for

cross-examination pursuant to the Federal Rules of

Civil Procedure, taken before Karen A. Toth,

Registered Professional Reporter and Notary Public

in and for the State of Ohio, at Jones, Day,

North Point Building, 901 Lakeside Avenue,

Cleveland, Ohio 44114, on Wednesday, April 23, 2008,

commencing at 9:32 a.m.

- - -

Page 143

1           September 2001 buying trip?

2    A     She did not.

3    Q     Do you know if she went on the either of the

4          New York or the Atlanta trips in 2001?

5    A     She did not.

6    Q     And then Christina Sun is the last person

7          listed.  Let's see.  Would you read out loud

8          for us the body of that e-mail?

9    A     "Christina, could you please ask Libra if they

10         had ever made or sourced any wire items with

11         flower motifs prior to making our flower

12         candle baskets, SKU 518550?  It doesn't matter

13         what type of items they had made with flower

14         motifs like those on our candle basket, we

15         just need to know if they've ever made any

16         items of floral motifs out of formed wire,

17         houseware items, fruit baskets, candleholders,

18         bathroom items, wall hangings, anything.  If

19         they have made items with floral wire motifs,

20         then please ask them for how many years they

21         had been making or sourcing this type of wire

22         floral product.  Thanks, Stacey."

23   Q     And up above there is a response.  Now, it has

24         been marked redacted here.

25                   MR. GOODRUM:     Counsel, was why this

Page 144

1          redacted?

2                  MR. MOY:        I believe, counsel,

3          there is some privileged communication that is

4          redacted from Mr. Ibold.  I believe that's my

5          recollection as to why the redaction took

6          place.

7                  MR. GOODRUM:      And this indicates

8          Page 1 of 1.  Do you -- this -- really it's a

9          one-page document, right?

10                 MR. MOY:        Right.  I believe

11         there is another e-mail from -- with which

12         Mr. Ibold was involved providing

13         communications with the people he represents.

14                 MR. GOODRUM:      Was it an unrelated

15         matter?

16                 MR. MOY:        I don't recall what

17         it is sitting here, counsel.  It was

18         privileged.

19                 MR. GOODRUM:      Of course.

20                 MR. MOY:        The communication

21         between Ms. Sun and Stacey Bertke is not

22         privileged, that's why we provided it to you.

23                 MR. GOODRUM:      Of course, counsel.

24         If you could, when you have the time, please,

25         if you could let us know who the

Page 145

1           correspondence was with, the date of that

2           correspondence.

3                   MR. MOY:        As soon as we get

4           your privilege log, we will give you ours.

5                   MR. GOODRUM:        I'm really just

6           interested in not privilege information, but

7           we'd like that, please.

8    Q      Would you read that top portion, please?

9    A      "Hi, Stacey.  Checked with Libra about floral

10          motifs with formed wire like our candle

11          basket.  They only developed this for TRD as

12          per your artworks as they know this is

13          exclusive to TRD only.  So they did not use

14          those concepts to develop other products.

15          Best regards, Christina Sun."

16   Q      Who is TRD?

17   A      It's an abbreviation for Things Remembered

18          that a lot of our vendors just used the

19          abbreviation.

20   Q      And that first sentence states, "As per your

21          artworks."  What does that mean?

22   A      Many times with our Asian manufacturers, if

23          you send them reference -- if it was something

24          from a magazine or, you know, an In Style

25          Magazine, for example, any type of reference

Page 189

```
 1    State of Ohio,            )
                               )  SS:  CERTIFICATE
 2    County of Cuyahoga,       )
```

 3        I, Karen A. Toth, RPR and Notary Public in and

 4    for the State of Ohio, duly commissioned and

 5    qualified, do hereby certify that the within named

 6    witness, Ellen Frank, was by me first duly sworn to

 7    testify the truth, the whole truth, and nothing but

 8    the truth in the cause aforesaid; that the testimony

 9    then given by her was by me reduced to

10    stenotypy/computer in the presence of said witness,

11    afterward transcribed, and that the foregoing is a

12    true and correct transcript of the testimony so

13    given by her as aforesaid.

14        I do further certify that this deposition was

15    taken at the time and place in the foregoing caption

16    specified, and was completed without adjournment.

17        I do further certify that I am not a relative,

18    counsel, or attorney of either party, or otherwise

19    interested in the event of this action.

20        IN WITNESS WHEREOF, I have hereunto set my

21    hand and affixed my seal of office at Cleveland,

22    Ohio, on this 29th day of April, 2008.

23

24        _____
          Karen A. Toth, RPR and Notary Public
          in and for the State of Ohio.
25        My Commission expires May 6, 2013.

```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD., | ) |
| | ) Case No. 07-CV-03077 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THINGS REMEMBERED, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## SECOND SET OF DISCOVERY REQUESTS

Defendant, Things Remembered, Inc. ("Things Remembered"), hereby responds to

Plaintiff's Requests for Admission, Plaintiff's Second Set of Interrogatories to Defendant, and

Plaintiff's Second Requests for Defendant's Production of Documents and Things (collectively

"Plaintiff's Second Set of Discovery Requests") by objecting to each request for admission,

interrogatory, and production request as being outside the fact discovery period established by the

Scheduling Order of September 11, 2007.

The Scheduling Order required the parties to complete all fact discovery by *May 12, 2008*

and included the following admonition:

> Any written discovery served subsequent to the date of this Order
> to be served by a date that allows the served party the full 30 days
> provided by the Federal Rules of Civil Procedure in which to
> comply before May 12, 2008.

Plaintiff's Second Set of Discovery Requests were transmitted to attorneys for Things

Remembered via email at 9:58 pm on Saturday, April 12, 2008 and allegedly served by First

Class U.S. Mail on the same date. Setting aside the issue of whether service of the discovery

requests was effective under the Federal Rules of Civil Procedure, service of discovery by electronic means or mail adds three (3) days to the date on which a response is due. Fed. R. Civ. P. 6(d). Accordingly, the date by which Things Remembered was required to comply with Plaintiff's Second Set of Discovery Requests would have been thirty-three (33) days after the April 12 service date, or not until *May 15, 2008*—three days after the close of fact discovery.

In addition, Things Remembered separately objects to Plaintiff's Second Set of Interrogatories to Defendant, and to each interrogatory set forth therein, as being in excess of the twenty-five (25) interrogatories permitted to be served on any party by Fed. R. Civ. P. 33(a)(1). Plaintiff's Second Set of Interrogatories are thirty-nine (39) in number, so they exceed the maximum by themselves. As Plaintiff's First Set of Interrogatories to Defendant were twenty-one (21) in number without considering discrete parts, plaintiff's cumulative interrogatories propounded to Things Remembered are over twice the number allowed by the Federal Rules of Civil Procedure in the absence of a stipulation or court order to the contrary.

- 2 -

Respectfully submitted,

Dated:  May 9, 2008

Philip J. Moyer.
Richard J. Minnich
John S. Zanghi
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
Telephone:  216-861-5582
Facsimile:  216-241-1666

Carl R. Draper
Bar No. 3128847
FELDMAN, WASSER, DRAPER & BENSON
1307 South Seventh Street
Springfield, IL 62703
Telephone:  217-544-3403
Facsimile:  217-544-1593
Email:  cdraper@feldwass.com

Attorneys for Defendant
THINGS REMEMBERED, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2008, I mailed copies of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS by First Class Mail, postage prepaid, to the following attorneys for plaintiff:

Paul Bown
BROWN, HAY & STEPHENS, LLP
205 South Fifth Street
Suite 700
Springfield, IL 62701

Michael R. Platt
Garfield Goodrum
SAIDMAN DESIGN LAW GROUP
8601 Georgia Avenue
Silver Spring, MD 20910

Philip J. Moy Jr.
FAY SHARPE LLP
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

- 4 -

# Exhibit B

**From:** garfield.goodrum@designlawgroup.com [mailto:garfield.goodrum@designlawgroup.com]
**Sent:** Tuesday, June 17, 2008 1:32 PM
**To:** 'Philip J. Moy'
**Cc:** 'Michael Platt'
**Subject:** RE: DI v. TR

Phil,

We were in the process of filing our motion to compel, when we received your email. If TR will provide substantive responses by 7/3, then we will hold off. Otherwise, 90 days (from service of the discovery) to respond is unreasonable, as is your reading of the *Dekalb* case. Re your trip, which sounds great, we won't schedule anything then. I will be away 6/30-7/20, although Mike will be in town. We'd likewise request TR not schedule anything during this time. How is your schedule until then, for a depo of Ms. Derry?

Garfield
SAIDMAN **DesignLaw** Group, LLC
Garfield Goodrum, Principal
Direct:   301-585-8601 Fax: 301-585-0138
Email:   garfield.goodrum@designlawgroup.com

**From:** Philip J. Moy [mailto:PMoy@faysharpe.com]
**Sent:** Wednesday, June 11, 2008 12:23 PM
**To:** garfield.goodrum@designlawgroup.com; michael.platt@designlawgroup.com
**Cc:** Richard J. Minnich; John S. Zanghi
**Subject:** DI v. TR

Gentlemen,

In view of the Court's granting your motion to extend discovery, Things Remembered will serve amended responses to Design Ideas' second set of discovery requests within 30 days from today's order. As a practical matter, we probably will be serving the responses by July 3, because I am leaving for a

family trip to the Galapagos Islands on July 4 and will not be back in the office until July 14. I request that you try not to schedule any key events while I am out of the country and hope that you will have the opportunity to enjoy some vacation at the same time.

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

## Garfield Goodrum

**From:** Philip J. Moy [PMoy@faysharpe.com]
**Sent:** Tuesday, June 17, 2008 6:52 PM
**To:** garfield.goodrum@designlawgroup.com
**Subject:** RE: DI v. TR

That's the plan.

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*
*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

**From:** garfield.goodrum@designlawgroup.com [mailto:garfield.goodrum@designlawgroup.com]
**Sent:** Tuesday, June 17, 2008 4:11 PM
**To:** Philip J. Moy
**Cc:** 'Michael Platt'
**Subject:** RE: DI v. TR

We'll advise as soon as we know on Ms. Derry.  On the discovery responses, can we expect substantive responses by 7/3?

SAIDMAN **DesignLaw** Group, LLC
Garfield Goodrum, Principal
Direct:   301-585-8601 Fax: 301-585-0138
Email:    garfield.goodrum@designlawgroup.com

**From:** Philip J. Moy [mailto:PMoy@faysharpe.com]
**Sent:** Tuesday, June 17, 2008 3:46 PM
**To:** garfield.goodrum@designlawgroup.com
**Cc:** Michael Platt
**Subject:** RE: DI v. TR

Garfield,

Any day next week is fine for me with respect to Ms. Derry.  Where would you be deposing her?  I might request your consent to attending her deposition by telephone.

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*

*Seventh Floor*
*Cleveland, Ohio 44114-2579*
*Telephone: 216-861-5582*
*Facsimile: 216-241-1666*
*E-Mail: pmoy@faysharpe.com*

**From:** garfield.goodrum@designlawgroup.com [mailto:garfield.goodrum@designlawgroup.com]
**Sent:** Tuesday, June 17, 2008 1:32 PM
**To:** Philip J. Moy
**Cc:** 'Michael Platt'
**Subject:** RE: DI v. TR

Phil,

We were in the process of filing our motion to compel, when we received your email. If TR will provide substantive responses by 7/3, then we will hold off. Otherwise, 90 days (from service of the discovery) to respond is unreasonable, as is your reading of the *Dekalb* case. Re your trip, which sounds great, we won't schedule anything then. I will be away 6/30-7/20, although Mike will be in town. We'd likewise request TR not schedule anything during this time. How is your schedule until then, for a depo of Ms. Derry?

Garfield
SAIDMAN **DesignLaw** Group, LLC
Garfield Goodrum, Principal
Direct:    301-585-8601 Fax: 301-585-0138
Email:    garfield.goodrum@designlawgroup.com

**From:** Philip J. Moy [mailto:PMoy@faysharpe.com]
**Sent:** Wednesday, June 11, 2008 12:23 PM
**To:** garfield.goodrum@designlawgroup.com; michael.platt@designlawgroup.com
**Cc:** Richard J. Minnich; John S. Zanghi
**Subject:** DI v. TR

Gentlemen,

In view of the Court's granting your motion to extend discovery, Things Remembered will serve amended responses to Design Ideas' second set of discovery requests within 30 days from today's order. As a practical matter, we probably will be serving the responses by July 3, because I am leaving for a family trip to the Galapagos Islands on July 4 and will not be back in the office until July 14. I request that you try not to schedule any key events while I am out of the country and hope that you will have the opportunity to enjoy some vacation at the same time.

Phil

*Philip J. Moy Jr.*
*FAY SHARPE LLP*
*1100 Superior Avenue*

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DESIGN IDEAS, LTD., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:07-cv-03077 |
| | ) | |
| THINGS REMEMBERED INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REQUESTS FOR ADMISSION

Pursuant to Federal Rule of Civil Procedure 36, plaintiff hereby propounds the following requests for admission to Defendant, Things Remembered, Inc. ("Things Remembered").

Each matter for which an admission is requested shall be deemed admitted unless, within thirty (30) days after service of these requests, Defendant serves a written answer or objection addressed to the matter for which admission is requested.  If defendant objects to a request for admission, the reasons for that objection shall be stated. Defendant may not object to a request on the ground that the matter for which admission is requested presents a genuine issue for trial.

In accordance with Federal Rule of Civil Procedure 36, Defendant shall answer each request for admission by specifically admitting or denying or by setting forth in detail the reasons why it cannot truthfully admit or deny the matter.  When good faith requires that Defendant qualify an answer or deny only a part of the matter of which an

admission is requested, defendant is to specify so much of it as is true and qualify or deny the remainder.

Defendant's attention is called to the fact that a response may not give lack of information or knowledge as a reason for failure to admit or deny unless it states that it has made a reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny.

These requests for admission shall be governed by the following Definitions and Instructions:

## DEFINITIONS AND INSTRUCTIONS

1.    "Defendant" and "Things Remembered" mean (a) Things Remembered Inc., its predecessor corporations, successor corporations, each subsidiary corporation, affiliated or related companies, and divisions; (b) each of its consultants, accountants, attorneys and independent contractors which have contractual relations with it; (c) any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of it or anyone under its control, direction or instruction; and (d) its present and former employees.

2.    "Flower Candle Basket" means the decorative container made of metal wires and other metal components that was offered for sale by defendant under Model No. 518550.

3.    "Flower Sculptures" means any or all of the flower wire sculptures depicted in Copyright Registration No. VA 1-055-871.

4.    "Document", in either the singular or plural form, shall be construed in its broadest sense and shall include, but is not limited to all written, printed, typed, recorded,

2

graphic, stenographic, computer generated, computer stored, and electronically stored matter of every kind and description.

5.     "Relating to" includes pertaining to, referring to or having as its subject matter, directly or indirectly, expressly or  impliedly the subject matter of the specific request for admission.

6.     "Person" means the plural as well as the singular and includes any natural person and any firm, corporation, association or partnership or other form of legal entity.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1**

Admit that Things Remembered has sold at least 70,270 Flower Candle Baskets for revenue of at least $1,275,218.

**Request for Admission No. 2**

Admit that on November 18, 2004, Things Remembered instructed its stores to immediately remove the Flower Candle Basket from the selling floor, pack up all baskets, mark them and hold them in the stores' backrooms or off-site until further notice.

**Request for Admission No. 3**

Admit that there was no further communication regarding the Flower Candle Basket pursuant to the November 18, 2004, removal notice to Things Remembered stores produced as TR00225.

**Request for Admission No. 4**

Admit that the Flower Candle Basket was produced exclusively for Things Remembered.

**Request for Admission No. 5**

Admit that there exist no "artworks" as identified in the March 30, 2005, email from

Christina Sun to Stacey Bertke produced as TR00229.

**Request for Admission No. 6**

Admit that Things Remembered knows of no wire items with flower motifs produced by

Libra Pacific Co. Ltd. prior to its making of the Flower Candle Basket.

**Request for Admission No. 7**

Admit that other than the Flower Candle Basket, Things Remembered sold no wire items

with flower motifs.

**Request for Admission No. 8**

Admit that Things Remembered had no wire items with flower motifs prior to its Flower

Candle Basket.

**Request for Admission No. 9**

Admit that Things Remembered received no response to the letter produced as TR00237.

4

**Request for Admission No. 10**

Admit that none of the flower motifs depicted in TR00146 – TR00156 are identical to the Flower Sculptures.


**Request for Admission No. 11**

Admit that none of the flower motifs depicted in TR00146 – TR00156 are substantially similar to the Flower Sculptures of Design Ideas.


**Request for Admission No. 12**

Admit that Things Remembered has no documents relating to its advising Libra Pacific Co. Ltd. that Things Remembered was interested in obtaining a wire candle basket having flower motifs and an engraving plate as described in Defendant's Response to Plaintiff's Interrogatory No. 4.


**Request for Admission No. 13**

Admit that Things Remembered has no documents relating to its review of the sample of what ultimately became the Flower Candle Basket as described in Defendant's response to Plaintiff's Interrogatory No. 4.


**Request for Admission No. 14**

Admit that Things Remembered filed a claim with, and was denied coverage by, its insurance provider for Things Remembered's alleged infringement of Design Ideas' intellectual property.

5

**Request for Admission No. 15**

Admit that Things Remembered did not distribute or sell the Flower Candle Basket by
any outlet other than its own network of retail stores and direct catalog and online sales.

**Request for Admission No. 16**

Admit that Things Remembered ordered at least 71,800 Flower Candle Baskets from
Tasia International Company Limited.

**Request for Admission No. 17**

Admit that Things Remembered has at least 700 mall stores.

**Request for Admission No. 18**

Admit that Things Remembered has advertised and sold the Flower Candle Basket for
$24.95.

**Request for Admission No. 19**

Admit that Things Remembered Model No. 518550 is depicted in TR00266.

**Request for Admission No. 20**

Admit that Things Remembered has no evidence that a person who was not an employee
of Design Ideas created the Flower Sculptures.

**Request for Admission No. 21**

Admit that Things Remembered has no evidence that a person other than Jenna Walsh drew the flowers depicted on DI000174 – DI000178.

**Request for Admission No. 22**

Admit that Things Remembered has no evidence that the sketches of the flowers depicted on DI000174 – DI000178 are not "original", that is, independently created (as opposed to copied from other works), and possess at least some minimal degree of creativity.

**Request for Admission No. 23**

Admit that Things Remembered has no evidence that a person other than Jenna Walsh, Chris Hardy, Andy van Meter or a Design Ideas, Ltd., employee selected sketches from those depicted on DI000174 – DI000178 for rendering into the Flower Sculptures.

**Request for Admission No. 24**

Admit that Things Remembered has no evidence that a person other than Jenna Walsh, Chris Hardy, Andy van Meter or a Design Ideas, Ltd., employee made aesthetic, artistic or design decisions for rendering sketches 1, 9 and 14 depicted on DI000174 – DI000178 into the Flower Sculptures.

7

**Request for Admission No. 25**

Admit that Things Remembered has no evidence that Bo Du made aesthetic, artistic or design decisions for rendering sketches 1, 9 and 14 depicted on DI000174 – DI000178 into the Flower Sculptures.

**Request for Admission No. 26**

Admit that the Flower Sculptures do not identically copy any actual flowers existing in nature.

**Request for Admission No. 27**

Admit that the flower sculptures depicted in Figures 2a, 2b, 2c, 4a, 4b and 4c of Copyright Registration No. VA 1-055-871 are not identical copies of either flower depicted on ANDY VAN METER EXHIBIT 3.

**Request for Admission No. 28**

Admit that Things Remembered has no evidence that each of the flower sculptures depicted in Figures 2a, 2b, 2c, 4a, 4b and 4c of Copyright Registration No. VA 1-055-871 are not "original", that is, independently created (as opposed to copied from other works), and possess at least some minimal degree of creativity.

**Request for Admission No. 29**

Admit that Things Remembered has no evidence that the selection of the three flower sculptures depicted on the single object in Figures 2a, 2b and 2c of Copyright

Registration No. VA 1-055-871 is not "original", that is, independently created (as opposed to copied from other works), and possess at least some minimal degree of creativity.

**Request for Admission No. 30**

Admit that Things Remembered has no evidence that the selection of the three flower sculptures depicted on the single object in Figures 4a, 4b and 4c of Copyright Registration No. VA 1-055-871 is not "original", that is, independently created (as opposed to copied from other works), and possess at least some minimal degree of creativity.

**Request for Admission No. 31**

Admit that Things Remembered has no evidence that each of the flower sculptures depicted in Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the single objects in figures 2 and figures 4 of Copyright Registration No. VA 1-055-871 are not "works made for hire", as that term is defined in 17 U.S.C. Section 101.

**Request for Admission No. 32**

Admit that Design Ideas, Ltd., is the author of the works depicted in Copyright Registration No. VA 1-055-871.

**Request for Admission No. 33**

Admit that Design Ideas, Ltd., is the owner of the works depicted in Copyright

Registration No. VA 1-055-871.

**Request for Admission No. 34**

Admit that Things Remembered has no evidence that the flower sculptures depicted in

Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the objects

in figures 2 and figures 4 (the tealight cup and the votive cup) of Copyright Registration

No. VA 1-055-871 were not first published at least as early as or on January 4, 2000.

**Request for Admission No. 35**

Admit that Things Remembered has no evidence that the flower sculptures depicted in

Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the objects

in figures 2 and figures 4 (the tealight cup and the votive cup) of Copyright Registration

No. VA 1-055-871 were not first published in the catalog containing the pages DI569 –

DI576.

**Request for Admission No. 36**

Admit that Things Remembered has no evidence that the catalog containing the pages

DI569 – DI576 is not a single unit of publication.

10

**Request for Admission No. 37**

Admit that Things Remembered has no evidence that the flower sculptures depicted in

Figures 2a, 2b and 2c, 4a, 4b and 4c and the selections of same presented on the objects

in figures 2 and figures 4 of Copyright Registration No. VA 1-055-871 were not first

published in the catalog containing the pages DI569 – DI576.

**Request for Admission No. 38**

Admit that Things Remembered has no evidence that Copyright Registration No. VA 1-
055-871 is invalid.

**Request for Admission No. 39**

Admit that Things Remembered has no evidence that Copyright Registration No. VA 1-
055-871 is contains false or inaccurate information.

**Request for Admission No. 40**

Admit that Things Remembered has no evidence that Things Remembered did not have

access to the works depicted in Copyright Registration No. VA 1-055-871.

**Request for Admission No. 41**

Admit that Things Remembered has no evidence that Design Ideas knowingly

misrepresented authorship in its application which became Copyright Registration No.

VA 1-055-871.

**Request for Admission No. 42**

Admit that Things remembered has no evidence that Design Ideas knowingly

misrepresented the subject matter of the application which became Copyright

Registration No. VA 1-055-871 as a work made for hire.

Respectfully submitted,

**DESIGN IDEAS, LTD.,**

by its attorneys,

**BROWN, HAY & STEPHENS, LLP**

Paul Bown
205 S. Fifth Street, Suite 700
Springfield, Illinois 62701
(217) 544-8491
fax: (217) 544-9609

and

**SAIDMAN DesignLaw Group, LLC**

Dated: April 12, 2008      By:      /s/ Michael Platt
/s/ Garfield Goodrum
Michael T. Platt
Garfield Goodrum
8601 Georgia Avenue
Silver Spring, MD 20910
(301) 585-8601
fax: (301) 585-0138
garfield.goodrum@designlawgroup.com
Attorney Goodrum is admitted in MA and not yet admitted in MD.

12

## CERTIFICATE OF SERVICE

I certify that on April 12, 2008, a copy of the above and foregoing **PLAINTIFF'S**

**FIRST REQUESTS FOR ADMISSION** has been served on opposing counsel of record via

email to Philip J. Moy Jr. at pmoy@faysharpe.com and Carl R. Draper at cdraper@feldwass.com

and by U.S. mail, First Class Service.

April 12, 2008                                    /s/ Garfield Goodrum

13