## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

|  |  |
|---|---|
| DESIGN IDEAS, LTD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:07cv03077 |
| v. ) | |
| ) | |
| THINGS REMEMBERED, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
### TO ORDER DEFENDANT'S RESPONSES
### TO PLAINTIFF'S DISCOVERY REQUESTS

Defendant, Things Remembered, Inc. ("Things Remembered"), submits this response to Plaintiff's Motion to Order Defendant's Response to Plaintiff's Discovery Requests (Doc. 23) [hereinafter Plaintiff's Motion to Compel]. Plaintiff's motion is premature, as plaintiff failed to engage in the requisite good faith effort to resolve the discovery issues prior to filing its motion and include a certification regarding such an effort. More significantly, plaintiff's motion also is moot, as Things Remembered has agreed to provide essentially all of the responses sought by the motion.[1] Accordingly, Plaintiff's Motion to Compel should be denied.

---

[1] On July 17, 2008, plaintiff's attorney Michael Platt filed a letter to the Court (Doc. 24) stating that the parties were attempting to resolve the issues raised by Plaintiff's Motion to Compel. On July 23, 2008, the Court issued a docket order acknowledging Mr. Platt's letter, indicating that Things Remembered's response to the motion was due on July 31, 2008, and stating: "If an extension of this date is needed, it is expected that a timely motion will be filed." Things Remembered believes that the issues raised by Plaintiff's Motion to Compel have been resolved to the satisfaction of both parties. The motion, however, remains outstanding, and Things Remembered sees no reason to prolong the Court's involvement with this process by requesting an extension of time to respond. Accordingly, this response is being filed.

I.  **Plaintiff's Motion to Compel Is Premature and Fails to
    Comply with Fed. R. Civ. P. 37(a)(1)**

The Federal Rules of Civil Procedure require that a motion to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's Motion to Compel contains no such certification and thus must be dismissed on that ground alone. Moreover, plaintiff made no good-faith effort to obtain Things Remembered's consent to the responses sought by the motion, particularly responses to plaintiff's proposed amended interrogatories.

Plaintiff's first set of interrogatories were twenty-one in number (twenty-three if discrete subparts were counted). Plaintiff then propounded a second set comprising thirty-nine separately numbered interrogatories, most referring to a set of requests for admission that plaintiff had served concurrently. In its initial response to this second set of interrogatories, Things Remembered objected to them as being in excess of the maximum of twenty-five provided by Fed. R. Civ. P. 33(a)(1).

During the telephone conference with the Court on June 26, 2008—called ostensibly to address plaintiff's refusal to consent to Things Remembered's attorney attending a deposition by telephone—plaintiff raised the issue of Things Remembered's continued objection to the number of interrogatories propounded by plaintiff. During that discussion, Things Remembered's attorney (a) suggested that plaintiff wait for Things Remembered's amended responses to plaintiff's requests for admission and determine which of the thirty-nine interrogatories were no longer of interest and (b) stated that, if the number of interrogatories were curtailed , Things Remembered would reconsider its position on answering interrogatories in excess of twenty-five.

Things Remembered's amended discovery responses were served on July 3, 2008, but thereafter plaintiff never contacted Things Remembered to discuss any of the issues subsequently raised in Plaintiff's Motion to Compel. Rather, plaintiff merely filed its motion, attaching a proposed amended second set of interrogatories[2] that Things Remembered saw for the first time only upon reviewing the motion. Accordingly, there was no prior good faith effort to resolve the discovery issues that could have been certified to in Plaintiff's Motion to Compel.[3]

## II.     Plaintiff's Motion to Compel Is Moot

Only after Plaintiff's Motion to Compel was filed did plaintiff contact Things Remembered to discuss the issues raised in the motion. On July 14, 2008, the day after the motion was filed, plaintiff's attorney Michael Platt left a voice mail with the undersigned Things Remembered attorney suggesting a discussion of the issues raised in the motion. On the next day, July 15, 2008, after having had a chance to review the motion in detail, the undersigned attorney called Mr. Platt and advised Mr. Platt that Things Remembered would agree to the following steps, which addressed each of the areas of relief sought in Plaintiff's Motion to Compel:

(a)     Things Remembered would produce a revised redaction of the document bearing production no. TR00229.[4]

(b)     To the extent Things Remembered's responses to plaintiff's second production requests made general reference to depositions taken in this action, Things Remembered would

---

[2] Plaintiff's proposed amended second set pared down the original thirty-nine interrogatories to only twelve.

[3] Things Remembered acknowledges that its lead attorney, the undersigned, was traveling outside of the country during the period between the service of its discovery responses on July 3, 2008 and the filing of Plaintiff's Motion to Compel.

[4] Things Remembered actually produced the revised redaction to Mr. Platt prior to the telephone discussion, the revised document bearing production no. TR00229A.

3

serve amended responses identifying which deponent or deponents applied but would not provide page and line numbers.

(c) Things Remembered would respond to the twelve interrogatories in plaintiff's proposed amended second set of interrogatories, provided that they were revised to start numbering at 22 (to avoid confusion with the first set) and be served separately. Things Remembered's response would be served within two weeks of plaintiff's service of the renumbered amended interrogatories.[5]

Things Remembered has agreed to provide plaintiff with the disclosures and discovery responses sought by Plaintiff's Motion to Compel. Accordingly, plaintiff's prematurely filed motion is moot and should be denied as such.[6]

### III. Plaintiff's Motion to Compel Continues to Mar the Record of this Case with Scurrilous Accusations

Plaintiff's Motion to Compel repeats unfounded accusations that Things Remembered has engaged in evasive discovery tactics. Things Remembered shall not respond to each accusation except to note for the record that Patricia Derry, the witness whom plaintiff has previously described as a "key" witness who "must necessarily have been involved with" the development of the accused product, and whom plaintiff continues to describe as a "material witness," Motion to Compel at 2, is no such thing. In her deposition, Ms. Derry corroborated the testimony of other Things Remembered witnesses, testifying that she was not involved in

---

[5] Plaintiff served its amended second set of interrogatories by first class mail and email on July 17, 2008. Accordingly, Things Remembered's responses are due on or before August 4, 2008.

[6] Mr. Platt's July 17, 2008 letter to the Court (Doc. 24) indicated that the parties "believe we have a good chance of success" in resolving the issues raised by Plaintiff's Motion to Compel. Thing Remembered submits that success has been achieved.

4

developing the accused product, other than perhaps specifying the dimensions of the heart-shaped engraving plate applied to the product.

**IV.     Conclusion**

For the reasons set forth above, the Court should deny Plaintiff's Motion to Order Defendant's Response to Plaintiff's Discovery Requests for failure to comply with Fed. R. Civ. P. 37(a)(1) and as being moot in view of Things Remembered's agreement to provide essentially all of plaintiff's requested relief without requiring an order from the Court.

Respectfully submitted,

Date:  July 31, 2008            By:     /s/ Philip J. Moy Jr.
                                        Philip J. Moy Jr.
                                        Richard J. Minnich
                                        John Zanghi
                                        FAY SHARPE LLP
                                        1100 Superior Avenue, Seventh Floor
                                        Cleveland, OH  44114-2579
                                        Telephone: 216-861-5582
                                        Facsimile: 216-241-1666
                                        Email: pmoy@faysharpe.com
                                               rminnich@faysharpe.com
                                               jzanghi@faysharpel.com

                                        Carl R. Draper
                                        FELDMAN, WASSER, DRAPER & BENSON
                                        1307 South Seventh Street
                                        Springfield, IL  62703
                                        Telephone: 217-544-3403
                                        Facsimile: 217-544-1593
                                        Email: cdraper@feldwass.com

                                        Attorneys for Defendant
                                        Things Remembered, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on July 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Michael T. Platt
>Garfield Goodrum
>Paul R. Bown

>By:  /s/ Philip J. Moy Jr.
>Philip J. Moy Jr.
>FAY SHARPE LLP
>1100 Superior Avenue
>Seventh Floor
>Cleveland, OH  44114-2579
>Telephone: 216-861-5582
>Facsimile: 216-241-1666
>Email: pmoy@faysharpe.com

>Attorneys for Defendant
>Things Remembered, Inc