IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DESIGN IDEAS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3077 |
| | ) | |
| THINGS REMEMBERED, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Design Ideas, Ltd.'s (Design Ideas) Motion in Limine to Exclude Defendant's Similarity Expert (d/e 26) (Motion). For the reasons set forth below, the Motion is ALLOWED.

Design Ideas alleges that it has secured a registered copyright for the decorations on its wire candle baskets. Each basket is designed to hold a small candle. The baskets are decorated with small wire form decorations that represent flowers. Design Ideas alleges that Defendant Things Remembered, Inc. (Things Remembered) is infringing on that copyright in its sale of a heart-shaped wire basket designed to hold approximately seven

1

small candles. The exterior of the accused Things Remembered basket also has wire form decorations that represent flowers.

Things Remembered has disclosed in discovery the Expert Report of Patrick Brown. <u>Motion</u>, Exhibit B, <u>Design Expert Report for Things Remembered, Inc., dated October 14, 2008 (Report)</u>. Brown is a graphic artist by training, and is a Project Director for a new-product design firm called Nottingham-Spirk Design Associates. Brown states in his Report that his testimony addresses, "similarities and dissimilarities between the wire form flower decorations" on the Design Ideas Baskets and the Things Remembered Basket. <u>Report</u>, at 1. Brown also states that his testimony will address, "the similarities and dissimilarities between the these (sic) wire form flower decorations and flowers appearing in nature." <u>Id.</u>

Brown states that both products use wire form decorations to depict daisies, pansies, and sunflowers. Brown's Report contains a separate section for each type of flower -- daisy, pansy, and sunflower. Each section consists of four parts. The first part sets forth Brown's opinions regarding the essential details that he believes distinguishes each flower in nature. For example, Brown opines regarding the pansy:

> The Pansy in nature is typically composed of 5 large

2

overlapping round petal elements arranged around a round center detail and in some instances radiating linear color detailing emanating from the center of the flower.

Report, at 4.  The second part of the opinion is listed under the heading "Similarities." In this section, Brown opines on the common features of the parties' decorations and how those common features depict the particular flower under discussion. For example, Brown opines concerning the pansy decorations:

> To ensure that the wire form abstractions of a Pansy is recognized as a Pansy, the detailing seen in the execution of both Design Ideas and Things Remembered makes use of large round petal shapes and a center detail. In addition, the Design Ideas Pansy and the Things Remembered Pansy design 3 both illustrate radial detailing from the center.

Id., at 5. The next portion of each opinion is entitled "Differences." In this portion of his opinions, Brown analyzes the differences in the shapes of petals or other parts of the decorations. For example, Brown opines that the pansy petals are different in the two company's designs:

> A primary point of departure between the Pansy designs from the two sources involves the shape and profile of the large round petals. While there are six circular shaped petals seen on the Things Remembered Pansy, the Design Ideas Pansy is designed with five tear drop shaped petals.

Id., at 5. Brown then opines about differences in the center of each wire

3

flower decoration. With respect to the pansy, Brown opines:

> The center detailing seen in the Things Remembered Pansy is from a loose spiral winding as compared to the tight wire winding seen on the Design Ideas center. The tightly wound spiral wound wire detailing of the Design Ideas Pansy gives the appearance of a solid center form more representing a literal interpretation of a Pansy in nature than does the Things Remembered Pansy designs.

Id.

Brown then finishes his discussion of each flower with a section called "Conclusion." With respect to the pansy wire decorations, Brown concludes:

> Due to the simpler shape of the petals, the six vs. five petal count and simpler loose spiral wind of the center detail, the Things Remembered Pansy is less realistic and a more stylized interpretation of a real Pansy than the Design Ideas Pansy. In addition, the Things Remembered Pansy designs 1 and 2 have no feature corresponding to the inner radial detailing of the Design Ideas Pansy.

Id., at 5-6. With respect to the daisy decorations, Brown concludes,

> Due to the simpler loose spiral wind of the center detail, and the reduced taper of the petal forms, the Things Remembered Daisy wire form appears less realistic and a more stylized interpretation of a real Daisy than the Design Ideas Daisy wire form.

Id., at 7. With respect to the sunflower decorations, Brown concludes:

> Due to the center metal disc detail with a simple geometric

4

hole pattern along with the simpler round tipped petal forms with (sic), the Things Remembered Sunflower appears less realistic and a more stylized interpretation of a real Sunflower than the Design Ideas Sunflower.

Id., at 8.

Design Ideas now asks this Court to bar Things Remembered from using Brown's opinions in this case.

ANALYSIS

The issue before the Court is whether Brown's opinions will aid the jury in deciding the factual issues in this case. Fed. R. Evid. 702. Design Ideas alleges copyright infringement. To prevail, Design Ideas must establish: (1) it owns a valid copyright, and (2) Things Remembered copied its copyrighted material. Atari, Inc. v. North American Philips Consumer Electronics Corp., 672 F.2d 607, 614 (7th Cir. 1982) superceded by rule on other grounds as stated in Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1429 (7th Cir. 1985). One method of proving copying is to show the similarities between the two products. The similarities between the two products can be shown in at least two ways. The first is referred to as the extrinsic features of the products. Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1164 (9th Cir. 1977) (cited with

5

approval in <u>Atari</u>, 672 F.2d at 614).  These extrinsic features are those characteristics of the products that can be objectively defined, such as the type of artwork, the materials used, the subject matter, and the setting of the subject.  <u>Krofft</u>, 562 F.2d at 1164.  Expert testimony is allowed to address these extrinsic differences and similarities.

The second method to analyze similarities and difference is called the intrinsic test.  This test addresses whether "the ordinary observer" would view the two works as aesthetically the same.  The test is met when, "the ordinary observer, unless he set out to detect disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." <u>Atari</u>, 672 F.2d at 614 (quoting <u>Peter Pan Fabrics, Inc. v. Martin Weiner Corp.</u>, 274 F.2d 487, 489 ($2^d$ Cir. 1960)).  Expert testimony is not appropriate for this test.  <u>Atari</u>, 672 F.2d at 614.

Brown's opinions primarily discuss the intrinsic aspects of the decorations.  He identifies similarities and differences in the shape and number of the petals and the design of the centers of each flower.  He concludes that Design Ideas flowers are generally more realistic and more detailed, while Things Remembered flowers are more stylized and less detailed.  These opinions go directly to the question of how observers would

6

view the wire form decorations. Expert opinion is not appropriate in these areas. <u>Atari</u>, 672 F.2d at 614. Brown is barred from expressing these opinions.

Things Remembered argues that Brown's opinions relate to extrinsic features of the baskets. The Court agrees that some of Brown's opinions relate to the extrinsic feature of the subject matter of the decorations. Brown opines that the decorations represent wire depictions of three flowers -- pansies, daisies, and sunflowers. He also opines on the distinctive feature of each of these three flowers as they appear in nature and in the basket of each party. He also distinguishes the relative tightness of the spiral winding of the center detail of each basket. The Court could allow Brown to render these opinions. These opinions, however, are so limited that they would not aid the jury. The jury can tell that the decorations represent different types of flowers and can observe and count the petals without the aid of an expert. These are wire decorations, not complex technical matters such as musical structures. <u>See e.g.</u>, <u>Selle v. Gibb</u>, 741 F.2d 896, 905 (7th Cir. 1984) (comparing musical compositions).

Brown also discusses aspects of each party's wire form decorations that he believes identifies each decoration as a particular flower, either a pansy,

7

a daisy, or a sunflower. These opinions arguably could assist the jury in recognizing the parts of the Design Ideas' decorations that would be common to any representation of a daisy or a pansy or a sunflower. Design Ideas' copyright cannot extend to features that would be common to any depiction of the same subject matter (i.e., Design Ideas cannot own the exclusive right to depict flower petals). Atari, 672 F.2d at 614-15. Such aspects of a work are called non-protectible expression. Stillman v. Leo Burnett Co., Inc., 720 F.Supp. 1353, 1359 (N.D.Ill. 1989).[1]

Brown, however, does not opine that any part of the Design Ideas' decorations constitute non-protectible expression. Rather, Brown discusses the features that are distinctive to a particular flower to explain some of the similarities and differences in the parties' decorations. He concludes that the Design Ideas' decorations are more realistic and the Things Remembered are more stylized. His analysis and his opinions all address the question of whether the baskets are aesthetically the same. His opinions impinge on the intrinsic aesthetic question that is to be left to the jury. His opinions are

---

[1] With respect to features that would be common to any representation of a flower, Design Ideas' copyright would still entitle it to protection from anyone making exact duplicates of its works. Stillman, 720 F.Supp. at 1359. Design Ideas does not argue that Things Remembered made exact duplicates of its wire flower decorations.

barred.

Things Remembered relies heavily on the Seventh Circuit's decision in <u>Susan Wakeen Doll Co. v. Ashton-Drake Galleries</u>, 272 F.3d 441 (7th Cir. 2001). That case concerned whether the defendant copied the plaintiff's design of a doll head. Both parties relied on expert testimony regarding the differences and similarities. <u>Id.</u>, at 447. The Court of Appeals never addressed the question of the propriety of that expert testimony. The case, thus, does not address the issue and does not provide any support for Things Remembered's position.

THEREFORE, Plaintiff Design Ideas, Ltd.'s Motion in Limine to Exclude Defendant's Similarity Expert (d/e 26) is ALLOWED. Defendant Things Remembered, Inc., is barred from using the opinions of its expert Patrick Brown.

IT IS THEREFORE SO ORDERED.

ENTER:   November 18, 2008

    FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE