IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD., | ) |
| Plaintiff, | ) |
| v. | ) No. 07-3077 |
| THINGS REMEMBERED, INC., | ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the parties' cross motions for summary judgment. <u>Plaintiff's Motion for Summary Judgment (d/e 34)</u> (Design Ideas Motion), <u>Defendant's Motion for Summary Judgment (d/e 39)</u> (Things Remembered Motion). Plaintiff Design Ideas, Ltd. (Design Ideas) claims that Defendant Things Remembered, Inc. (Things Remembered) is infringing on Design Ideas' copyright of wire-form decorative sculptures shaped like flowers (Petals Sculptures). Both now claim to be entitled to summary judgment. Design Ideas requests oral argument. The request is denied. The parties have thoroughly briefed the issues, and thus, oral argument is not necessary. For the reasons set forth

1

below, the undisputed evidence shows that Design Ideas' copyright is valid, but issues of fact exist regarding whether Things Remembered infringed on that copyright. Therefore, the Design Ideas Motion is allowed in part and denied in part. The Things Remembered Motion is denied.

## STATEMENT OF FACTS

In 1999, Design Ideas began developing various items that incorporated decorative wire sculptures, which it marketed under the DOODLES trademark. Design Ideas started with decorative wire sculptures of bugs on paper clips called "Critter Clips". Jenna Walsh was employed by Design Ideas as an industrial designer. She drew the designs for the Critter Clips and then made wire samples. Design Ideas outsourced the mass production of its Critter Clips to a vendor in China. The Critter Clips products were manufactured for Design ideas in China according to instructions from Walsh and according to samples she made. Design Ideas Motion Statements of Undisputed Facts (Design Ideas SUF), ¶¶ 7-10.[1]

Design Ideas extended the DOODLES line with the creation of an original selection of three original wire flower sculptures, which Design Ideas

---

[1] The Design Ideas Statements of Undisputed Facts cited by the Court have been admitted by Things Remembered. Defendant's Opposition to Plaintiff's Motion for Summary Judgment (d/e 38), at 3, § II. A.

2

called "Petals." To create the Petals Sculptures, Design Ideas employee Jenna Walsh drew 15 flower shapes from which Design Ideas selected approximately 7 that it instructed its manufacturer to reproduce in wire as sample sculptures. Design Ideas conveyed instructions, through Yubo Du, a representative of Design Ideas in China, to its manufacturer to construct the wire samples according to Walsh's drawings and according to the instructions, practice and standards already established by Design Ideas for the manufacture of Design Ideas' Critter Clips sculptures. Design Ideas SUF, ¶¶11-13.

The manufacturer made 15 sample flower sculptures. Design Ideas Motion, Declaration of Jenna Walsh, ¶¶ 15, 16. From these 15 samples, Design Ideas selected three of the designs for production of the Petals Sculptures. Design Ideas SUF, ¶ 15. Design Ideas then instructed its manufacturer to make various items with the three flower designs. Walsh Declaration, ¶16-19; Design Ideas Motion, Declaration of Abram van Meter, ¶¶10-11. Design Ideas first published its wire flower sculptures, including the Petals Sculptures, on January 4, 2000, in its 2000 Basic Book Catalog (Basic Book). Design Ideas SUF, ¶ 18.

On July 5, 2000, Design Ideas submitted a copyright registration

3

application to the U.S. Copyright Office (Copyright Office). Design Ideas Motion, Exhibit A, Copyright Registration Certificate No. VA 1-055-871 (the 871 Registration). The application stated that: (1) the title of the work was Doodles (Series 2); (2) the alternative titles of the work were Flutter Tea Light Cup, Petals Tea Light Cup, Flutter Votive Cup, Petals Votive Cup, Flutter Cocktail Charms, Petals Cocktail Charms, Flutter MemoGarden, and Petals MemoGarden; (3) the nature of the work was wire sculptures; (4) Design Ideas was the author; (5) the work included work-made-for-hire; and (6) creation of the work was completed in 1999. Design Ideas attached to the application photographs of the various items made with the wire bug and flower sculptures. Id. The photographs show that the Petals Sculptures are incorporated into the various Petals products included in the application. On July 11, 2000, the Copyright Office issued the 871 Registration to Design Ideas. Id.

Things Remembered developed a metal basket decorated with wire flower sculptures, known as the Flower Candle Basket, no later than the third quarter of 2001. This was the first wire product with wire form flowers that Things Remembered sold. Design Ideas SUF, ¶¶ 31-32. Design Ideas presents various circumstantial evidence that Things Remembered

4

employees had access to the DOODLES products with the Petals Sculptures that Design Ideas marketed.  See e.g., Design Ideas Motion SUF, ¶¶ 27 & 33.  The Things Remembered employees who developed the Flower Candle Basket, however, denied that they had any awareness of the Petals Sculptures.  Defendant's Opposition to Plaintiff's Motion for Summary Judgment (d/e 38), attached Affidavit of Kathleen Kraus, ¶¶ 6-8, 10-11; Affidavit of Philip J. Moy, Jr., Exhibit E, Deposition of Stacey Bertke, at 53.  Rather, Things Remembered personnel state that the idea for the Flower Candle Basket came from products that already existed in the showroom of an Asian distributor named Libra.  Bertke Deposition, at 37.  The parties also have submitted photographs of the Petals Sculptures and the Flower Candle Basket.

## ANALYSIS

At summary judgment, the movant must present evidence that demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to the non-moving party.  Any doubt as to the existence of a genuine issue for trial must be resolved against the movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

(1986). Once the movant has met its burden, the non-moving party must present evidence to show that issues of fact remain with respect to an issue essential to its case, and on which it will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

To establish copyright infringement, Design Ideas must show that: (1) it owned a valid copyright; and (2) Things Remembered copied original elements of the copyrighted work. Feist Publications, Inc., v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991); Wildlife Exp. Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 507 (7th Cir. 1994).

No issues of fact exist regarding the validity of Design Ideas' copyright. The 871 Registration Certificate is prima facie evidence that Design Ideas owns a valid copyright to the claimed work since it was issued within five years of the first publication of the works. Wildlife Exp. Corp., 18 F.3d at 507; Wihtol v. Wells, 231 F.2d 550, 553 (7th Cir. 1956). Things Remembered bears the burden to prove that the copyright is invalid. Balsamo/Olson Group, Inc. v. Bradley Place Ltd. Partnership, 966 F.Supp. 757, 760 (C.D. Ill. 1996).

Things Remembered fails to present evidence that the 871

Registration is an invalid copyright. Things Remembered argues that the 871 Registration is a "collective-work" copyright, which limits the copyright claim to the collective work of all the wire sculptures shown in the photographs attached to the 871 Registration, "without any rights in the individual wire flower sculptures depicted in the registration." <u>Things Remembered Motion</u>, at 14.

This issue is governed by Copyright Office Regulation § 202.3(b)(4)(i)(A). The regulation states:

> (4)  Registration as a single work.
>   (i)  For the purpose of registration on a single application and upon payment of a single registration fee, the following shall be considered a single work:
>     (A) In the case of published works: all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publications, and in which the copyright claimant is the same . . . .

37 C.F.R. § 202.3(b)(4)(i)(A).[2] In this case, the various individual wire sculptures are recognizable as self-contained works. They were all included for the first time in a single unit of publication in the January 4, 2000, Basic Book. The various wire sculptures, thus, met the requirements of the

---

[2]Subsection 202.3(b)(4) was renumbered in 2007. The subsection was previously numbered as § 202.3(b)(3). 72 Fed. Reg. 36883-01, 2007 WL 1944292 (July 6, 2007).

regulation and were each protected by the 871 Registration. See Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 204-06 (3ᵈ Cir. 2005); Gross v. NYP Holdings, Inc., 2007 WL 1040033, at *3 (S.D.N.Y. 2007). Things Remembered argues that the Basic Book does not count as a single unit of publication because it was not copyrighted. The Court disagrees. Nothing in the regulation requires the single unit of publication to be copyrighted as a whole. See Kay Berry, Inc., 421 F.3d at 206 (commercial catalog met single unit of publication requirement).

     Things Remembered also argues that the 871 Registration is invalid because Design Ideas is not the author of the work. Things Remembered argues that the manufacturer in China is the author. However, the author is the individual who exercised artistic control over the work and acts as the inventor or mastermind. JCW Investments, Inc. v. Novelty, Inc., 289 F.Supp.2d 1023, 1034 (N.D. Ill. 2003). Design Ideas' employee Walsh exercised the artistic control to make the fifteen drawings. The manufacturer just followed instructions and manufactured the samples according to those instructions. Things Remembered argues that the Walsh designs were not the same as the samples produced. However, the evidence shows that Walsh designed the sculptures. Design Ideas is the author.

Things Remembered also argues, without citation to any authority, that Design Ideas made material misrepresentations to the Copyright Office in the application for the 871 Registration. Things Remembered argues that Design Ideas misrepresented that it was the author. As explained above, the evidence shows that Design Ideas was the author. Things Remembered argues that Design Ideas falsely represented that work-made-for-hire was used. Work-made-for-hire includes work prepared by an employee within the scope of her employment. Billy-Bob Teeth, Inc. v. Novelty, Inc., 329 F.3d 586, 591 (7th Cir. 2003). Walsh's designs constituted work-made-for-hire. Thus, the representation in the application was accurate. Things Remembered has no evidence of any material misrepresentations. The 871 Registration is valid. Design Ideas is entitled to partial summary judgment on this issue. Fed. R. Civ. P. 56(d)(1).

Issues of fact, however, remain regarding whether Things Remembered copied the Petals Sculptures. An inference of copying can be drawn from evidence that: (1) Things Remembered had access to the protected work; and (2) the works are substantially similar. Roulo v. Russ Berrie & Co., Inc., 886 F.2d 931, 939 (7th Cir. 1989). Access may also be inferred from the similarities of the two products alone. Susan Wakeen Doll Co., Inc. v.

9

Ashton Drake Galleries, 272 F.3d 441, 450 (7th Cir. 2001). The test for substantial similarity "is whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." Atari, Inc. v. North American Philips Consumer Electronics Corp., 672 F.2d 607, 614 (7th Cir. 1982). Things Remembered can rebut the inference of copying by presenting evidence that it independently created the allegedly infringing work. Susan Wakeen Doll Co., Inc., 272 F.3d at 450.

Design Ideas has presented evidence that Things Remembered personnel had access to the copyrighted works. Things Remembered personnel, however, deny that they had any awareness of the Petal Sculptures. Design Ideas also argues the photographic evidence demonstrates that the Things Remembered flower sculptures are so similar to the Petals Sculptures that they are clearly copies. Things Remembered argues that any similarity only comes from the fact that both parties' sculptures depict with wire the common elements that naturally occur in flowers. Things Remembered, further, has presented evidence that its flower sculptures were independently created from designs that existed in the

showroom of a Asian distributor. In light of the conflicting evidence, issues of fact exist concerning whether Things Remembered copied the Petals Sculptures.

THEREFORE, Plaintiff's Motion for Summary Judgment (d/e 34) is ALLOWED in part, and Defendant's Motion for Summary Judgment (d/e 39) is DENIED. Partial summary judgment is entered in favor of Plaintiff and against Defendant on the issue that Design Ideas holds a valid copyright on its Petals Sculptures. Fed. R. Civ. P. 56(d)(1). The two Motions are otherwise denied.

IT IS THEREFORE SO ORDERED.

ENTER:   February 20, 2009

       FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE