IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  | |
|---|---|---|---|
| DESIGN IDEAS, LTD., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.  07-3077 | |
| | ) | | |
| THINGS REMEMBERED, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on: (1) Plaintiff Design Ideas, Ltd.'s (Design Ideas) Motion in Limine to Exclude Defendant Things Remembered, Inc. (Things Remembered) from Referring to Plaintiff's Actual Damages (d/e 55) (Motion 55); (2) Plaintiff's Motion in Limine to Preclude Defendant from Presenting Evidence, Cross Examination, or Argument Referring to Attorneys' Fees or Plaintiff's Fee Arrangement (d/e 56) (Motion 56); (3) Plaintiff's Motion in Limine to Preclude Defendant from Presenting Evidence, Cross Examination, or Argument Pertaining to Settlement Discussions Before the Jury (d/e 57) (Motion 57); (4) Plaintiff's Motion in Limine to Preclude Defendant from Presenting Evidence, Cross

1

Examination, or Argument Pertaining to Issues Decided on Summary Judgment (d/e 58) (Motion 58); (5) Plaintiff's Motion in Limine to Preclude Defendant from Presenting Evidence, Cross Examination or Argument Referencing Unrelated Copyright Disputes or Litigation Before the Jury (d/e 60) (Motion 60); (6) Plaintiff's Motion in Limine to Exclude Defendant's Damages Expert Regarding Certain Matters Disclosed in His Expert Report as Well as Any Mention of Defendant's Trademarks (d/e 63 & 75) (Motion 75); (7) Plaintiff's Motion in Limine to Exclude Defendant's Proposed Demonstrative Aids/Trial Exhibits 2 and 3 (d/e 66 & 74) (Motion 74); (8) Defendant's Motion in Limine to Exclude Evidence Regarding an Agency Relationship with AMC (d/e 59) (Motion 59); (9) Defendant's Motion in Limine to Exclude Evidence of Engraving Revenue (d/e 61) (Motion 61); and (10) Defendant's Motion in Limine to Exclude Evidence Regarding Kathleen Kraus (d/e 62) (Motion 62).  For the reasons set forth below, Motions 55, 56, 57, 58, and 60, are ALLOWED, Motion 75 is ALLOWED in part and DENIED in part, and Motions 59, 61, 62 and 74 are DENIED. The Court will address the Motions in order.

Things Remembered does not object to these Motions.  The Motions

are therefore allowed.

MOTION 57

Motion 57 is allowed. Design Ideas asks the Court to bar evidence of settlement discussions. Things Remembered argues that it intends to present evidence of settlement discussions to prove its affirmative defenses of laches and equitable estoppel. Specifically, Things Remembered wants to present evidence that: (1) in September 2004, Design Ideas first asserted to Things Remembered that Things Remembered's Flower Candle Basket infringed on Design Ideas' copyright; (2) the parties' attorneys corresponded regarding this matter for the next nine months; (3) the last letter from Design Ideas' attorney was May 10, 2005, to which Things Remembered's attorney responded by letter dated June 9, 2005; and (4) a letter from Design Ideas dated May 18, 2006, was the last communication to Things Remembered regarding this matter before this action was filed on March 16, 2007. <u>Defendant's Opposition to Plaintiff's Motion in Limine to Exclude Defendant from Presenting Evidence, Cross Examination or Argument Pertaining to Settlement Discussions Before the Jury (d/e 78)</u>, at 2-3.

Settlement discussions are not admissible to prove liability for, invalidity of, or amount of a claim. <u>Fed. R. Evid</u>. 408(a). Things

Remembered's defenses of laches and estoppel address the issue of Things Remembered's liability for Design Ideas' claim. Things Remembered, therefore, is barred from presenting evidence of settlement discussions for this purpose. Things Remembered has not identified any other purpose for using the settlement discussions. Motion 57 is, therefore, allowed and Things Remembered is barred from presenting evidence of settlement discussions.[1]

MOTION 59

Motion 59 is denied. Things Remembered asks the Court to bar evidence that Associated Merchandising Corporation (AMC) had an agency relationship with Things Remembered. Things Remembered states that it bought the alleged infringing product, the Flower Candle Basket, from AMC. Motion 59, at 1. Design Ideas states that AMC was Things Remembered's agent in the transactions. Plaintiff's Response to Defendant's Motion in Limine to Exclude Evidence Regarding an Agency Relationship with AMC (d/e 77), at 2-5. The relationship between AMC

---

[1]The Court notes that Rule 408 lists certain permitted uses for evidence of settlement discussions, including negating claims of undue delay. Fed. R. Evid. 408(b). Thus, Design Ideas may use evidence of settlement discussions to negate claims of undue delay. Should Design Ideas do so, Things Remembered may ask the Court, outside of the presence of the jury, for permission to present additional evidence of settlement discussions. The Court will determine at the time whether to allow such evidence.

and Things Remembered, therefore, may be relevant and disputed. The Court will not bar evidence of this relationship at this time.

Things Remembered is concerned about the testimony of a former AMC employee named Christina Sun. Things Remembered argues that if evidence of the relationship between the two companies is admitted, then the jury will attribute to Things Remembered certain statements that Sun made in her deposition. Things Remembered does not identify the statements at issue. The Court, therefore, cannot evaluate the potential prejudice. Furthermore, the request is over broad. Things Remembered's concerns about Sun's testimony, if valid, would justify limiting her testimony, not barring all evidence of the relationship between the two businesses. The Motion is denied.

MOTION 61

Motion 61 is denied. Things Remembered moves to bar Design Ideas from presenting evidence of engraving revenue. Design Ideas is seeking disgorgement of Things Remembered's profits. To recover disgorgement of profits, Design Ideas has the burden to prove gross revenues, and then, Things Remembered has the burden to prove deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

5

17 U.S.C. § 504(b). Design Ideas may present evidence of the revenue from engraving Flower Candle Baskets if Design Ideas can show a nexus between the infringement of its copyright and the revenues from the engraving of the infringing products. See Taylor v. Meirick, 712 F.2d 1112, 1121 (7th Cir. 1983). At this point, the Court cannot determine whether Design Ideas can present evidence of the nexus, and so, will not bar evidence of the engraving revenue in limine.

MOTION 62

Motion 62 is denied. Things Remembered asks the Court to bar Design Ideas from presenting any evidence about a former Things Remembered employee Kathleen Klaus. Design Ideas intends to present evidence that someone at Things Remembered ordered picture frames from Design Ideas in 2001. Design Ideas shipped the frames and a copy of its catalog to Things Remembered. The catalog included pictures of Design Ideas copyrighted Petals Sculptures and Petals Selections at issue in this case. At that time, Klaus was responsible for evaluating samples of picture frames as possible products for Things Remembered. Klaus' office was in close physical proximity to the office of Stacey Bertke, one of the people responsible for developing the Flower Candle Basket. Design Ideas wishes

to present this evidence to show circumstantially that Bertke may have had access to the Design Ideas catalog with the pictures of the Design Ideas' products at issue. The Court will not bar Design Ideas from doing this.

Things Remembered argues that this evidence is speculative and that it should not be put to the expense of bringing Klaus to Springfield to testify about this matter. Things Remembered represents that Klaus lives in North Carolina and does not work for Things Remembered anymore. The evidence is circumstantial, but is not speculative. The frames were ordered, and Design Ideas shipped the frames and the catalog to Things Remembered. Klaus was the person at Things Remembered responsible for ordering samples of frames. A jury could infer that she received the catalog. Klaus stated in her Affidavit that she did not remember Design Ideas and did not remember ordering any picture frames from Design Ideas. Klaus's lack of memory does not contradict the inference that a jury could draw. The Motion is Limine is denied.

MOTION 74

Motion 74 is denied. Design Ideas asks the Court to bar Things Remembered's Demonstrative Aids/Trial Exhibits 2 and 3. Design Ideas argues that Exhibits 2 and 3 are confusing and prejudicial. The two exhibits

7

contain photographs of each wire flower sculpture on the Flower Candle Basket as a separate unique sculpture. The exhibits show five Things Remembered sunflowers, five Things Remembered daisies, and seven Things Remembered pansies. Design Ideas argues that the Things Remembered sculptures for each flower are all the same, so the Flower Candle Basket really contained multiple copies of only one sunflower sculpture, one daisy sculpture, and one pansy sculpture. Design Ideas argues that Things Remembered should not be allowed to present to the jury the demonstrative exhibits that show seventeen different Things Remembered wire sculptures. The Court has reviewed Exhibits 2 and 3 and finds that there are some slight differences between the various Things Remembered wire sculptures. The Court, therefore, will not bar Exhibits 2 and 3. Design Ideas is free to present the actual objects and its own demonstrative exhibits, and to argue that there is no difference. The jury can then decide.

### MOTION 75

Motion 75 is allowed in part and denied in part. Design Ideas asks the Court to bar the opinions of Things Remembered's damages expert Lewis Koppel. Design Ideas argues that Koppel is not qualified to render opinions on damages in this case and that his opinions are not based on

sufficient data and are not the product of reliable principles and methods. This Court is required to perform a gate-keeping function to determine whether a party's proposed expert is qualified and whether his opinions have a proper basis and will assist the trier of fact. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593 (1993).

Design Ideas has presented Koppel's Rule 26 expert report. Motion 75, Exhibit A, Expert Rebuttal Report on Damages, dated October 15, 2008 (d/e 69) (Koppel Report). Koppel is a certified public accountant and a chemist. He has testified as an expert witness in other intellectual property cases. The Court finds that he is qualified to offer expert opinions about the calculation of Design Ideas' damages.

In the first part of his report, Koppel offered opinions concerning the validity of the opinions of Design Ideas' expert Wayne Bragg. Koppel Report, at 6-14. Design Ideas does not discuss these opinions in Motion 75. The Court, therefore, makes no further rulings on these opinions at this time.

Koppel opined that Things Remembered's total revenues from the sale of the Flower Candle Baskets were $1,102,562.00 and the gross profits were

9

$719,831.00. He based this opinion on Things Remembered's records of total revenues less costs of goods. Koppel Report, Exhibit 10. This is a reasonable basis for his opinion. Design Ideas again disputes Koppel's opinion. Design Ideas can present its evidence, and the jury can decide what to believe.

Koppel then offered opinions about profits that are attributable to Things Remembered's infringement of Design Ideas' copyright. For purposes of the Motion, the Court assumes that Design Ideas can establish infringement. Koppel opined that all of Things Remembered's profits on the Flower Candle Basket were attributable to factors other than the infringement of Design Ideas' copyright. Koppel Report, at 15-16. This opinion is baseless and is barred. Koppel compared Things Remembered's profit margin on the Flower Candle Basket with its profit margin on a similar product called a Star Candle Basket. Koppel determined that the profit margins were the same, so he concluded that the infringement of Design Ideas' copyright had no impact on Things Remembered's profits. This makes no sense. The Star Candle Basket and the Flower Candle Basket are decorative baskets that hold candles. The fact that they had similar profit margins, at best, implied that the decorations on each product

contributed similar amounts to the profits, but the comparison does not provide any information about the amount of the profits attributable to the decorations on either basket. Thus, the evidence on which Koppel relied does not support his conclusion. This opinion is barred.

Koppel next opined that $111,141.00 of the profits from the sale of Flower Candle Baskets were attributable to the candles in the Flower Candle Basket, and were not attributable to the infringement of Design Ideas' copyright. Koppel Report, at 16. Koppel based his opinion on Ellen Frank's estimate that Things Remembered paid $0.10 to $0.11 for each candle. Koppel Report, 16 n.56. Frank was Things Remembered's Director of Merchandising. Koppel Report, at 12. The Flower Candle Baskets held eight candles each. Koppel determined Things Remembered's profit margin on the Flower Candle Baskets by subtracting the costs of the goods from the total revenue. He then calculated the profits on the sale of the candles by assuming that the candles could be sold at the same profit margin as the Flower Candle Basket. Koppel Report, Exhibit 6.

Design Ideas complains that Koppel had no factual basis for this opinion. The Court agrees. Koppel and Things Remembered presented no evidence to show how Frank came up with the cost estimate of $0.10 to

11

$0.11 per candle. Things Remembered paid the manufacturer a flat sum for each completed Flower Candle Basket, including the candles, without any allocation of the price between the components. Things Remembered and Koppel provided no other explanation of Frank's cost estimate. Without some evidence to explain Frank's estimate, this entire analysis is speculation. The opinion is barred.

Koppel next opined that Things Remembered's profits from engraving were not attributable to the infringed copyright. Koppel Report, at 16. Koppel bases this opinion on evidence that Things Remembered offered engraving services to personalize everything it sold, not just the Flower Candle Basket. Things Remembered, further, priced engraving separately and accounted for engraving revenues separately. Id., at 13-15. This evidence provided a sufficient basis for Koppel's opinion that engraving revenues and profits should be considered separately. Koppel, thus, may offer this opinion.

Koppel next opined that profits attributable to Things Remembered's trademarks were not attributable to infringement of Design Ideas' copyright. Koppel Report, at 16. Koppel stated that Things Remembered's trademark added value to the Flower Candle Basket and so contributed to its profits

12

from the sale. Koppel, however, did not express an opinion concerning the portion of the profits that were attributable to Things Remembered's trademarks. He stated that some businesses pay licensing fees to license a trademark. He then listed five examples. Koppel, however, did not arrive at an opinion regarding correct percentage of total revenues or profits that would be attributable to Things Remembered's trademarks in this case. Without such an expert opinion, his general observations would not assist the jury. Rather, the jury would be left to speculate. This opinion is, therefore, barred.

Design Ideas also asked the Court to exclude all evidence of Things Remembered's trademarks. This request is allowed in part. Koppel may not discuss Things Remembered's trademarks because his opinions regarding those trademarks are barred. Before presenting evidence regarding its trademarks for some other purpose, Things Remembered must first request permission of the Court outside of the presence of the jury.

Koppel then opined that certain additional costs should be deducted from gross revenues. Koppel opined, if engraving revenues are included in gross revenues from the Flower Candle Baskets, then the labor costs associated with engraving should be deducted from gross revenues. Koppel

13

Report, at 17. Koppel lacked a sufficient factual basis for his estimate of the labor costs. He based his opinion on one event that did not involve a Flower Candle Basket. He personally purchased a different product at a Things Remembered store and had it engraved. He timed the person who performed the engraving. He determined that the person took four minutes to perform the engraving. He then concluded that each engraving took four minutes. One piece of anecdotal evidence is not a sufficient basis on which to estimate the labor costs for thousands of engravings. This opinion is barred.

Koppel then opined that Things Remembered's net working capital should be deducted from gross revenues. Koppel Report, at 18. Koppel, however, provided no opinion on the value of Things Remembered's net working capital. Without some further analysis, Koppel's observation will not assist the jury. The opinion is barred.

Koppel opined that the costs of credit card transactions should be deducted from gross revenues. Koppel Report, at 18. Koppel may express this opinion. Things Remembered paid a fee for every credit card sale referred to as a credit card discount. Koppel assumed the percentage of Flower Candle Basket sales made by credit card was the same as the

percentage of Things Remembered's total sales made by credit card. Koppel then applied this percentage to the total sales of Flower Candle Baskets to calculate the percentage of Flower Candle Basket sales subject to the credit card discount. Koppel then estimated the value of the credit card discount attributable to the estimated Flower Candle Basket credit card sales. <u>Koppel Report</u>, Exhibit 8. This was a reasonable method of estimating the amount of the credit card discount attributable to the Flower Candle Basket. Design Ideas disputes Koppel's opinion. Design Ideas can present its evidence, and the jury can decide what to believe.

Finally, Koppel opined that, if Things Remembered's engraving revenue is included in the gross revenue for the Flower Candle Baskets, then its costs for engraving equipment should be deducted from those gross revenues. Koppel calculated the ratio of Flower Candle Basket engraving sales to total engraving sales and applied that ratio to Things Remembered's annual depreciation of engraving equipment to estimate the percentage of that depreciation attributable to Flower Candle Basket engravings. Koppel calculated the expense to be $11,796.00. <u>Koppel Report</u>, Exhibit 9. Koppel can express this opinion. Again, Design Ideas disputes Koppel's opinion. Design Ideas can present its evidence, and the jury can decide what to

15

believe.

THEREFORE, (1) Plaintiff's Motion in Limine to Exclude Defendant from Referring to Plaintiff's Actual Damages (d/e 55) (Motion 55) is ALLOWED; (2) Plaintiff's Motion in Limine to Preclude Defendant from Presenting Evidence, Cross Examination, or Argument Referring to Attorneys' Fees or Plaintiff's Fee Arrangement (d/e 56) is ALLOWED; (3) Plaintiff's Motion in Limine to Preclude Defendant from Presenting Evidence, Cross Examination, or Argument Pertaining to Settlement Discussions Before the Jury (d/e 57) is ALLOWED; (4) Plaintiff's Motion in Limine to Preclude Defendant from Presenting Evidence, Cross Examination, or Argument Pertaining to Issues Decided on Summary Judgment (d/e 58) is ALLOWED; (5) Plaintiff's Motion in Limine to Preclude Defendant from Presenting Evidence Cross Examination, or Argument Referencing Unrelated Copyright Disputes or Litigation Before the Jury (d/e 60) is ALLOWED; (6) Plaintiff's Motion in Limine to Exclude Defendant's Damages Expert Regarding Certain Matters Disclosed in His Expert Report as Well as Any Mention of Defendant's Trademarks (d/e 63 & 75) is ALLOWED in part and DENIED in part; (7) Plaintiff's Motion in Limine to Exclude Defendant's Proposed Demonstrative Aids/Trial Exhibits

2 and 3 (d/e 66 & 74) is DENIED; (8) Defendant's Motion in Limine to Exclude Evidence Regarding an Agency Relationship with AMC (d/e 59) is DENIED; (9) Defendant's Motion in Limine to Exclude Evidence of Engraving Revenue (d/e 61) is DENIED; and (10) Defendant's Motion in Limine to Exclude Evidence Regarding Kathleen Kraus (d/e 62) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: May 6, 2009

        FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE