IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DESIGN IDEAS, LTD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3077 |
| | ) | |
| THINGS REMEMBERED, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Things Remembered, Inc.'s (Things Remembered) Renewed Motion for Judgment as a Matter of Law on Non-infringement and Alternative Motion for New Trial and/or Remittitur (d/e 102); Plaintiff Design Ideas, Ltd.'s (Design Ideas) Motion for Judgment as a Matter of Law on Engraving Profits (d/e 104); and the parties' Stipulation of Dismissal of Bifurcated Patent Claim (d/e 105). On November 3, 2009, a jury returned a verdict that Things Remembered willfully infringed on Design Ideas' copyrights for its Petals Sculptures (Petals) and Selection of three Petals sculpture designs (Selection) by copying the Petals' designs and the Selection on Things

1

Remembered's product known as a Flower Candle Basket (Basket). Jury Verdict (d/e 96). The jury awarded damages in the sum of $774,194.00. Things Remembered now asks for judgment as a matter of law or, alternatively, for a new trial and/or a remittitur on the damage award. Design Ideas asks for judgment as a matter of law for additional damages. For the reasons set forth below, both Motions are DENIED. The Court addresses each Motion separately.

I. THINGS REMEMBERED'S MOTION

A. Judgment as a Matter of Law

The Court must grant a motion for judgment as a matter of law if, "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The Court must view all of the evidence in the record in the light most favorable to Design Ideas. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

Things Remembered asks for judgment as a matter of law on the ground that Design Ideas failed to present sufficient evidence to establish infringement. To establish its case, Design Ideas has to prove: (1)

ownership of a valid copyright and (2) copying of constituent original elements of the copyrighted work. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Copying may be inferred if there is evidence that the defendant had access to the copyrighted work and that the accused work is substantially similar to the copyrighted work. Atari, Inc. v. North American Philips Consumer Electronics Corp., 672 F.2d 607, 614 (7th Cir. 1982). An accused work is substantially similar if it is so similar that an ordinary reasonable person would conclude that the defendant appropriated the plaintiff's protectable expression by taking material of substance and value. Id. Design Ideas argued to the jury that copying was proven because: (1) the designs on the Basket were substantially similar to both Petals' design and to the Selection; and (2) Things Remembered had access to the copyrighted work.

Things Remembered argues that it is entitled to judgment as a matter of law because: (1) the designs on the Basket were not substantially similar to any of the Petals' designs or to the Selection; and (2) Design Ideas failed to present sufficient evidence that the designer of the Basket had access to any of the Petals' designs or the Selection. However, reasonable minds could disagree on whether the Basket was substantially similar to the Petals

and Selection. Design Ideas presented enough evidence to create an issue of fact for the jury. The jury was properly instructed on the law and inspected the objects accordingly. The jury found infringement, which indicates that the jury determined that the Basket was substantially similar. The Court will not overturn that decision.

Design Ideas also presented evidence that Things Remembered had access to the copyrighted work. Design Ideas mailed a catalog to Things Remembered that contained the copyrighted work. The catalog was addressed to Things Remembered's old offices that had been located next door to its then current offices. A jury could have concluded that the Post Office delivered the catalog to Things Remembered's offices next door under those circumstances. This was sufficient evidence of access for purposes of this Motion.

Things Remembered argues that the designer of the Basket was a company in China identified as Libri. Things Remembered argues that Design Ideas failed to present evidence that Libri had access to the copyrighted Petals and Selection. Again, the Court disagrees. Things Remembered's agent in China, Christina Sun, testified by video deposition. Her testimony was somewhat confusing; however, she testified at one point

that Things Remembered's employee Stacey Bertke sent the design for the Basket to Libri. Bertke denied sending the design, but this conflict in the evidence was a matter for the jury to decide. Sun's testimony was sufficient to show access for purposes of the Motion. The request for judgment as a matter of law is denied.

B. New Trial and/or Remittitur

In the alternative, Things Remembered asks for a new trial on damages. Things Remembered argues that the damages' award was excessive under the facts. Design Ideas sought disgorgement of Things Remembered's profits as a remedy in this case. The injured party in an infringement case is entitled to seek disgorgement of the infringer's profits attributable to the infringement. 17 U.S.C. § 504(b). Design Ideas' expert, Wayne Bragg, testified that Things Remembered made $774,194.00 in profits on the sales of the Baskets and $492,727.00 in profits on the services provided to engrave messages on the Baskets. The jury awarded the full amount of the profits from the sales of the Baskets, $774,194.00.

Things Remembered argues that awarding the full amount was excessive because: (1) this Court determined as a matter of law that three of the flower sculptures on the Basket did not infringe on any of the three

Petals' designs or the Selection; and (2) Things Remembered presented evidence that the sales of the Baskets were attributable to aspects of the Basket that did not infringe, such as the heart shape, the candles, and the large engraving plate on the top. Things Remembered argues that some of the profits were attributable to the three sculptures that did not infringe and some of the profits were attributable to the other non-infringing elements of the Basket, such as the shape, the candles, and the engraving plate.

The Court will not upset the jury's award of profits when there is a reasonable basis in the record to support the award. McRoberts Software, Inc. v. Media 100, Inc., 329 F.3d 557, 566 (7th Cir. 2003). In this case, the jury could have reasonably concluded that the Baskets sold because of the infringing designs. As such, all of the profits were attributable to the infringement. There is a reasonable basis in the record to support this interpretation of the verdict. The Court, therefore, will not order a new trial or issue a remittitur.

II. DESIGN IDEAS' MOTION

Design Ideas moves for judgment as a matter of law that it should be entitled to recover the $492,727.00 in profits on the services provided to engrave messages on the Baskets. Design Ideas argues that Things

Remembered only made the engraving profits because it sold the Baskets. The jury, however, concluded that the engraving profits were attributable to the engraving services and not the infringement. Things Remembered presented evidence that the engraving services were sold separately and treated separately in Things Remembered's internal accounting. This evidence supported the distinction drawn by the jury. The Court, therefore, will not upset this aspect of the verdict either.

THEREFORE, Defendant Things Remembered, Inc.'s Renewed Motion for Judgment as a Matter of Law on Non-infringement and Alternative Motion for New Trial and/or Remittitur (d/e 102), and Plaintiff Design Ideas, Ltd.'s Motion for Judgment as a Matter of Law on Engraving Profits (d/e 104) are DENIED. Pursuant to the Stipulation of Dismissal of Bifurcated Patent Claim (d/e 105), Count II of the Complaint is dismissed. The Clerk is directed to enter final judgment. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: January 6, 2010

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE